JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RICHARD DUNCAN

### DEFENDANTS

OMNI INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff  MONTGOMERY, PENNSYLVANIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  COBB, GEORGIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Kevin P. Kelly, Esquire
KELLY & HERRON, P.C.
1500 Market Street, Centre Square – West Tower, Suite W-3110
Philadelphia, PA 19102
(215) 972-1500

James C. Haggerty, Esquire
HAGGERTY GOLDBERG SCHLEIFER & KUPERSMITH, P.C.
1835 Market Street, Suite 2700, Philadelphia, PA 19103
(267) 350-6600

Attorneys (If Known)

R. Bruce Morrison, Esquire
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
2000 Market Street, Suite 2300, Philadelphia, PA  19103
(215) 575-2600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government  Plaintiff

☐ 2. U.S. Government  Defendant

☐ 3. Federal Question  (U.S. Government Not a Party)

☒ 4. Diversity  (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT

☒ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits.
☐ 160 Stockholder's Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 195 Franchise

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury – Med Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing / Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities – Employment
☐ 445 Amer. w/Disabilities – Other
☐ 440 Other Civil Rights

### FORFEITURE / PENALTY

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### PRISONER PETITIONS

☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another District (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes un
28 U.S.C. 1332; 28 U.S.C. 1441 and 1446
Brief description of cause:
Bad faith

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint.
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S)
IF ANY**          (See instructions)     JUDGE _____     DOCKET NUMBER _____

DATE  April 1, 2016          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff     1300 Pennsylvania Avenue, Apartment H-3, Oreland, PA 19075

Address of Defendant     2018 Powers Ferry Road, Suite 400, Atlanta, GA 30339

Place of Accident, Incident or Transaction     Philadelphia, Pennsylvania
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))     Yes ☒  No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A.   *Federal Question Cases:*

1.   ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2.   ☐ FELA
3.   ☐ Jones Act-Personal Injury
4.   ☐ Antitrust
5.   ☐ Patent
6.   ☐ Labor-Management Relations
7.   ☐ Civil Rights
8.   ☐ Habeas Corpus
9.   ☐ Securities Act(s) Cases
10.  ☐ Social Security Review Cases
11.  ☐ All other Federal Question Cases
(Please specify)

B.   *Diversity Jurisdiction Cases*

1.   ☒ Insurance Contract and Other Contracts
2.   ☐ Airplane Personal Injury
3.   ☐ Assault, Defamation
4.   ☐ Marine Personal Injury
5.   ☐ Motor Vehicle Personal Injury
6.   ☐ Other Personal Injury (Please specify)
7.   ☐ Products Liability
8.   ☐ Products Liability – Asbestos
9.   ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE _____    _____    _____
                          Attorney-at-Law        Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE April 1, 2016    _____    34797
                       Attorney-at-Law       Attorney I.D. #

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Richard Duncan** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **Omni Insurance Company** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.  ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.  ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)  ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.  (x)

| | | |
|---|---|---|
| April 1, 2016 | R. Bruce Morrison, Esquire | DEFENDANT |
| Date | | Attorney for |

| | | |
|---|---|---|
| 215-575-2600 | 215-575-0856 | rbmorrison@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD DUNCAN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. |
| | : | |
| OMNI INSURANCE COMPANY | : | |
| | : | |
| | : | |
| Defendant. | : | |

### NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Omni Insurance Company ("Omni" and/or "Defendant"), by and through its

attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby files this Notice of Removal

of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is now

pending, to the United States District Court for the Eastern District of Pennsylvania on the basis of

diversity jurisdiction and, in support thereof, avers as follows:

1.     Plaintiff, Richard Duncan, commenced this action against Defendant by

Complaint filed on or about March 8, 2016 in the Court of Common Pleas of Philadelphia

County, Pennsylvania, docketed as March Term, 2016, No. 000267.  (A copy of Plaintiff's

Complaint is attached hereto and marked as Exhibit "A").

2.     The Complaint was served upon Defendant in Atlanta, Georgia by Certified Mail,

Return Receipt Requested, on or about March 11, 2016 (A copy of the Affidavit of Service of

Plaintiff's Complaint upon Defendant is attached hereto and marked as Exhibit "B").

3.      The Complaint states that Plaintiff, Richard Duncan, was at all relevant times a resident of the Commonwealth of Pennsylvania residing at 1300 Pennsylvania Avenue, Apartment H-3, Oreland, PA 19075.  (Exhibit "A", ¶ 1).

4.      Defendant, Omni Insurance Company, is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 2018 Powers Ferry Road, Suite 400, Atlanta, Georgia 30339.

5.      Plaintiff's Complaint asserts claims for alleged bad faith (excess verdict) and bad faith (common law and statutory pursuant to 42 Pa. C.S.A. § 8371). .  (Exhibit "A").

6.      Based upon the allegations of Plaintiff's Complaint, the amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as Plaintiff has demanded payment of $28,000 (the award of the arbitrators in the underlying tort action) as well as judgment against Defendant for claims of alleged bad faith, including attorneys fees and punitive damages, in an amount in excess of $50,000 in both Count I and Count II of the Complaint.  See Exhibit "A".

7.      As such, this Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

8.      The present lawsuit is accordingly removable from the state court to the United States District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

9.      This Notice of Removal has been filed within thirty (30) days after receipt by Defendant of the Complaint in accordance with 28 U.S.C. § 1446(b).

10.     Written notice of the filing of this Notice of Removal has been given to the adverse party in accordance with 28 U.S.C. §1446(d) and as noted in the attached Certificate of Service.

11.     Promptly after filing with this Honorable Court and with the assignment of a Civil Action Number, a copy of this Notice of this Removal will be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

12.     Copies of all process, pleadings and other Orders which have been received by Defendant in this action are filed herewith.

**WHEREFORE**, Defendant, Omni Insurance Company, respectfully requests that it may effect the Removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted:

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____
        R. BRUCE MORRISON, ESQUIRE
        PA Attorney I.D. No. 34797
        2000 Market Street, Suite 2300
        Philadelphia, PA 19103
        215-575-2600/ 215-575-0856 (F)
        rbmorrison@mdwcg.com
        *Attorney for Defendant*

Dated: April 1, 2016

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD DUNCAN                          :
                                        :   CIVIL ACTION
            Plaintiff,                  :
                                        :
       v.                               :   NO.
                                        :
OMNI INSURANCE COMPANY                  :
                                        :
                                        :
            Defendant.                  :

## CERTIFICATION

I, R. Bruce Morrison, Esquire, hereby certify that the facts set forth in the foregoing

Notice of Removal are true and correct to the best of my knowledge, information and belief.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
      R. BRUCE MORRISON, ESQUIRE
      *Attorneys for Defendant*

Dated: _____

## CERTIFICATE OF SERVICE

I, R. Bruce Morrison, Esquire, attorney for Defendant, hereby certify that a true and correct copy of the foregoing Notice of Removal and was served upon the following parties via U.S. Mail, postage prepaid, on the below date:

