IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DUNCAN<br>1300 Pennsylvania Avenue<br>Apartment H-3<br>Oreland, PA  19075<br><br>v.<br><br>OMNI INSURANCE COMPANY<br>2018 Powers Ferry Road, Suite 400<br>Atlanta, GA  30339 | :<br>:<br>:<br>:  No.16-1489<br>:<br>:<br>:<br>:<br>:<br>: |

## STIPULATION

1.    The plaintiff, Richard Duncan, is an adult individual resident and citizen of the Commonwealth of Pennsylvania residing at 319 Whites Road, Apartment D-4, Lansdale, Pennsylvania 19446.

2.    The defendant, Omni Insurance Company ("Omni"), is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located in Atlanta, Georgia, being duly authorized to and conducting business in the Commonwealth of Pennsylvania.

3.    On October 8, 2012 the plaintiff, Richard Duncan, was a passenger on board the SEPTA Route "47" bus when it was struck by a motor titled in the name of Shameka Renee Lamar operated by Chris Aaron a/k/a Chris Porter at or near the intersection of 8th and Dickenson Streets in Philadelphia, Pennsylvania.

4.    The plaintiff, Richard Duncan, claims to have sustained personal injury in the collision.

5. At the time of the accident there existed a policy of insurance issued by the defendant, Omni, to Shameka Renee Lamar A true and correct copy of the Policy of Insurance is attached hereto as Exhibit "1".

6. On September 1, 2012, Shameka Renee Lamar completed an Application for Private Passenger Auto Insurance seeking to purchase a policy of insurance covering a 2003 Chevrolet Avalanche, which is the vehicle which Chris Aaron a/k/a Chris Porter was driving at the time of the subject accident with the SEPTA bus. A true and correct copy of the Application is attached hereto as Exhibit "2".

7. The policy of insurance issued by the defendant, Omni, to Shameka Renee Lamar listed the vehicle operated by Chris Aaron a/k/a Chris Porter as an insured vehicle.

8. Chris Aaron a/k/a Chris Porter was not a licensed operator in Pennsylvania at the time of the subject accident or at any other time material to this action.

9. The policy of insurance issued by the defendant, Omni, to Shameka Renee Lamar provided:

### PART A – LIABILTIY COVERAGE

B. Insured as used in this Part means:

    3. A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at the time of the loss and must not be a regular operator of your covered auto.

    \*        \*        \*

### EXCLUSIONS

A. We do not provide Liability Coverage for any insured.

    16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who:

    c.  Does not have a valid driver's license; or

    d.  Has a suspended or rescinded driver's license.

See Exhibit "1", pp. 24-26.

  10.  Following the motor vehicle accident, the plaintiff, Richard Duncan, made a claim upon Chris Aaron, Shameka Renee Lamar and the defendant, Omni, seeking recovery of damages in tort.

  11.  By letter dated July 1, 2014 counsel for the plaintiff, Richard Duncan, wrote to the defendant, Omni, providing information regarding liability and damages with respect to Duncan's claims arising from the October 8, 2012 collision. A true and correct copy of the July 1, 2014 letter from counsel for the plaintiff, Richard Duncan, is attached hereto and marked Exhibit "3".

  12.  By letter dated July 8, 2014 the defendant, Omni, wrote to counsel for the plaintiff, Richard Duncan, denying and disclaiming all coverage for the loss on the basis that the vehicle titled in the name of Shameka Renee Lamar and insured by the defendant, Omni, was being operated by an unlicensed driver at the time of the collision. A true and correct copy of the July 8, 2014 letter from Andrew Funk, Bodily Injury Supervisor of the defendant, Omni, is attached hereto and marked Exhibit "4".

  13.  In the letter of July 8, 2014, Andrew Funk, Bodily Injury Supervisor of the defendant, Omni, advised counsel for the plaintiff, Richard Duncan:

> Omni Insurance Company has completed its investigation into the above captioned loss. We have determined there is no coverage, as the insured vehicle was being operated by an unlicensed driver.
>
> The policy reads in Part A-Liability Coverage, that an "Insured as used in this Part means: 3.A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at

the time of the loss and must not be a regular operator of your covered auto." Additionally, Exclusion 16 reads in pertinent part: "We do not provide Liability Coverage for any insured: 16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who: c. Does not have a valid driver's license; or d. Has a suspended or revoked driver's license." Our investigation has revealed that the vehicle operator did not have a valid license.

Due to the insured vehicle being operated by an unlicensed driver, Omni Insurance Company will be unable to provide liability coverage, or make any payments relative to damages that may have resulted in the accident.

