IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DUNCAN | : |
| | : No.16-1489-HB |
| | : |
| v. | : |
| | : |
| OMNI INSURANCE COMPANY | : |
| | : |

## MOTION FOR PARTIAL SUMMARY JUDGMENT
## OF PLAINTIFF, RICHARD DUNCAN

The plaintiff, Richard Duncan, by his counsel, Haggerty, Goldberg, Schleifer & Kupersmith, P.C., and Kelly and Herron, P.C., hereby moves the Court to enter Partial Summary Judgment in his favor and avers as follows:

### Overview

1.  The present action involves claims: (1) seeking payment of the $28,000.00 judgment entered in the underlying tort action; and (2) common law and statutory bad faith damages, in connection with the denial and disclaimer of liability coverage pursuant to an unlicensed operator exclusion under a personal auto policy issued by the defendant, Omni Insurance Company ("Omni").

2.  The recoverability of damages by the plaintiff is to be determined by the resolution of the legal coverage issue, namely the validity and enforceability of the unlicensed driver exclusion in light of established Pennsylvania law.

3.  There are no genuine issues of material fact; therefore, the parties have stipulated to the facts upon which the legal coverage issue is to be resolved. A true and correct copy of the Stipulation is attached hereto as Exhibit "A".

## Accident

4. On October 8, 2012 the plaintiff, Richard Duncan, was a passenger on board the SEPTA Route "47" bus at or near the intersection of 8th and Dickenson Streets in Philadelphia, Pennsylvania.

5. At that same time, a motor vehicle titled in the name of Shameka Renee Lamar, insured under the policy of insurance issued by the defendant, Omni, and operated by Chris Aaron a/k/a Chris Porter was travelling behind the bus in which the plaintiff, Richard Duncan, was a passenger. See Exhibit "A", Stipulation ¶ 1.

6. The motor vehicle titled in the name of Shameka Renee Lamar, insured under the policy of insurance issued by the defendant, Omni, and operated by Chris Aaron a/k/a Chris Porter struck the bus in which the plaintiff, Richard Duncan, was a passenger. See Exhibit "A", Stipulation ¶ 1.

7. The plaintiff, Richard Duncan, claims to have sustained personal injuries in the collision. See Exhibit "A", Stipulation ¶ 3.

8. Chris Aaron a/k/a Chris Porter was not a licensed operator in Pennsylvania at the time of the subject accident or at any other time material to this action.

## Tort Claim

9. Following the motor vehicle accident, the plaintiff, Richard Duncan, made a claim upon Chris Aaron, Shameka Renee Lamar and the defendant, Omni, seeking recovery of damages in tort. See Exhibit "A", Stipulation ¶ 5.

10. By letter dated July 1, 2014 counsel for the plaintiff, Richard Duncan, wrote to the defendant, Omni, providing information regarding liability and damages with respect to Duncan's claims arising from the October 8, 2012 collision. See Exhibit "A", Stipulation ¶ 3.

11. By letter dated July 8, 2014 the defendant, Omni, wrote to counsel for the plaintiff, Richard Duncan, denying and disclaiming all coverage for the loss on the basis that the vehicle titled in the name of Shameka Renee Lamar and insured by the defendant, Omni, was being operated by an unlicensed driver at the time of the collision. See Exhibit "A", Stipulation ¶ 4.

12. In the letter of July 8, 2014, Andrew Funk, Bodily Injury Supervisor of the defendant, Omni, advised counsel for the plaintiff, Richard Duncan:

> Omni Insurance Company has completed its investigation into the above captioned loss. We have determined there is no coverage, as the insured vehicle was being operated by an unlicensed driver.
>
> The policy reads in Part A-Liability Coverage, that an "Insured as used in this Part means: 3.A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at the time of the loss and must not be a regular operator of your covered auto." Additionally, Exclusion 16 reads in pertinent part: "We do not provide Liability Coverage for any insured: 16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who: c. Does not have a valid driver's license; or d. Has a suspended or revoked driver's license." Our investigation has revealed that the vehicle operator did not have a valid license.
>
> Due to the insured vehicle being operated by an unlicensed driver, Omni Insurance Company will be unable to provide liability coverage, or make any payments relative to damages that may have resulted in the accident.

