IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

RICHARD DUNCAN                           :
                                         : No.16-1489-HB
                                         :
v.                                       :
                                         :
OMNI INSURANCE COMPANY                   :
                                         :

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY JUDGMENT
OF PLAINTIFF, RICHARD DUNCAN**

(a)   **Generally**

In the present matter, the plaintiff, Richard Duncan, has filed a Motion for Partial Summary Judgment. The defendant, Omni Insurance Company ("Omni"), opposes the Motion for Partial Summary Judgment maintaining the position that: (1) the unlicensed operator exclusion is valid and enforceable; and (2) Omni has not acted in bad faith in seeking to enforce that exclusion in this case. In an effort to justify its position, Omni attempts to use legal sleight of hand, albeit somewhat clumsily, to focus attention on the exclusion in a vacuum, rather than in its application in the case at bar. The issue in this case is *not* the validity of the unlicensed operator exclusion in the abstract. At the same time, the issue is not the validity of the unlicensed operator exclusion to the unlicensed operator. Instead, the issue is the validity and enforceability of this exclusion with respect to the duty to defend and indemnify the owner of the vehicle in light of the statutory mandate and the clear public policy of the Commonwealth. In this case, Omni is attempting to focus the attention of the Court away from the real issue, namely the validity of the exclusion when applied to the vehicle owner, not the unlicensed operator. At issue is whether Omni can seek to enforce an exclusion which, when applied in this case, is

violative of Pennsylvania law and the public policy of the Commonwealth. The plaintiff, Richard Duncan, requests that the Court enter Partial Summary Judgment in his favor on this issue.

### (b) Statutory Mandate

#### (1) Generally

Section 1574 of the Motor Vehicle Code imposes *joint and several* liability upon a person who authorizes an unlicensed driver to operate his or her vehicle. 75 Pa.C.S.A. § 1574. Omni contends that it need not defend or indemnify the owner of the vehicle, Shameka Renee Lamar, for the individual liability imposed by statute for the damages caused by the negligence of the unlicensed operator. Omni asserts that it may ignore the mandate of the Pennsylvania Legislature and issue and enforce a policy which excludes coverage for an obligation imposed upon vehicle owners by law. Omni posits several rationales for this position; none of those reasons are legitimate.

#### (2) Allegations of Complaint

Initially, Omni contends that the Complaint in the underlying tort action did not assert a claim under § 1574. This assertion is curious, at best. Section 1574(a) states that no person shall permit an unlicensed driver to operate his or her motor vehicle. Section 1574(b) provides that a person doing so shall be *jointly and severally* liable with the driver for any damages caused by unlicensed driver's negligence. The Complaint specifically states that the named insured, Shameka Renee Lamar, was negligent and careless in granting permission to Chris Aaron a/k/a Chris Porter to operate her vehicle when she knew that Chris Aaron a/k/a Chris Porter was an unlicensed driver. See Exhibit "A", Stipulation, ¶ 5. The Complaint specifically asserts a claim against the named insured, Shameka Renee Lamar, for her actions in granting permission to an

2

unlicensed driver to operate her vehicle. Omni contends that this is not a claim under § 1574 since § 1574 imposes vicarious liability, alone. These contentions are without basis in law or in fact.

In this matter, Omni contends that § 1574 imposes liability on a vicarious basis, alone. In support of this position, Omni relies upon the decision of the Superior Court in Terwilliger v. Kitchen, 781 A.2d 1201 (Pa. Super. 2001). The statements in Terwilliger are mere dicta. Further, the panel of the Superior Court ignores the specific language of the statute. The statute specifically states that an owner of a vehicle who permits an unlicensed operator to use it is ***jointly and severally*** liable with the operator for damages arising from the negligent operation of the vehicle. Certainly, the liability imposed by § 1574 is premised upon the actions of the unlicensed operator. However, the liability imposed by § 1574 is not just vicarious. Liability is joint and several. The Statutory Construction Act provides that the words of a statute may not be ignored. 1 Pa.C.S.A. § 1925. The statute imposes ***joint and several*** liability. The Complaint seeks recovery of damages for actions of the owner which directly violate § 1574. Nonetheless, Omni is attempting to argue that § 1574 is not implicated. The position of Omni makes no sense legally.[1]

Omni contends that since the Complaint in the tort action does not assert a § 1574 claim, then there can be no legal impediment to excluding coverage for the actions of the operator. This reasoning is flawed. Under Omni's rationale, § 1574 does not apply to the actions of the owner. Therefore, according to Omni's twisted logic, there is no statutory mandate, nor any public

---

[1] In addition, Omni cites the decision of Judge Buckwalter in Estate of O'Loughlin v. Hunger, 2009 U.S. Dist. LEXIS 33711 (E.D. Pa. 2009) in further support of its position. While it is acknowledged that Judge Buckwalter, in a footnote, does favorably cite the misguided holding of Terwillinger, the approval is mere dicta and has nothing to do with the outcome of the case.

policy, which the exclusion violates. Thus, it must be enforceable. Such an argument deserves little consideration. It defies common sense. Omni's clumsy attempts to justify its bad faith actions should be dismissed.