Kevin P. Kelly, Esquire
KELLY & HERRON, P.C.
1500 Market Street
Centre Square – West Tower
Suite W-3110
Philadelphia, PA 19102
*Attorney for Plaintiff*

James C. Haggerty, Esquire
HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
1835 Market Street, Suite 2700
Philadelphia, PA 19103
*Attorney for Plaintiff*

R. Bruce Morrison

Dated: April 1, 2016

# EXHIBIT "A"

| RICHARD DUNCAN | : IN THE COURT OF COMMON PLEAS |
|---|---|
| 1300 Pennsylvania Avenue | : PHILADELPHIA COUNTY, PENNSYLVANIA |
| Apartment H-3 | : |
| Oreland, PA 19075 | : |
| | : |
| v. | : TERM, 2016 |
| | : |
| OMNI INSURANCE COMPANY | : NO. |
| 2018 Powers Ferry Road, Suite 400 | : |
| Atlanta, GA 30339 | : |

*Filed and Attested by the Office of Judicial Records 08 MAR 2016 02:55 pm K. EDWARDS*

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandos expuestas en las páginas sigiuentes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder diner o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 Telephone: 215-238-1701 | ASOCIACIÓN DE LA LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Teléfono: 215-238-1701 |

Case ID: 160300267

RICHARD DUNCAN : IN THE COURT OF COMMON PLEAS
1300 Pennsylvania Avenue : PHILADELPHIA COUNTY, PENNSYLVANIA
Apartment H-3 :
Oreland, PA 19075 :
　 :
　　　　v. : TERM, 2016
　 :
OMNI INSURANCE COMPANY : NO.
2018 Powers Ferry Road, Suite 400 :
Atlanta, GA 30339 :

## CIVIL ACTION -- COMPLAINT

　　　1.　　The plaintiff, Richard Duncan, is an adult individual resident and citizen of the Commonwealth of Pennsylvania residing at 1300 Pennsylvania Avenue, Apartment H-3, Oreland, Pennsylvania 19075

　　　2.　　The defendant, Omni Insurance Company ("Omni"), is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located in Atlanta, Georgia, being duly authorized to and conducting business in the Commonwealth of Pennsylvania.

　　　3.　　The defendant, Omni, regularly and routinely conducted business in the City and County of Philadelphia.

　　　4.　　On October 8, 2012 the plaintiff, Richard Duncan, was a passenger on board the SEPTA Route "47" bus when it was violently struck by a motor vehicle owned by Shameka Renee Lamar and operated by Chris Aaron at or near the intersection of 8th and Dickenson Streets in Philadelphia, Pennsylvania.

　　　5.　　The plaintiff, Richard Duncan, sustained personal injury in the collision.

　　　6.　　At the time of the accident there existed, in full force and effect, a policy of insurance issued by the defendant, Omni, to Shameka Renee Lamar providing coverage in

1

accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

7.    The policy of insurance issued by the defendant, Omni, to Shameka Renee Lamar provided coverage for the motor vehicle being operated by Chris Aaron at the time of the October 8, 2012 collision.

8.    Following the motor vehicle accident, the plaintiff, Richard Duncan, made claim upon Chris Aaron, Shameka Renee Lamar and the defendant, Omni, seeking recovery of damages in tort.

9.    By letter dated July 1, 2014 counsel for the plaintiff, Richard Duncan, wrote to the defendant, Omni, providing all information regarding liability and damages with respect to the claims arising from the October 8, 2012 collision. A true and correct copy of the July 1, 2014 letter from counsel for the plaintiff, Richard Duncan, is attached hereto and marked Exhibit "A".

10.    By letter dated July 8, 2014 the defendant, Omni, wrote to counsel for the plaintiff, Richard Duncan, denying and disclaiming all coverage for the loss on the basis that the vehicle owned by Shameka Renee Lamar and insured by the defendant, Omni, was being operated by an unlicensed driver at the time of the collision. A true and correct copy of the July 8, 2014 letter from Andrew Funk, Bodily Injury Supervisor of the defendant, Omni, is attached hereto and marked Exhibit "B".

11.    In the letter of July 8, 2014, Andrew Funk, Bodily Injury Supervisor of the defendant, Omni, advised counsel for the plaintiff, Richard Duncan:

> Omni Insurance Company has completed its investigation into the above captioned loss. We have determined there is no coverage, as the insured vehicle was being operated by an unlicensed driver.

2

The policy reads in Part A-Liability Coverage, that an "Insured as used in this Part means: 3.A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at the time of the loss and must not be a regular operator of your covered auto." Additionally, Exclusion 16 reads in pertinent part: "We do not provide Liability Coverage for any insured: 16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who: c. Does not have a valid driver's license; or d. Has a suspended or revoked driver's license." Our investigation has revealed that the vehicle operator did not have a valid license.

Due to the insured vehicle being operated by an unlicensed driver, Omni Insurance Company will be unable to provide liability coverage, or make any payments relative to damages that may have resulted in the accident.

See Exhibit "B".

12.     In denying and disclaiming coverage for the claims arising from the October 8, 2012 collision, the defendant, Omni, knowingly and recklessly ignored § 1574 of the Pennsylvania Motor Vehicle Code.  75 Pa.C.S.A. § 1574.

13.     Section 1574 of the Pennsylvania Motor Vehicle Code provides:

(a) **General Rule.** – No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this Chapter or who is not licensed for the type or class of vehicle to be driven.

(b) **Penalty.** – Any person violating the provisions subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle.

75 Pa.C.S.A. § 1574.

14.     The plaintiff, Richard Duncan, thereafter instituted suit against Chris Aaron and Shameka Renee Lamar in the Court of Common Pleas of Philadelphia County (Richard Duncan v. Chris Aaron and Shameka Renee Lamar, September Term, 2014, No. 0479).  A true and correct copy of the Complaint is attached hereto and marked Exhibit "C".

3

15.    In the Complaint in the underlying tort action, the plaintiff, Richard Duncan, specifically made claim against Shameka Renee Lamar for recovery of damages as a result of allowing an unlicensed driver to operate her vehicle.

16.    In the Complaint, the plaintiff, Richard Duncan, specifically averred:

13. The aforesaid collision, which caused Plaintiff's injuries and losses was a direct and proximate result of the negligent and careless conduct of the defendant owner, Shameka Renee Lamar, which consisted of the following:

a)    failing to exercise due care for the rights, safety and position of the plaintiff at the location aforesaid;
b)    failing to maintain the vehicle in proper working order;
c)    negligently and carelessly granting permission to the defendant driver for the use of the vehicle owned by the defendant owner, when the latter defendant knew or should have known that the former defendant was unlicensed and/or incapable or unwilling to properly and safely operate said vehicle.

See Exhibit "C", ¶ 13.