See Exhibit "4".

14. The plaintiff, Richard Duncan, thereafter instituted suit against Chris Aaron and Shameka Renee Lamar in the Court of Common Pleas of Philadelphia County (<u>Richard Duncan v. Chris Aaron and Shameka Renee Lamar</u>, September Term, 2014, No. 0479). A true and correct copy of the Complaint is attached hereto and marked Exhibit "5".

15. In the Complaint in the underlying tort action, the plaintiff, Richard Duncan, specifically asserted a claim against Shameka Renee Lamar for recovery of damages as a result of allowing an unlicensed driver to operate her vehicle

16. In the Complaint, the plaintiff, Richard Duncan, specifically averred:

> 13. The aforesaid collision, which caused Plaintiff's injuries and losses was a direct and proximate result of the negligent and careless conduct of the defendant owner, Shameka Renee Lamar, which consisted of the following:
>
> a) failing to exercise due care for the rights, safety and position of the plaintiff at the location aforesaid;
> b) failing to maintain the vehicle in proper working order;
> c) negligently and carelessly granting permission to the defendant driver for the use of the vehicle owned by the defendant owner, when the latter defendant knew or should have known that the former defendant was unlicensed and/or incapable or unwilling to properly and safely operate said vehicle.

See Exhibit "5", ¶ 13.

17. Upon receipt of Mr. Duncan's lawsuit against Ms. Lamar and Chris Aaron, Omni sent letters to Ms. Lamar and the operator, Chris Aaron a/k/a Chris Porter, on September 16,

4

2014 declining coverage for the claim and advising them, inter alia, to retain their own attorneys at their expense, as Omni would not be providing them with an attorney. True and correct copies of those declination letters are attached hereto as Exhibits "6" and "7".

18.	The defendant, Omni, did not provide a defense to Chris Aaron or Shameka Renee Lamar in the action instituted by the plaintiff, Richard Duncan, in the Court of Common of Philadelphia County.

19.	The defendant, Omni, did not indemnify Chris Aaron or Shameka Renee Lamar in the action instituted by the plaintiff, Richard Duncan, in the Court of Common of Philadelphia County.

20.	The plaintiff, Richard Duncan, proceeded to arbitration in the underlying tort action in the Court of Common Pleas of Philadelphia County.

21.	An Arbitration Hearing was conducted in the underlying tort action in the Court of Common Pleas of Philadelphia County on June 3, 2015.

22.	Following the Arbitration Hearing in the underlying tort action, the arbitrators entered a Report and Award of Arbitrators in favor of the plaintiff, Richard Duncan, and against Chris Aaron and Shameka Renee Lamar. A true and correct copy of the Report and Award of Arbitrators is attached hereto as Exhibit "8".

23.	The Report and Award of Arbitrators entered in the underlying tort action provides:

> Judgment for Plaintiff and against Defendants, Chris Aaron and Shameka Renee Lamar, in the amount of $28,000.00 ($13,000.00 for medicals and $15,000.00 for pain and suffering).

See Exhibit "8".

24. The plaintiff, Richard Duncan, thereafter entered Judgment on the Arbitration Award against Chris Aaron and Shameka Renee Lamar. A true and correct copy of the Praecipe to Enter Judgment is attached hereto and marked Exhibit "9".

25. The defendant, Omni, has not satisfied the Judgment.

36. The plaintiff, Richard Duncan, thereafter obtained from Shameka Renee Lamar an Assignment of all claims and rights against the defendant, Omni. A true and correct copy of the Assignment is attached hereto and marked Exhibit "10".

      HAGGERTY, GOLDBERG, SCHLEIFER
      & KUPERSMITH, P.C.

   BY:  JCH4113
      JAMES C. HAGGERTY, ESQUIRE
      PA Attorney I.D. # 30003
      1835 Market Street, Suite 2700
      Philadelphia, PA  19103
      (267) 350-6600
      FAX (215) 665-8197

KELLY & HERRON, P.C.

   BY:  /s/ Kevin P. Kelly
      KEVIN P. KELLY, Esquire
      PA Attorney I.D. # 28306
      1500 Market Street
      Centre Square – West Tower
      Suite W-3110
      Philadelphia, PA  19102

Attorneys for Plaintiff


MARSHALL, DENNEHEY, WARNER, COLEMAN
& GOGGIN

   BY:  /s/ R. Bruce Morrison, Esquire
      R. BRUCE MORRISON, ESQUIRE
      2000 Market Street, Suite 2300
      Philadelphia, PA  19103

Attorneys for Defendant