See Exhibit "A", Stipulation ¶ 4.

3

## Policy of Insurance

13.  At the time of the accident there existed a policy of insurance issued by the defendant, Omni, to Shameka Renee Lamar. A true and correct copy of the Policy of Insurance is attached as Exhibit "A", Stipulation ¶ 1.

14.  The policy of insurance issued by the defendant, Omni, to Shameka Renee Lamar listed the vehicle operated by Chris Aaron a/k/a Chris Porter as an insured vehicle. See Exhibit "A", Stipulation ¶ 1.

15.  The policy of insurance issued by the defendant, Omni, to Shameka Renee Lamar provided:

**PART A – LIABILITY COVERAGE**

**INSURING AGREEMENT**

    A.    We will pay compensatory damages for **bodily injury** or **property damage** for which any insured becomes legally responsible because of an **auto accident.**

    \*            \*            \*

    B.    **Insured** as used in this Part means:

        2.    **You**, an **insured resident, or any family member** for the ownership, maintenance or use of your covered auto.

        3.    A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at the time of the loss and must not be a regular operator of your covered auto.

    \*            \*            \*

4

**EXCLUSIONS**

    A.    We do not provide Liability Coverage for any insured.

        16.    For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who:

            c.    Does not have a valid driver's license; or

            d.    Has a suspended or rescinded driver's license.

See Exhibit "A", Stipulation ¶ 1, pp. 24-26.

### Statutory Provisions

16. The policy of insurance in question was issued in Pennsylvania to a Pennsylvania citizen and provided coverage in accordance with Pennsylvania law.

17. The resolution of the legal coverage issue is governed by Pennsylvania law.

18. Section 1574 of the Pennsylvania Motor Vehicle Code provides:

    (a)    **General Rule.** – No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this Chapter or who is not licensed for the type or class of vehicle to be driven.

    (b)    **Penalty.** – Any person violating the provisions subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle.

75 Pa.C.S.A. § 1574.

19. Pennsylvania courts have interpreted the legislative intent behind these provisions [§1574(a) and (b)] to hold the vehicle owner vicariously liable for such damages caused by unauthorized or unlicensed drivers. See Olsen v. SEPTA, 27 Pa. D&C 5th 399 (Phila CCP) (February 6, 2013)(Tucker, J) citing Terwilliger v. Kitchen, 781 A.2d 1201, 1207 (Pa. Super. 2001)

5

citing, Commonwealth of Pennsylvania, Dep't of Public Welfare v. Hickey, 136 Pa. Commw. 223, 582 A.2d 734 (Pa. Cmwlth. 1990)).

### Tort Suit

20. The plaintiff, Richard Duncan, instituted suit against Chris Aaron and Shameka Renee Lamar in the Court of Common Pleas of Philadelphia County (Richard Duncan v. Chris Aaron and Shameka Renee Lamar, September Term, 2014, No. 0479). See Exhibit "A", Stipulation ¶ 5.

21. In the Complaint in the underlying tort action, the plaintiff, Richard Duncan, asserted a claim against Shameka Renee Lamar for recovery of damages as a result of allowing an unlicensed driver to operate her vehicle. See Exhibit "A", Stipulation ¶ 5.

22. In the Complaint, the plaintiff, Richard Duncan, specifically averred:

13. The aforesaid collision, which caused Plaintiff's injuries and losses was a direct and proximate result of the negligent and careless conduct of the defendant owner, Shameka Renee Lamar, which consisted of the following:

   a) failing to exercise due care for the rights, safety and position of the plaintiff at the location aforesaid;

   b) failing to maintain the vehicle in proper working order;

   c) negligently and carelessly granting permission to the defendant driver for the use of the vehicle owned by the defendant owner, when the latter defendant knew or should have known that the former defendant was unlicensed and/or incapable or unwilling to properly and safely operate said vehicle.