### (3) Liability Under § 1574

Omni also contends that even if the language of the Complaint implicates the statutory mandate, the unlicensed driver exclusion does not violate § 1574 of the Vehicle Code. In making this contention, Omni states that § 1574 "does not specify that an insurer must provide coverage when an insured vehicle is driven by an unlicensed driver." Certainly, this is true; however, but of what moment is such a pronouncement? The Pennsylvania Legislature has seen fit to impose direct *joint and several* liability upon an owner of a vehicle who allows an unlicensed operator to operate his or her vehicle which then negligently injures another. Obviously, the Legislature understood that an insurer could reasonably refuse to provide coverage for the unlicensed operator. Such a position by an insurer is not unreasonable. However, the Legislature recognized that insurance coverage could, and should, be available to the owner of the vehicle who allows the unlicensed operation.

Pennsylvania law requires owners of currently registered vehicles to provide financial responsibility, namely, insurance coverage. Therefore, in order to protect the public at large, the Legislature imposes liability upon the owner of a vehicle in this situation, on a *joint and several* basis. The goal of the Legislature is protection of the public and compensation of accident victims. It makes sense that the unlicensed driver may have no coverage. But the owner who allows the unlicensed operation, and who has coverage, becomes liable for the injuries. Imposing liability upon the owner of the vehicle without the implicit understanding that the owner has available insurance coverage renders the enactment of § 1574 by the Legislature a

meaningless gesture. The Legislature enacted § 1574 in order to ensure that persons injured by the negligence of an unlicensed driver still have access to redress where the unlicensed operator is using the vehicle with the knowing permission of the owner. Availability of insurance is a necessary prerequisite of this statutory scheme.

In this case, the plaintiff, Richard Duncan, is not challenging the disclaimer of coverage by Omni to the unlicensed operator. Instead, the plaintiff, Richard Duncan, is challenging the positon of Omni with respect to the disclaimer of coverage to the named insured owner. Omni did not understand, or chose to ignore, its coverage obligations to the owner of the vehicle when suit was filed; Omni does not appear to understand, or chose to ignore, its coverage obligations, now. Pennsylvania law imposes ***joint and several*** liability upon the owner, Shameka Renee Lamar, in this case. Omni is required to provide coverage to the owner, Shameka Renee Lamar, in this case. While Omni may disclaim coverage to the unlicensed operator, it may not do so for the owner. The exclusion may not be validly applied to the owner of the vehicle. The unlicensed operator exclusion is void as against public policy in this circumstance. Richard Duncan is entitled to compensatory and punitive relief.

(c)     **Other Exclusions**

In its attempt to justify the application of the unlicensed operator exclusion to the owner of the vehicle, Omni looks to other exclusions. These references, too, fail to support the position of Omni. At issue in the present case is not whether coverage should be extended to the operator of the vehicle. At issue is whether Omni may avoid coverage for the owner. Omni continues to ignore this issue. By referencing other exclusions, not applicable to owners, Omni hopes to divert attention from the real issue.

In so doing, Omni relies upon the Superior Court decision in An v. Victoria Fire & Casualty Company, 113 A.3d 1283 (Pa. Super. 2015). In that case, the Court approved of a policy provision which limited coverage only to listed drivers. In so holding, a three judge panel of the Superior Court ignored prior precedent as well as the specific provisions of the Financial Responsibility Law in permitting an insurer to disclaim coverage. As noted in An, § 1718 of the Financial Responsibility Law permits a named driver exclusion in auto policies. 75 Pa.C.S.A. § 1718. Interestingly, contrary to the finding in An, the Financial Responsibility Law does not permit the limitation of coverage to specifically identified drivers, alone. Customarily, the omnibus clause of the policy extends coverage to all permissive users. As noted by the Supreme Court in Progressive Northern v. Schneck, 813 A.2d 828 (Pa. 2002):

> The Superior Court accurately concluded this public policy is exemplified by § 1718(c), which permits named driver exclusions. 75 Pa.C.S.A. § 1718(c). These exclusions are designed by insurers to avoid covering someone with a bad driving record or in a high risk category, such as a teenage child of the insured, since the premium of such coverage would be exceedingly high.