17.    The defendant, Omni, did not provide a defense to Chris Aaron and/or Shameka Renee Lamar in the action instituted by the plaintiff, Richard Duncan, in the Court of Common of Philadelphia County.

18.    The defendant, Omni, did not agree to indemnify Chris Aaron and/or Shameka Renee Lamar in the action instituted by the plaintiff, Richard Duncan, in the Court of Common of Philadelphia County.

19.    The plaintiff, Richard Duncan, proceeded to arbitration in the underlying tort action in the Court of Common Pleas of Philadelphia County.

20.    An Arbitration Hearing was conducted in the underlying tort action in the Court of Common Pleas of Philadelphia County on June 3, 2015.

21.    Following the Arbitration Hearing in the underlying tort action, the arbitrators entered a Report and Award of Arbitrators in favor of the plaintiff, Richard Duncan, and against Chris Aaron and Shameka Renee Lamar. A true and correct copy of the Report and Award of Arbitrators is attached hereto as Exhibit "D".

22.    The Report and Award of Arbitrators entered in the underlying tort action provides:

> Judgment for Plaintiff and against Defendants, Chris Aaron and Shameka Renee Lamar, in the amount of $28,000.00 ($13,000.00 for medicals and $15,000.00 for pain and suffering).

See Exhibit "D".

23.    The plaintiff, Richard Duncan, thereafter entered Judgment on the Arbitration Award against Chris Aaron and Shameka Renee Lamar. A true and correct copy of the Praecipe to Enter Judgment is attached hereto and marked Exhibit "E".

24.    The defendant, Omni, has not satisfied the Judgment.

25.    The plaintiff, Richard Duncan, thereafter obtained from Shameka Renee Lamar an Assignment of all claims and rights against the defendant, Omni. A true and correct copy of the Assignment is attached hereto and marked Exhibit "F".

26.    .The defendant, Omni, acted in bad faith in refusing to defend and indemnify Shameka Renee Lamar in the underlying tort action.

27.    The defendant, Omni, is responsible for payment of the entire Judgment entered in the underlying tort action against Shameka Renee Lamar plus interest and delay damages.

28.    The defendant, Omni, is obligated to make payment of interest, counsel fees, costs and punitive damages in connection with its wanton, willful and reckless failure to defend and indemnify Shameka Renee Lamar in the underlying tort action.

5

## COUNT I
### (Bad Faith – Excess Verdict)

29.     The plaintiff, Richard Duncan, hereby incorporates by reference the foregoing Paragraphs 1 through 28 of this Complaint as though same were fully set forth herein.

30.     The defendant, Omni, is obligated to make payment of the $28,000.00 Judgment entered in the underlying tort action, plus interest and delay damages as a result of its wanton, willful and reckless failure to defend and indemnify Shameka Renee Lamar in the underlying tort action.

31.     The defendant, Omni, failed to defend and indemnify Shameka Renee Lamar in the underlying tort action in direct contravention of the policy of insurance and the requirements of the Pennsylvania Motor Vehicle Code.

32.     The defendant, Omni, breached the express and implied terms, provisions, promises and covenants of the policy of insurance by, *inter alia*:

(a)     engaging in unfair or deceptive acts or practices;

(b)     failing to fully, fairly and promptly evaluate the coverage issues;

(c)     failing to provide a defense to Shameka Renee Lamar in the underlying tort action;

(d)     failing to indemnify Shameka Renee Lamar in the underlying tort action;

(e)     failing to make payment of the $28,000.00 Judgment entered in the underlying tort action plus interest and delay damages;

(f)     failing to continue to fully, fairly and promptly evaluate the coverage issues arising out of the October 8, 2012 collision;

(g)     failing to effect a prompt and fair settlement of the claims in the underlying tort action;

(h)     failing to properly and fairly resolve the claims asserted in the underlying tort action;

6

(i)     failing to comply with the terms and provisions of the policy of insurance;

(j)     ignoring § 1574 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 1574;

(k)     breaching the implied covenant of good faith and fair dealing in the policy of insurance;

(l)     violating the Unfair Insurance Practice Act, 40 P.S. § 1171.1 et seq.;

(m)     acting in dilatory and obdurate manner in handling and evaluating the claims arising out of the October 8, 2012 motor vehicle accident;

(n)     wantonly and willfully disregarding the rights of Shameka Renee Lamar;

(o)     elevating its own interests above those of Shameka Renee Lamar;

(p)     recklessly disregarding the rights of Shameka Renee Lamar by misinterpreting and misconstruing the policy so as to deny and disclaim coverage;

(q)     violating the Unfair Claims Settlement Practices, 31 Pa. Code § 146.1 et seq.;

(r)     violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

(s)     violating its own internal policies, procedures, practices and guidelines for the handling and evaluation of coverage issues; and,

(t)     such other acts or omissions as may be developed during discovery.


33.     As a result of the breach of the expressed and implied terms, provisions, promises and covenants of the policy by the defendant, Omni, Shameka Renee Lamar was not provided a defense or indemnity in the underlying tort action.

34.     As a result of the failure of the defendant, Omni, to defend and indemnify Shameka Renee Lamar in the underlying tort action, Judgment was entered against Shameka Renee Lamar by the plaintiff, Richard Duncan.

7

35.    The plaintiff, Richard Duncan, is entitled to full and complete satisfaction of the Judgment entered in the underlying tort action, plus interest and delay damages from the defendant, Omni.

WHEREFORE, the plaintiff, Richard Duncan, demands judgment against the defendant, Omni Insurance Company, in an amount in excess of $50,000.00.

## COUNT II
### (Bad Faith – Common Law and Statutory)

36.    The plaintiff, Richard Duncan, hereby incorporates by reference the foregoing Paragraphs 1 through 35 of this Complaint as though same were fully set forth herein.

37.    The policy of insurance issued by Omni to Shameka Renee Lamar required that the defendant, Omni, provide defense and indemnity to Shameka Renee Lamar in the underlying tort action.

38.    The defendant, Omni, failed to comply with the terms and provisions of the policy in denying and disclaiming coverage for the loss.

39.    The defendant, Omni, failed to comply with the specific provisions of the Pennsylvania Motor Vehicle Code in denying and disclaiming coverage for the loss.

40.    The defendant, Omni, acted in bad faith in failing to defend and indemnify Shameka Renee Lamar in the underlying tort action and further failing to satisfy the Judgment entered in that matter.

41.    The policy of insurance issued by the defendant, Omni, includes an implied covenant of good faith and fair dealing.

42.    The defendant, Omni, failed to comply with the implied covenant of good faith and fair dealing.

8

43.    The defendant, Omni, is liable to the plaintiff, Richard Duncan, for all common law bad faith damages.

44.    The defendant, Omni, is liable to the plaintiff, Richard Duncan, for all statutory bad faith damages.

45.    The Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

> (1)    Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

> (2)    Award punitive damages against the insurer.

> (3)    Assess court costs and attorneys fees against the insurer.