See Exhibit "A", Stipulation, ¶ 5.

23. Upon receipt of the Complaint in the underlying tort action, Omni wrote to Shameka Renee Lamar and Chris Aaron a/k/a Chris Porter by letter dated September 16, 2014

6

declining coverage for the claim and advising them, *inter alia*, to retain their own attorneys at their expense to defend the lawsuit since Omni would not be providing them with an attorney. See Exhibit "A", Stipulation ¶¶ 6 & 7.

24. The defendant, Omni, did not provide a defense to Chris Aaron or Shameka Renee Lamar in the action instituted by the plaintiff, Richard Duncan, in the Court of Common of Philadelphia County. See Exhibit "A", Stipulation ¶¶ 6 & 7.

25. The defendant, Omni, did not indemnify Chris Aaron or Shameka Renee Lamar in the action instituted by the plaintiff, Richard Duncan, in the Court of Common of Philadelphia County. See Exhibit "A", Stipulation ¶¶ 6 & 7.

26. The plaintiff, Richard Duncan, proceeded to arbitration in the underlying tort action in the Court of Common Pleas of Philadelphia County. See Exhibit "A", Stipulation ¶ 8.

27 An Arbitration Hearing was conducted in the underlying tort action in the Court of Common Pleas of Philadelphia County on June 3, 2015. See Exhibit "A", Stipulation ¶ 8.

28. Following the Arbitration Hearing in the underlying tort action, the arbitrators entered a Report and Award of Arbitrators in favor of the plaintiff, Richard Duncan, and against Chris Aaron and Shameka Renee Lamar. See Exhibit "A", Stipulation ¶ 8.

29. The Report and Award of Arbitrators entered in the underlying tort action provides:

> Judgment for Plaintiff and against Defendants, Chris Aaron and Shameka Renee Lamar, in the amount of $28,000.00 ($13,000.00 for medicals and $15,000.00 for pain and suffering).

See Exhibit "A", Stipulation ¶ 8.

7

30. Subsequently, the plaintiff, Richard Duncan, entered Judgment on the Arbitration Award against Chris Aaron and Shameka Renee Lamar. See Exhibit "A", Stipulation ¶ 9.

31. The defendant, Omni, has not satisfied the Judgment. See Exhibit "A", Stipulation ¶ 9.

### Assignment of Claims

32. At all times material hereto, Shameka Renee Lamar was the named insured under the policy of insurance issued by Omni. See Exhibit "A", Stipulation ¶ 1.

33. Following the entry of the judgment in the underlying tort action, Richard Duncan obtained from Shameka Renee Lamar an Assignment of all claims and rights against the defendant, Omni. See Exhibit "A", Stipulation ¶ 10.

34. Pursuant to this assignment, Richard Duncan seeks: (1) payment of the $28,000.00 judgment; and (2) recovery of common law and statutory bad faith damages.

### Involuntary and Unenforceability of Exclusion

35. The unlicensed operator exclusion is violative of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

36. Section 1786(a) Motor Vehicle Financial Responsibility Law requires mandatory liability coverage. In this regard, 1786 (a) provides:

> **(a)** **General rule.**—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

75 Pa. C.S.A. § 1786(a).

37. Section 1786(f) of the Motor Vehicle Financial Responsibility Law requires the extension of mandatory liability coverage to permissive drivers. In this regard, § 1786(f) provides:

> **(f) Operation of motor vehicle without required financial responsibility.--** Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle **or** permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter.

75 Pa. C.S.A. § 1786.

38. The Pennsylvania Motor Vehicle Financial Responsibility Law defines financial responsibility, in pertinent part, as follows:

> The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident . . .

75 Pa. C.S.A. § 1702.

39. The Pennsylvania Superior Court has held that §1786 implicitly directs that all permissive users be insured under the owner's policy, stating:

> Admittedly, the MVFRL continues not to include specific language directing that all permissive users of a vehicle be insured under the owner's insurance. *However, we find the changes to § 1786 implicitly direct that such coverage be provided.*

Progressive N. Ins. Co. v. Universal Underwriters Ins. Co., 898 A.2d 1116, 1119 (Pa. Super. 2006), appeal denied, 909 A.2d 1290 (Pa. 2006) (Emphasis added)

40. The unlicensed operator exclusion is violative of the dictates of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

41. The unlicensed operator exclusion is also violative of specific provisions of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 1501 et seq.

42. Section 1574 of the Pennsylvania Motor Vehicle Code provides, in pertinent part:

**§ 1574. Permitting unauthorized person to drive.**

   **(a) General rule.--**No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicle to be driven.

   **(b) Penalty.--**Any person violating the provisions of subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle.

75 Pa.C.S.A. § 1574.

   43.   The Pennsylvania Motor Vehicle Code imposes liability upon the owner of a motor vehicle who permits an unlicensed driver to operate it.

   44.   The unlicensed operator exclusion impermissibly eliminates coverage in violation of the Pennsylvania Motor Vehicle Code.

   45.   The unlicensed operator exclusion is violation of public policy.

   46.   It is the public policy in Pennsylvania to have operators of motor vehicles on highways in the Commonwealth to be insured.

   47.   The unlicensed operator exclusion is violative of and frustrates the public policy in Pennsylvania.

   48.   The unlicensed operator exclusion is void and unenforceable.

### Payment of Judgment

   49.   Omni is required to provide coverage for the claims against Shameka Renee Lamar in the underlying tort action.

   50.   Omni wrongfully disclaimed coverage to Shameka Renee Lamar in the underlying tort action.

   51.   Omni is responsible for and obligated to satisfy the $28,000.00 judgment entered in the underlying tort action.

### Recovery of Bad Faith Damages

52.     The Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)     Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2)     Award punitive damages against the insurer.
>
> (3)     Assess court costs and attorneys fees against the insurer.

42 Pa.C.S.A. § 8371.

53.     In Pennsylvania, bad faith has been held to be any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith. See Terletsky v. Prudential Property & Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994 ) appeal den'd 659 A.2d 560 (Pa. 1995) and Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 136-137 (3d Cir. 2005).

54.     Omni acted in bad faith in disclaiming coverage on the basis of the unlicensed operator exclusion.

55.     Omni acted in bad faith in disclaiming coverage in the face of the clear dictates of Pennsylvania law.

56.     Omni is required to make payment of interest, counsel fees and punitive damages to Richard Duncan by reason of the bad faith disclaimer of coverage.[1]

WHEREFORE, the plaintiff, Richard Duncan, respectfully requests that this Court enter an Order:

(a) granting the Motion for Partial Summary Judgment;

(b) requiring the Omni Insurance Company to pay the $28,000.00 judgment, plus interest;

(c) finding the Omni Insurance Company to have acted in bad faith; and

---

[1] Bad faith damages will need to be assessed in a separate hearing.

(d) establishing a timetable for discovery and a hearing on the issue of the amount of bad faith damages to be assessed.

                        Respectfully Submitted,

                        HAGGERTY, GOLDBERG, SCHLEIFER
                        & KUPERSMITH, P.C.

BY:      _JCH4113_____
        JAMES C. HAGGERTY, ESQUIRE
        SUZANNE TIGHE, ESQUIRE
        PA Attorney I.D. # 30003; 80179
        1835 Market Street, Suite 2700
        Philadelphia, PA  19103
        (267) 350-6600
        FAX (215) 665-8197


        KELLY & HERRON, P.C.


BY:  _/s/ Kevin P. Kelly_____
      KEVIN P. KELLY, Esquire
      PA Attorney I.D. # 28306
      1500 Market Street
      Centre Square – West Tower
      Suite W-3110
      Philadelphia, PA  19102

Attorneys for Plaintiff