Id., 813 A.2d at 831-832. In An, the Superior Court allowed an insurer to enforce a policy limitation which is the converse of the statutory enactment. In addition to being misguided, that holding has no relevance to the issues in this case.[2] In all of the cases relied upon by Omni, the focus is upon coverage to be afforded to the unlicensed or unauthorized operator, not the owner. Here, the focus is not upon the unlicensed operator, but rather the illegally acting owner. In this case, the issue is not coverage for the unlicensed operator, but rather, coverage for the owner who violates Pennsylvania law. The Motor Vehicle Code imposes ***joint and several*** liability upon the owner of the vehicle for harm caused by the unlicensed operator's actions. While Omni's arguments may have some legitimacy with respect to coverage to be afforded to the

---

[2] In addition, a decision of the Superior Court is not binding upon this Court.

operator, they ring hollow with respect to coverage required to be provided to the owner. The disclaimer of coverage by Omni is violative of Pennsylvania law. Compensatory and punitive damages should be assessed.

### (d) Public Policy Requirements

Omni also contends that the unlicensed operator exclusion does not violate public policy. Again, Omni attempts to address the unlicensed operator exclusion in the abstract. Omni seeks to vilify the unlicensed operator while somehow concluding that its wrongful denial of coverage to the owner is proper. This clumsy sleight of hand is transparent. The unlicensed operator exclusion may, in fact, be enforceable in certain situations, namely, the extension of coverage to the unlicensed operator. However, the unlicensed operator exclusion cannot be expanded to the actions of the owner. In fact, the application of the unlicensed operator exclusion to the actions of the owner is violative of public policy.

Again, in support of its position, Omni attempts to rely upon cases which do not support its specific position in this case. For instance, Omni contends that the decision of Judge Schiller in Infinity Indemnity Insurance Co. v. Gonzalez, 2012 U.S. Dist. LEXIS 77004 (E.D. Pa. 2012) supports its contentions. In that case, the Court did address the validity of policy language, like in An, which limited coverage to specifically identified drivers. Interestingly, in that case, the individual drivers were not represented and defaults were entered against them. Thus, the case evolved into an alleged dispute between the Infinity Indemnity Insurance Company and the State Farm Mutual Insurance Company. Obviously, the State Farm Mutual Insurance Company did not take the position that the Infinity exclusion was void as against public policy. In fact, in his Opinion, Judge Schiller noted:

> As no party has requested that this Court find that a named driver only insurance policy contravenes Pennsylvania public policy and no precedent indicating that it

7

>does, the Court will uphold the clear and unambiguous language of the policy restricting coverage only to those drivers listed in the policy and endorsement.

Id., Infinity at 2002, U.S. Dist. LEXIS at *11-12. Obviously, State Farm, which presumably issues similar policies, was not going to contend that such a policy exclusion, which it may seek to enforce in other matters and which may then benefit its bottom line profits, is void as against public policy. In addition, like An, the decision in Infinity does not support the position of Omni. It addresses different issues. The fact remains that Pennsylvania law favors compensation for victims of motor vehicle accidents. Section 1574 was enacted to further that public policy goal. Omni has no legitimate basis upon which to deny coverage to the owner of the vehicle in this circumstance. Omni should be required to pay the entire arbitration award. Bad faith damages, also, should be assessed.

### (e)     **Bad Faith**

In the case at bar, Omni also contends that it has not acted in bad faith. Essentially, Omni asserts that since it was merely attempting to enforce an exclusion in its policy, it cannot be held to have acted in bad faith. Under Omni's rationale, any attempt to enforce a written exclusion, however outrageous, is a good faith effort. Under Omni's rationale, an insurer could never be found to be in bad faith regardless of the extreme nature of its exclusions. In this case, Omni's wanton and reckless disregard of the rights of its insured, in denying coverage, warrant the imposition of bad faith damages.

It cannot reasonably be asserted that the use of the unlicensed operator exclusion to deny coverage to a licensed owner is good faith. Omni contends that since the exclusion is in its policy, any effort to enforce it is good faith. Consider the following analogy. At one time, various rental car companies included a "violation of law" exclusion in their rental agreements.