42 Pa.C.S.A. § 8371.

46.    The claims of Shameka Renee Lamar against the defendant, Omni, for its bad faith conduct have been assigned to the plaintiff, Richard Duncan, and are an action under an insurance policy.

47.    The defendant, Omni, acted in bad faith in violation of all common law duties and in violation of 42 Pa.C.S.A. § 8371 by failing to defend and indemnify Shameka Renee Lamar in the underlying tort action and further failing to satisfy the Judgment entered in that tort action.

48.    The bad faith of the defendant, Omni, consisted of, but was not limited to:

(a)    engaging in unfair or deceptive acts or practices;

(b)    failing to fully, fairly and promptly evaluate the coverage issues;

(c)    failing to provide a defense to Shameka Renee Lamar in the underlying tort action;

9

Case ID: 160300267

(d)     failing to indemnify Shameka Renee Lamar in the underlying tort action;

(e)     failing to make payment of the $28,000.00 Judgment entered in the underlying tort action plus interest and delay damages;

(f)     failing to continue to fully, fairly and promptly evaluate the coverage issues arising out of the October 8, 2012 collision;

(g)     failing to effect a prompt and fair settlement of the claims in the underlying tort action;

(h)     failing to properly and fairly resolve the claims asserted in the underlying tort action;

(i)     failing to comply with the terms and provisions of the policy of insurance;

(j)     ignoring § 1574 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 1574;

(k)     breaching the implied covenant of good faith and fair dealing in the policy of insurance;

(l)     violating the Unfair Insurance Practice Act, 40 P.S. § 1171.1 et seq.;

(m)    acting in dilatory and obdurate manner in handling and evaluating the claims arising out of the October 8, 2012 motor vehicle accident;

(n)     wantonly and willfully disregarding the rights of Shameka Renee Lamar;

(o)     elevating its own interests above those of Shameka Renee Lamar;

(p)     recklessly disregarding the rights of Shameka Renee Lamar by misinterpreting and misconstruing the policy so as to deny and disclaim coverage;

(q)     violating the Unfair Claims Settlement Practices, 31 Pa. Code § 146.1 et seq.;

(r)     violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

(s)     violating its own internal policies, procedures, practices and guidelines for the handling and evaluation of coverage issues; and,

(t)     such other acts or omissions as may be developed during discovery.

10

Case ID: 160300267

49.     The defendant, Omni, is liable for payment of all actual and consequential damages to the plaintiff, Richard Duncan, by reason of the wanton, willful and reckless bad faith conduct in refusing to defend and indemnify Shameka Renee Lamar and failing further to satisfy the Judgment entered in the underlying tort action.

50.     The defendant, Omni, wantonly, willfully and recklessly ignored the rights of Shameka Renee Lamar under the policy of insurance and under Pennsylvania law.

51.     The defendant, Omni, recklessly disregarded the rights of Shameka Renee Lamar with knowledge of its wanton, willful and reckless actions.

52.     The defendant, Omni, is liable to Richard Duncan for all direct and consequential damages as a result of the bad faith actions of the defendant, Omni, including, but not limited to:

(a)     counsel fees, interest and costs incurred in the underlying tort action;

(b)     counsel fees, interest and costs incurred in the instant bad faith litigation;

(c)     punitive damages;

(d)     such other relief as the Court deems appropriate.

11

WHEREFORE, the plaintiff, Richard Duncan, demands judgment against the defendant,

Omni Insurance Company, in an amount in excess of $50,000.00.

KELLY & HERRON, P.C.

BY: /s/ Kevin P. Kelly
KEVIN P. KELLY, Esquire
PA Attorney I.D. # 28306
1500 Market Street
Centre Square – West Tower
Suite W-3110
Philadelphia, PA  19102
(215) 972-1500
FAX – 215-972-8217

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY: /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197

Attorneys for Plaintiff

12

<u>VERIFICATION</u>

<u>RICHARD DUNCAN</u>                    hereby states that <u>he</u>   is

Plaintiff and verifies that the statements made in the foregoing

<u>Civil-Action Complaint</u>                         are true and

correct to the best of <u>his</u>  knowledge, information and belief.

The undersigned understands that the statements therein are made

subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn

falsification to authorities.

*Richard Duncan*

Dated: <u>March 4, 2016</u>

# EXHIBIT A

Case ID: 160300267

LAW OFFICES

# KELLY & HERRON, P.C.

KEVIN P. KELLY
kkelly@kellyherronlaw.com

PAUL L. HERRON
pherron@kellyherronlaw.com

1500 MARKET STREET
CENTRE SQUARE - WEST TOWER
SUITE W-3110
PHILADELPHIA, PENNSYLVANIA 19102-2100
(215) 972-1500
FAX (215) 972-8217

SUBURBAN OFFICE
845 KING OF PRUSSIA ROAD
RADNOR, PA 19087

July 1, 2014

Jill Schrader
Omni Insurance Company
PO Box 105019
Atlanta, GA 30348-5019

RE:   Our Client:        Richard A. Duncan, Jr.
      Your Insured:      Shameka Lamar
      Your Claim No.:    2012 84855
      Date of Accident:  10/8/2012

Dear Ms. Schrader:

As you are aware, this office represents Richard Duncan, Jr., in a claim for injuries and other damages he sustained in the motor vehicle accident of October 8, 2012. My client was a passenger aboard the SEPTA Route "47" bus involved in the collision with the vehicle owned by your insured and operated by Chris Aaron at or near the intersection of 8th and Dickinson Streets in Philadelphia, PA.

Our investigation reveals liability clearly rests on your insured; the SEPTA bus was at a complete stop when your insured's driver struck the bus in the rear. His careless and negligent acts and/or omissions resulted in the aforesaid collision and caused my client to sustain serious and disabling injuries.

Mr. Duncan sustained injuries including, but not limited to, cervical sprain and strain; lumbar sprain and strain; thoracic sprain and strain; and post-traumatic cephalgia.

In an effort to cure the aforesaid injuries, my clients sought medical treatment from the following providers and incurred medical expenses as itemized:

1.   JEFFERSON UNIVERSITY HOSPITAL
     10/08/12                    $ will supply
     11/26/12                    $ 1,852.00

Case ID: 160300267

# KELLY & HERRON, P.C.

Omni
Page Two
July 1, 2014

| | | |
|---|---|---|
| 2. | ART OF PAIN MANAGEMENT<br>10/10/12 - 2/27/13 | $16,345.00 |
| 3. | DELAWARE CO. OPEN MRI<br>12/04/12 | $ 1,100.00 |
| 4. | CITY OF PHILA EMS<br>10/08/12 | $   970.00 |
| | **TOTAL MEDICAL SPECIALS:** | $ 20,267.00 |

Mr. Duncan continues to suffer pain and restriction of movement in his back. He has incurred medical expenses as itemized above. He has incurred out of pocket expenses including excess medical bills in the amount of $20,267.00; as he was a passenger on a stationary SEPTA bus, he is not entitled to PIP benefits, and he does not personally own a vehicle, nor does he reside with a relative who owns a vehicle; I enclose a copy of his properly executed Affidavit of No Insurance. Accordingly, all of his medical bills remain unpaid. He has been deprived of life's pleasures. He has in the past and will continue in the future to suffer pain and inconvenience as a result of the negligence of your insured's driver.