8

Ignoring the rules of the road is a violation of law. There is no question that it is against public policy for a rental company or an insurer to exclude coverage for violations of the Motor Vehicle Code. An insurance policy or rental agreement containing such an exclusion would necessarily be violative of public policy. The Motor Vehicle Law requires that all operators of vehicles obey traffic signals and stop signs. A person who ignores a red traffic signal or stop sign violate Pennsylvania law. If a policy of insurance excluded coverage for persons who violated Pennsylvania law then, according to Omni, no coverage would exist for the person running the red light and causing an accident. Further, according to Omni, any such denial of coverage would be in good faith. According to Omni, the mere inclusion of exclusionary language in the policy, no matter how outrageous, renders the attempted enforcement of the exclusion a good faith effort. Such bizarre reasoning should not be entertained. The application of the exclusion to the vehicle owner, Shameka Renee Lamar, is bad faith.

Section 1574 of the Motor Vehicle Code is well established. The mandate of public policy is clear. Despite the specific language of Pennsylvania law, Omni specifically wrote and seeks to enforce a policy which excludes coverage where Pennsylvania law specifically imposes liability. The actions of Omni are no different than seeking to enforce a "violation of law" exclusion. Omni is recklessly disclaiming coverage, in direct violation of Pennsylvania law, to the detriment of its insured. Omni is wantonly overreaching. If Omni sought only to apply the exclusion to the actions of the unlicensed operator, then arguably its actions would be valid and enforceable. However, that is not the case here. Omni is seeking to apply the exclusion to the actions of the owner. It is the public policy of Pennsylvania to have only licensed operators on its highways. For this reason, the Legislature imposes *joint and several* liability upon owners who allow unlicensed drivers who negligently operate their vehicles. The Pennsylvania

Legislature directed that owners who permit unlicensed drivers to operate vehicles are *jointly and severally* liable for the damages caused by the negligent unlicensed operation of those vehicles. The mandate of the Pennsylvania Legislature is clear. Omni is grossly overreaching an attempt to expand the unlicensed driver exclusion to situations where the exclusion has no legitimate application. The application of the unlicensed operator exclusion to the owner, rather than the operator, of the vehicle is bad faith. As such, the plaintiff, Richard Duncan, is entitled to Partial Summary Judgment on the bad faith issues.[3]

## **CONCLUSION**

In the present case, the defendant, Omni, has disclaimed coverage in a blatant attempt to improve its own profitability while recklessly disregarding the rights of its own named insured and motor vehicle accident victims. In so doing, Omni is attempting to divert attention away from the real issue in this case, namely the provision of insurance coverage to the owner, not the unlicensed operator of the vehicle. In the present matter, Omni is seeking to expand the application of the unlicensed operator exclusion to a degree never contemplated by the Legislature. The Pennsylvania Legislature enacted § 1575 which specifically imposes *joint and several* liability for the negligence of an unlicensed operator where the owner of a vehicle allows an unlicensed driver to operate his or her vehicle. The intent of the statutory enactment is clear. The Legislature and public policy favor the operation of vehicles on the highways in the Commonwealth by licensed operators. These same considerations favor remediation and compensation to persons who suffer damage as a result of the actions of a negligent, unlicensed

---

[3] At a minimum, questions of fact exist with respect to bad faith. If this is the situation, then discovery is needed with respect to the reasons and purpose of Omni in expanding the exclusion beyond its normal and expected application. Discovery may very well reveal that Omni is attempting to enforce the exclusion merely to enhance its own profitability, at the expense of its insureds.

operator. By imposing joint and several liability on the owners of such vehicles, which are required to be insured, the Legislature has implicitly recognized that the owner's exposure is to be insured. Allowing insurers, such as Omni, to disclaim coverage to the vehicle owner undermines the purpose and intent of § 1574 as well as the public policy of the Commonwealth. The application of the exclusion to the vehicle owner wantonly and recklessly disregards the owner's rights. Omni is required to provide coverage to the vehicle owner, Shameka Renee Lamar. The entire Arbitration Award should be paid. Further, Omni is responsible for payment of extra-contractual bad faith damages for its wanton, willful and reckless disregard of Pennsylvania law and the rights of its insured.[4]   Therefore, Partial Summary Judgment is

---

[4] See note 2, supra.

respectfully requested.

        Respectfully Submitted,

        HAGGERTY, GOLDBERG, SCHLEIFER
        & KUPERSMITH, P.C.

BY:    JCH4113
        JAMES C. HAGGERTY, ESQUIRE
        SUZANNE TIGHE, ESQUIRE
        PA Attorney I.D. # 30003; 80179
        1835 Market Street, Suite 2700
        Philadelphia, PA  19103
        (267) 350-6600
        FAX (215) 665-8197

        KELLY & HERRON, P.C.

BY:  /s/ Kevin P. Kelly
        KEVIN P. KELLY, Esquire
        PA Attorney I.D. # 28306
        1500 Market Street
        Centre Square – West Tower
        Suite W-3110
        Philadelphia, PA  19102

        Attorneys for Plaintiff