In view of the manner in which this accident happened, the medical expenses/economic damages suffered by my client, and the continuing residual affects he is experiencing, my demand for settlement purposes is Fifty Two Thousand Five Hundred ($52,500.00) Dollars.

Kindly contact the undersigned upon completion of your settlement evaluation with a view toward an amicable resolution of this claim.

Case ID: 160300267

# KELLY & HERRON, P.C.

Omni
Page Three
July 1, 2014

Thank you for your attention to this matter.

Very truly yours,

KEVIN P. KELLY, Esquire

KPK/lml
enclosures

Case ID: 160300267

# EXHIBIT B



OMNI INSURANCE COMPANY
P.O. BOX 3000
PLYMOUTH MEETING, PA 19462
PHONE: 800-954-2442 / FAX: 610-832-2138

KEVIN P. KELLY
KELLY & HERRON
1700 MARKET ST., STE. 3112
PHILADELPHIA, PA 19103

July 08, 2014

Re:
Insured: Shameka Lamar
Driver: Chris Porter, aka Chris Aaron
Our Claim Number: 2012-84855
Loss Date:  10/08/2012
Your Client: Richard Duncan, Jr.

Dear Mr. Kelly:

Omni Insurance Company has completed its investigation into the above captioned loss. We have determined there is no coverage, as the insured vehicle was being operated by an unlicensed driver.

The policy reads in Part A-Liability Coverage, that an "Insured as used in this Part means: 3. A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at the time of loss and must not be a regular operator of your covered auto."  Additionally, Exclusion 16 reads in pertinent part: "We do not provide Liability Coverage for any insured: 16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who: c. Does not have a valid driver's license; or d. Has a suspended or revoked driver's license."  Our investigation has revealed that the vehicle operator did not have a valid license.

Due to the insured vehicle being operated by an unlicensed driver, Omni Insurance Company will be unable to provide liability coverage, or make any payments relative to damages that may have resulted in the accident.

If you wish to discuss this matter, I can be reached Monday-Friday, 8:00 am –4:00 pm, at 800-954-2442, ext. 8765.

Sincerely,

Andrew Funk
Bodily Injury Supervisor

Case ID: 160300267

EXHIBIT C

Case ID: 160300267

KELLY & HERRON, P.C.
BY: KEVIN P. KELLY, ESQUIRE
ATTORNEY I. D. NO: 28306
1500 Market Street, Suite W3110
Philadelphia, PA 19102
(215) 972-1500

Attorney for Plaintiffs

RICHARD DUNCAN

vs.

CHRIS AARON
and
SHAMEKA RENEE LAMAR

:  PHILADELPHIA COUNTY
:  COURT OF COMMON PLEAS
:
:  SEPTEMBER TERM, 2014
:
:  NO.  0479
:

## COMPLAINT IN CIVIL ACTION
## 2V  —  MOTOR VEHICLE ACCIDENT

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA  19107
(215) 238-1701

7.22.15 @ 6:26 pm
7.23.15 @ 5:45 pm
7.24.15 @ 10:20 Am
7.24.15 @ 3:25 pm    267 9737146
7.28.15 @ 7:55 pm
7.29.15 @ 6:40 pm

Case ID: 160300267

## COMPLAINT IN CIVIL ACTION

1.   Plaintiff, Richard Duncan, is an adult individual residing at 319 Whites Road, Apartment D4, Lansdale, PA, 19446.

2.   Defendant, Chris Aaron, is an adult individual residing at 428 Mifflin Street, Philadelphia, PA, 19148.

3.   Defendant, Shameka Renee Lamar, is an adult individual residing at 2545 N. Silver Street, Philadelphia, PA, 19132.

4.   On or about October 8, 2012, and at all times relevant herein, defendant, Chris Aaron, with permissive use, possessed, controlled and operated a vehicle believed to be a 2003 Chevrolet Avalanche, PA registration ZCV-5288, which vehicle was owned by defendant, Shameka Renee Lamar, and involved in the accident hereinafter described;

5.   On or about October 8, 2012, and at all times relevant herein, plaintiff was a passenger aboard the SEPTA Route "47" bus which was at a complete stop at a posted stop sign southbound on 8th Street at its intersection with Dickenson Street in the City of Philadelphia, PA when it was suddenly and unexpectedly struck in the rear by the vehicle owned by defendant, Shameka Renee Lamar, and operated by defendant, Chris Aaron, which was then and there traveling in a southbound direction on 8th Street in a careless and negligent manner.

COUNT ONE
RICHARD DUNCAN v. CHRIS AARON
NEGLIGENCE

6.    Plaintiff incorporates by reference paragraphs one through five of this Complaint as though same were fully set forth at length.

7.    The automobile collision described in the preceding paragraphs of this Complaint was caused by the carelessness and negligence of the Defendant, Chris Aaron, both generally and in the following particular respects:

(a)  Failing to observe the stopped SEPTA bus;

(b)  Failing to maintain a proper lookout;

(c)  Failing to maintain adequate control of the operation of said motor vehicle;

(d)  Operating said motor vehicle at a speed which was excessive under the circumstances;

(e)  Failing to stop said motor vehicle within the assured clear distance ahead;

(f)  Operating said motor vehicle without due regard for the point and position of the opposing motor vehicle; and

(g)  Failing to operate said motor vehicle with due care and regard for the health and safety of Plaintiff.

8.  As a result of the Defendant's negligence and the accident caused thereby, Plaintiff sustained severe bodily injuries including, but not limited to, cervical sprain and strain; lumbar sprain and strain; thoracic sprain and strain; and post-traumatic cephalgia; multiple bruises, lacerations and abrasions, together

with a severe shock to his nervous system, some or all of which may be permanent in nature and, as a result, the Plaintiff has suffered and continues to suffer pain and inconvenience as a result of these injuries.

9.    As a further result of the foregoing, the Plaintiff has been obliged to receive and under medical attention and care and to incur various expenses for same and he may be obliged to continue to undergo such medical care and to incur such expenses for an indefinite time in the future.

10.    As a further result of the foregoing, the Plaintiff has suffered, and will continue to suffer, a severe loss of his earnings and/or impairment of earning capacity or power, which loss and/or impairment has or may exceed the sum recoverable under the limitations in the Pennsylvania Financial Responsibility Law.

11.    As a further result of the foregoing, the Plaintiff has suffered in the past, and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of his usual duties, pursuits and pleasures.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly and severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT TWO
### RICHARD DUNCAN v. SHAMEKA RENEE LAMAR
### NEGLIGENT ENTRUSTMENT

12.    Plaintiff incorporates by reference paragraphs one through eleven of this Complaint as though same were fully set

forth at length.

13.   The aforesaid collision, which caused plaintiff's injuries and losses was a direct and proximate result of the negligent and careless conduct of the defendant owner, Shameka Renee Lamar, which consisted of the following:

a)   failing to exercise due care for the rights, safety and position of the plaintiff at the location aforesaid;

b)   failing to maintain the vehicle in proper working order;

c)   negligently and carelessly granting permission to the defendant driver for the use of the vehicle owned by the defendant owner, when the latter defendant knew or should have known that the former defendant was unlicensed and/or incapable or unwilling to properly and safely operate said vehicle.

14.   The defendant owner, Shameka Renee Lamar, is liable to the plaintiff for the damages suffered as more fully set forth hereinbefore by virtue of the failure to investigate the qualifications and capabilities of the defendant driver to operate the motor vehicle which the defendant driver was operating at the time of the incident.

15.   The defendant owner, Shameka Renee Lamar, is further liable to the plaintiff in that she provided permissive use of her vehicle to the defendant, Chris Aaron, when she knew, or should have known, that defendant Aaron did not possess a valid operator's license on the date of the accident herein.

16.   Defendant, Shameka Renee Lamar, knew, or should have known, that her automobile insurance policy contained an exclusion stating the policy did not afford liability coverage in the event

the driver of her vehicle did not possess a valid operators license when involved in an motor vehicle accident.

17. As a result of the Defendant's negligence and the accident caused thereby, Plaintiff sustained severe bodily injuries including, but not limited to, cervical sprain and strain; lumbar sprain and strain; thoracic sprain and strain; and post-traumatic cephalgia; multiple bruises, lacerations and abrasions, together with a severe shock to his nervous system, some or all of which may be permanent in nature and, as a result, the Plaintiff has suffered and continues to suffer pain and inconvenience as a result of these injuries.

18. As a further result of the foregoing, the Plaintiff has been obliged to receive and under medical attention and care and to incur various expenses for same and he may be obliged to continue to undergo such medical care and to incur such expenses for an indefinite time in the future.

19. As a further result of the foregoing, the Plaintiff has suffered, and will continue to suffer, a severe loss of his earnings and/or impairment of earning capacity or power, which loss and/or impairment has or may exceed the sum recoverable under the limitations in the Pennsylvania Financial Responsibility Law.

20. As a further result of the foregoing, the Plaintiff has suffered in the past, and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of his usual duties, pursuits and pleasures.

Case ID: 160300267

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly and severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars.


KELLY & HERRON, P.C.


By:_____/s/_____
      KEVIN P, KELLY, ESQUIRE
      Attorney for Plaintiff

# EXHIBIT D

Case ID: 160300267

First Judicial District of Pennsylvania
Philadelphia Court of Common Pleas

Richard Duncan, Plaintiff          September Term 2014, 00479
118 Girard Ave., Apt. C                                (Month)        (Year)      (No.)
Glenside, PA 19038                         Arbitration
                                     (Please indicate type of action)
                                   ☑ Motor Vehicle

Defendants,                        (Date of Accident) 11-8-12
           Versus
Chris Aaron │ Shamelia Renee Lamar    ☐ Delay Damages (Prime Rate +1)
428 Mifflin St. │ 2545 W. Silver St.       Duncan Vs. Aaron Etal-AWFFP
Philadelphia, PA │ Philadelphia, PA
   19148    │    19132                  ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖   ÷ 6%)
                                          14090047900021
                                   ☐ Other

## Report and Award of Arbitrators

And Now, this  3  day of  June  Year 20 15 we the undersigned arbitra-
tors having been duly appointed and sworn, make the following award:

Judgement for Plaintiff and against
Defendants Chris Aaron and Shamelia Renee Lamar
in the amount of $28,000.00 ($13,000.00 for medicals
and $15,000.00 for pain and suffering)

Please name the parties if there are more than one plaintiff and/or defendant. Please address all
counterclaims and cross-claims. Please complete percentage of negligence on reverse side if applicable.

_____          Alton B. Bonditsio, 1325 Spruce St., 4th Fl., Phila, PA 710.
      Chairperson                      (Please Print Name, Address and I.D. No;        #5696
_____          Ruth Pearson - 3001 S. Sydenham St. Phila 19145-
      Arbitrator                        Please Print Name, Address and I.D. No.   30 S. 15th St. 6th Fl.
_____          Michael S. Miller Jr. PPA 19102   #310431
      Arbitrator                        Please Print Name, Address and I.D. No.

List Attorneys of Record and Unrepresented Parties Who:
Appeared at the hearing:                      Did Not Appear at the Hearing:
Kevin P. Kelly for Plaintiff                  Def. Chris Aaron
                                              Def. Shamelia Renee Lamar

30-210 (Rev. 2/09)

## Questions to be Answered by
## the Arbitrators in Negligence Cases

### Instructions:

Taking the combined negligence that was a substantial factor in bringing about any or all of the plaintiff's injuries, damage or losses as 100%, answer the following questions and state in percentages the causal negligence attributed to each party you have found causally negligent.

Do you find that any defendant or additional defendant was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

_____    _____ %

_____    _____ %

_____    _____ %

_____    _____ %

Do you find that any plaintiff was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

_____    _____ %

_____    _____ %

_____    _____ %

_____    _____ %

Total            100 %

## Notice of Entry of Award

And Now, this _____ day of _____, Year _____, at _____ .m., the above award was entered upon the docket and notice thereof given by mail to the parties or their attorneys.

DOCKETED
ARBITRATION

JUN - 3 2015

S. PRESSLEY

_Prothonotary_

(Arbitration compensation to be
paid on appeal $225.00)              By: _____

Separate Appeals must be filed with the Prothonotary pursuant to P.A. R. Civ. P. No. 1308, and the requisite fees paid, if two or more cases are consolidated for Trial and/or Discovery purposes. Only those cases which are appealed will be scheduled for a _de novo_ hearing. Awards in cases not appealed will become final upon expiration of the appeal time.

Case ID: 140900047
Case ID: 160300267

EXHIBIT E

Case ID: 160300267

KELLY & HERRON, P.C.
BY: KEVIN P. KELLY, ESQUIRE
ATTORNEY I.D. No: 28306
1500 Market Street, Suite W3110
Philadelphia, PA 19102
(215) 972-1500

Attorney for Plaintiff

RICHARD DUNCAN

        vs.

CHRIS AARON
and
SHAMEKA RENEE LAMAR

    : PHILADELPHIA COUNTY
    : COURT OF COMMON PLEAS
    :
    : SEPTEMBER TERM, 2014
    :
    : NO.   0479
    :

## PRAECIPE TO ENTER JUDGMENT

TO THE PROTHONOTARY:

    Kindly enter judgment in favor of the plaintiff, Richard Duncan, and against defendants, Chris Aaron and Shameka Renee Lamar, in the amount of $28,000.00 pursuant to the Arbitration Award dated June 3, 2015 upon payment of your costs only.

    Attached hereto, made a part hereof, and marked Exhibit "A" is a copy of the Award of the Board of Arbitrators dated June, 2015.

                KELLY & HERRON, P.C.

                BY:_____/s/_____
                    KEVIN P. KELLY, Esquire
                    Attorneys for Plaintiff

dated:   July 7, 2015

Case ID: 14090047
Case ID: 160300267

# EXHIBIT "A"

Case ID: 14090047
Case ID: 160300267

First Judicial District of Pennsylvania
Philadelphia Court of Common Pleas

Richard Duncan, Plaintiff
118 Girard Ave., Apt. C
Glenside, PA 19038

September Term 2014, 00479
(Month)     (Year)   (No.)

### Arbitration
(Please indicate type of action)
☒ Motor Vehicle

(Date of Accident) —11-8-12-

Defendants,                 Versus

Chris Aaron | Shameka Renee Lamar
428 Mifflin St. | 2545 W. Silver St.
Philadelphia, PA | Philadelphia, PA
19148 | 19132

☐ Delay Damages (Prime Rate +1)
Duncan Vs Aaron Etal-AWFFP

‖ = 6%)
14090047900021

☐ Other

### Report and Award of Arbitrators

And Now, this 3 day of June Year 2015 we the undersigned arbitrators having been duly appointed and sworn, make the following award:

Judgement for Plaintiff and against
Defendants Chris Aaron and Shameka Renee Lamar
in the amount of $28,000.00 ($13,000.00 for medicals
and $15,000.00 for pain and suffering)

Please name the parties if there are more than one plaintiff and/or defendant. Please address all counterclaims and cross-claims. Please complete percentage of negligence on reverse side if applicable.

_____
Chairperson

_____
Arbitrator

_____
Arbitrator

Alston B. Woolery Jr., 1326 Spruce St, 4th Flr, Phila, PA 710:
25696?
(Day) (Please Print Name, Address and I.D. No.)
Ruth Pearson - 3001 S. Sydenham St. Phila, PA 19145-
Please Print Name, Address and I.D. No.
30 S. 15th St. 6th FL
Michael S. Miller Jr. PPA 19102  #310431
Please Print Name, Address and I.D. No.

List Attorneys of Record and Unrepresented Parties Who:
Appeared at the hearing:          Did Not Appear at the Hearing:
Kevin P. Kelly for Plaintiff      Def. Chris Aaron
                                  Def. Shameka Renee Lamar

30-210 (Rev. 2/09).

# Questions to be Answered by
## the Arbitrators in Negligence Cases

**Instructions:**

Taking the combined negligence that was a substantial factor in bringing about any or all of the plaintiff's injuries, damage or losses as 100%, answer the following questions and state in percentages the causal negligence attributed to each party you have found causally negligent.

Do you find that any defendant or additional defendant was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

_____   _____ %

_____   _____ %

_____   _____ %

_____   _____ %

Do you find that any plaintiff was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

_____   _____ %

_____   _____ %

_____   _____ %

_____   _____ %

                                    Total        100 %

# Notice of Entry of Award

And Now, this _____ day of _____, Year _____, at _____, _____.m., the above award was entered upon the docket and notice thereof given by mail to the parties or their attorneys.

DOCKETED
ARBITRATION

JUN - 3 2015

S. PRESSLEY

                                                    _____
                                                         *Prothonotary*

(Arbitration compensation to be
    paid on appeal $225.00)                 By:

Separate Appeals must be filed with the Prothonotary pursuant to P.A. R. Civ.P. No.1308, and the requisite fees paid, if two or more cases are consolidated for Trial and/or Discovery purposes. Only those cases which are appealed will be scheduled for a *de novo* hearing. Awards in cases not appealed will become final upon expiration of the appeal time.

First Judicial District of Pennsylvania
Philadelphia Court of Common Pleas

*Richard Duncan, Plaintiff*
*118 Girard Ave., Apt. C*
*Glenside, PA 19038*

September Term, 2014 00479
(Month)         (Year)   (No.)

### Arbitration
*(Please indicate type of action)*

☑ Motor Vehicle

(Date of Accident) 11-8-12

*Defendants,*   Versus

*Chris Aaron* | *Shameka Renee Lamar*
*428 Mifflin St.* | *2545 W. Silver St.*
*Philadelphia, PA* | *Philadelphia, PA*
*19148* | *19132*

☐ Delay Damages (Prime Rate +1)
Duncan Vs Aaron Etal-AWFFP

|||||||||||||| = 6%)
14090047900021

☐ Other

## Report and Award of Arbitrators

And Now, this 3 day of June , Year 2015, we the undersigned arbitrators having been duly appointed and sworn, make the following award:

*Judgement for Plaintiff and against*
*Defendants Chris Aaron and Shameka Renee Lamar*
*in the amount of $28,000°° ($13,000°° for medicals*
*and $15,000°° for pain and suffering).*

Please name the parties if there are more than one plaintiff and/or defendant.   Please address all counterclaims and cross-claims.  Please complete percentage of negligence on reverse side if applicable.

_____
Chairperson

_____
Arbitrator

_____
Arbitrator

*Alton B. Meadows Jr., 1528 Spruce St., 4th Flr., Phila, PA 710:*
Please Print Name, Address and I.D. No.   256963

*Ruth Pearson - 3001 S. Sydenham St. Phil. PA 19145*
Please Print Name, Address and I.D. No.   30 S. 15th St. 6th FL.

*Michael S. Miller Jr., PA 19102   #310431*
Please Print Name, Address and I.D. No.

List Attorneys of Record and Unrepresented Parties Who:

Appeared at the hearing:   Did Not Appear at the Hearing:

*Kevin P. Kelly for Plaintiff*   *Deft. Chris Aaron*

*Deft. Shameka Renee Lamar*

30-210 (Rev. 2/09)

OTICE GIVEN PURSUANT TO Pa.R.C.P. 1307, S. PRESSLEY 06/04/2015

EXHIBIT F

Case ID: 160300267

RICHARD DUNCAN          :     COURT OF COMMON PLEAS
                        :     PHILADELPHIA COUNTY
        VS.             :
                        :     SEPTEMBER TERM, 2014
CHRIS AARON             :
        AND             :     NO.: 0479
SHAMEKA RENEE LAMAR     :

## ASSIGNMENT

WHEREAS, the Plaintiff, Richard Duncan, sustained personal injuries in an October 8, 2012 motor vehicle accident,

WHEREAS, the motor vehicle occupied by Plaintiff, Richard Duncan was rear-ended by a vehicle operated by Defendant, Chris Aaron and owned by Defendant, Shameka Renee Lamar,

WHEREAS, the motor vehicle Chris Aaron was operating at the time of the accident was insured by Omni Insurance Company,

WHEREAS, Defendant, Shameka Renee Lamar was the named insured under a personal automobile policy issued by Omni Insurance Company,

WHEREAS, Plaintiff, Richard Duncan instituted suit against Defendants, Chris Aaron and Shameka Renee Lamar in connection with the injuries sustained in the October 8, 2012 motor vehicle accident,

WHEREAS, the tender of defense and indemnity of the lawsuit was made to Omni Insurance Company,

WHEREAS, Omni Insurance Company disclaimed coverage to Defendants, Chris Aaron and Shameka Renee Lamar for any claims arising out of the October 8, 2012 motor vehicle accident,

WHEREAS, Omni Insurance Company refused to provide a defense or indemnity to Defendants, Chris Aaron and Shameka Renee Lamar in the present action instituted by Plaintiff, Richard Duncan,

WHEREAS, on or about March 23, 2015 a default judgment was entered against Defendants, Chris Aaron and Shameka Renee Lamar,

WHEREAS, on June 3, 2015 an Arbitration Hearing for an Assessment of Damages was held awarding damages against Defendants, Chris Aaron and Shameka Renee Lamar in the amount of Twenty Eight Thousand ($28,000.00) Dollars,

WHEREAS, on or about July 7, 2015, judgment was entered against Defendants, Chris Aaron and Shameka Renee Lamar in the amount of $28,000.00,

WHEREAS, Defendant, Shameka Renee Lamar desires to assign her rights against Omni Insurance Company to Plaintiff, Richard Duncan in connection with the judgment entered against her in this action for good and valuable consideration as set forth more fully below, and,

WHEREAS, Plaintiff, Richard Duncan agrees to satisfy any judgment entered against Defendants, Shameka Renee Lamar and Chris Aaron after the conclusion of all claims against Omni Insurance Company.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Plaintiff, Richard Duncan and Defendant, Shameka Renee Lamar as follows:

1.   **Assignment**.   The Defendant, Shameka Renee Lamar

for good and valuable consideration, as set forth more fully
below, hereby assigns to the Plaintiff, Richard Duncan any and
all rights, interest, claims and/or potential causes of action
including, but not limited to, all contractual and extra-
contractual claims, actions for common law and statutory bad
faith under 42 Pa.C.S.A. §8371, a beach of fiduciary duty, breach
of duty of good faith and fair dealings, punitive damages, unfair
trade practice and consumer protection law, 73 P.S.§201-1 et
seq., negligence, breach of contract, misrepresentation, and any
other claims or causes of action of any nature whatsoever, in law
or in equity, which she now has and/or may have against Omni
Insurance Company, its parent company(ies) affiliates,
associates, subsidiaries, agents, adjusters, employees and
attorneys with respect to the disclaimer of coverage to me in the
above captioned matter and any award, verdict or judgment entered
against me in this lawsuit which has resulted or may hereafter
result in personal liability by me to satisfy the award, verdict
or judgment on the claims of the Plaintiff, Richard Duncan which
could have been resolved by Omni Insurance Company if timely and
appropriately responded to the demands of the Plaintiff, Richard
Duncan, to resolve the matter within the available limits of
liability coverage in connection with the claims for damages
arising from the injuries sustained in the October 8, 2012 motor
vehicle accident.

    2.   **Consideration**.  In consideration of this assignment,

the Plaintiff, Richard Duncan agrees and covenants not to initiate any collection or execution proceedings against the Defendants, Shameka Renee Lamar and Chris Aaron, as a consequence of the award and judgment entered against the Defendants.

3. <u>Satisfaction of Judgment</u>. In further consideration of this assignment, the Plaintiff, Richard Duncan, agrees to mark satisfied any judgment entered against the Defendants, Shameka Renee Lamar and Chris Aaron, after the conclusion of all proceedings against Omni Insurance Company, regardless of the ultimate outcome. Any judgment shall remain in full force and effect until all proceedings against Omni Insurance Company have been resolved by final judgment or settlement.

4. <u>Full Agreement</u>. The terms and conditions contained in this Assignment supersede all prior oral and written understandings between the Plaintiff, Richard Duncan and the Defendant, Shameka Renee Lamar and constitutes the entire agreement among the parties relating to the payment pursuant to the agreements set forth in this Assignment as noted more fully herein. This Assignment shall not be modified or amended except by a writing signed by all parties. Further, this Assignment

Case ID: 160300267

shall be binding upon the executors, administrators, personal

representatives, heirs, successors and assigns of each.

IN THE PRESENCE OF:

Name _June Link_                    )

Address _1500 Market St. Phila Pa_

SHAMEKA RENEE LAMAR

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JUNE LINK, Notary Public,
City of Philadelphia, Phila. County
My Commission Expires March 4, 2019

IN THE PRESENCE OF:

Name _June Link_                    )

Address _1500 Market St. Phila PA_

Richard Duncan (SEAL)

RICHARD DUNCAN

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JUNE LINK, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 4, 2019

C:\Desktop\: DDHA\WORLDOX\Rt\/CLIENTS/3575/0001/127037.WPD

EXHIBIT "B"

RICHARD DUNCAN                          : IN THE COURT OF COMMON PLEAS
1300 Pennsylvania Avenue                : PHILADELPHIA COUNTY, PENNSYLVANIA
Apartment H-3                           :
Oreland, PA  19075                      :
                                        :
              v.                        : MARCH  TERM, 2016
                                        :
                                        :
OMNI INSURANCE COMPANY                  : NO.  267
2018 Powers Ferry Road, Suite 400       :
Atlanta, GA  30339                      :

*Filed and Attested by the Office of Judicial Records 15 MAR 2016 02:55 pm C. MALVESTUTO*

## AFFIDAVIT OF SERVICE

James C. Haggerty, Esquire, being duly sworn according to law, deposes and

states that a copy of the Complaint was served upon the defendant, Omni Insurance

Company, 2018 Powers Ferry Road, Suite 400, Atlanta, Georgia  30339 by Certified

Mail, Return Receipt Requested in accordance with the Pennsylvania Rules of Civil

Procedure.  A copy of the signed Receipt Card is attached.

                                HAGGERTY, GOLDBERG, SCHLEIFER
                                & KUPERSMITH, P.C.

                                BY:  /s/ James C. Haggerty
                                JAMES C. HAGGERTY, Esquire
                                PA Attorney I.D. # 30003
                                1835 Market Street, Suite 2700
                                Philadelphia, PA  19103
                                (267) 350-6600
                                FAX (215) 665-8197

                                Attorneys for Plaintiff

1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

OMNi INSURANCE Company
2018 Powers Ferry Road
Suite 400
Atlanta, GA 30339

9590 9403 0428 5163 1766 53

Article Number (Transfer from service label)
14 2870 0001 1107 7097

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Kelli Palm                    3/4/16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Form 3811, April 2015 PSN 7530-02-000-9053     Domestic Return Receipt

Case ID: 160300267