# EXHIBIT "2"

11/04/2014 12:52 FAX                                                                        @0001/0006



## OMNI INSURANCE COMPANY
## 2018 POWERS FERRY ROAD
## SUITE 400
## ATLANTA, GA 30339

### APPLICATION FOR PRIVATE PASSENGER AUTO INSURANCE

| APPLICANT NAME AND ADDRESS | PRODUCER |
|---|---|
| SHAMEKA RENEE LAMAR<br>2545 W SILVER ST<br>PHILADELPHIA, PA 19132<br>Home: 215-667-4949 | OREGON INSTANT AUTO (1000053279)<br>2653 S 8TH ST<br>PHILADELPHIA, PA 19148<br>215-755-8045<br>Producer Name: ROBERT L PALUMBO 357175 |
| PREVIOUS ADDRESS (if less than 5 Years) | POLICY #: 4140872<br>POLICY EFFECTIVE:<br>September 1, 2012 to September 1, 2013 |

### APPLICANT INFORMATION

| First | Middle | Last | Suffix | Birth Date | Marital Status | Sex | SSN |
|---|---|---|---|---|---|---|---|
| SHAMEKA | RENEE | LAMAR | | 08/17/1980 | Sngl w/ cust of kids | Female | 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 |

List all persons over 14 years of age who are residents of the same household, LICENSED OR NOT.

| Name | Relationship | Excluded | License State | License Number | Date Licensed |
|---|---|---|---|---|---|
| SHAMEKA RENEE LAMAR | Self | No | PA | 25387713 | 08/01/2000 |

### EMPLOYMENT INFORMATION

| Applicant | Employer | | |
|---|---|---|---|
| SHAMEKA RENEE LAMAR | | Occupation | UNEMPLOYED |
| Work Phone: | | Years in Current Occupation<br>Years with Current Employer<br>Years with Previous Employer | |

### VEHICLES      [ NO ] - NAMED NON-OWNER POLICY? (if "Yes", complete Named Non-Owner Automobile Endorsement)

| VEH | VIN | Year | Make and Model | Body Style | Symbol | Odometer |
|---|---|---|---|---|---|---|
| 1 | 3GNEC13T13G139408 | 2003 | Chevrolet AVALANCHE 1500 BASE/Z66/Z71 | Utility Vehicle - Two Wheel Drive 4 Door | 13 | |

### VEHICLES (Cont.)

| VEH | Vehicle Use | Damaged | Anti-Theft | Restraint System |
|---|---|---|---|---|
| 1 | Pleasure | No | Antitheft Device Installed | Double Airbag |

### VEHICLE RATING

| VEH | Garaging Address (if different) | State Registered | Territory | Rate Class | Points |
|---|---|---|---|---|---|
| 1 | | | 1 | SF32 | 3 |

### ACCIDENT / CONVICTION POINTS - PAST 35 MONTHS

| Name | Date | Location Description | Points |
|---|---|---|---|
| 1. SHAMEKA RENEE LAMAR | 11/03/2009 | At-Fault Accident Over Threshold LOADED FROM CLUE<br>• PD Paid $1,798.00 | 3 |

### COVERAGES

The applicant elects the following tort option **Limited Tort**.
Appropriate Tort Option selection notice must be signed by the applicant and attached to this application.

| | |
|---|---|
| Bodily Injury Liability | 15,000 per person / 30,000 per occurrence |
| Property Damage Liability | 5,000 per occurrence |
| Medical Payments | 5,000 per person |
| Income Loss Protection | Rejected |
| Funeral Benefits | Rejected |
| Accidental Death | Rejected |

9/1/2012 11:13:53 AM                                                                    Page 1 of 13

11/04/2014 12:53 FAX                                                     ☑0002/0008

| | |
|---|---|
| Extraordinary Medical Expenses | Rejected |
| Uninsured Motorist BI | Rejected |
|    Stack benefits | NO |
| Underinsured Motorist BI | Rejected |
|    Stack benefits | NO |
| | Veh 1 |
| Collision Deductible | Rejected |
| Comprehensive Deductible | Rejected |
| Rental Reimbursement | Rejected |
| Towing and Labor | Rejected |
| Additional Custom Parts and Equipment | Rejected |

**DISCOUNTS AND SURCHARGES**

| | |
|---|---|
| Vehicle 1 | Double Airbag |

**PREMIUMS**

| Coverage | Veh 1 |
|---|---|
| Bodily Injury Liability Premium | $695.24 |
| Property Damage Liability Premium | $376.30 |
| Medical Payments Premium | $392.12 |
| Total ($1,464.66) | $1,464.66 |
| Deposit | $150.00 |
| Pay Plan 43 | 12 Month Extended |
| Rating Tier | K |
| Policy Tier | K |
| | |
| Deposit Fee | $12.00 |
| Policy Fee | $15.00 |

**PRIOR COVERAGE - 6 months continuous prior coverage with no more than 30 days lapse**

| Name of Latest Carrier | Policy Number | Termination Date | Plan Coverage | Years | Policy Written Through Your Agency |
|---|---|---|---|---|---|
| | | | No | | No |

**HOMEOWNER - Proof will be required to receive the discount.**

| | |
|---|---|
| Residancy Status | Rent |
| Residency Type | Other |

Acceptable proof of home ownership includes mortgage coupon/statement, property tax records, or deed.

**GENERAL INFORMATION -- During the past three years, has the applicant, any household member, or any driver:**

| | | | | |
|---|---|---|---|---|
| Date agent last inspected vehicle | | | If yes, explain | |
| Any other auto insurance in household? (Include any provided by an employer) | NO | | Has any person in the household had a license suspension or revocation in the last 36 months? | NO |
|   If yes, explain | | | If yes, explain | |
| Had a Comprehensive claim of $1,450 or more in last 36 months? | NO | | Any residents of your household, 14 years old and older, that have NOT been disclosed on this application (licensed or not)? | NO |
|   If yes, how many | | | Do all drivers reside in the named insured's household? | YES |
| Any coverage declined, cancelled, or non-renewed during the last 3 years? | NO | |   If no, explain | |
|   If yes, explain | | | Are all vehicles garaged in Pennsylvania for at least 10 months per year? | YES |
| Have health problems or physical, mental or emotional handicap or disability that would impair driving ability? | NO | |   If no, explain | |
|   If yes, explain | | | Are there any occasional operators not rated as previously described? | NO |
| Has vehicle ever been salvaged? | NO | |   If yes, explain | |
|   If yes, explain | | | Are there any other cars in the household or available for regular use not previously described? | NO |
| Any vehicle "Gray Market" (i.e. not manufactured for original sale in the U.S.)? | NO | |   If yes, describe | |
|   If yes, explain | | | Does any listed vehicle have unrepaired damage? | NO |
| Is vehicle titled in any name other than the named insured? | NO | |   If yes, explain | |
|   If yes, who & why? | | | Has any operator been licensed in the U.S. or Canada for less than 3 years (except ages 16-19)? | NO |
| Any vehicles listed on this application used for hire (taxi, limo, etc.), commercial or business purposes, delivery (pizza, newspaper, etc.), or used in the course of scope of your employment? | NO | |   If yes, explain | |

**BINDER/SIGNATURE**

| INSURANCE BINDER | | IF THE "BINDER" BOX TO THE LEFT IS COMPLETED, THE FOLLOWING CONDITIONS APPLY: |
|---|---|---|
| EFFECTIVE DATE | EXPIRATION DATE | THIS COMPANY BINDS THE KIND(S) OF INSURANCE STIPULATED ON THIS APPLICATION. THIS INSURANCE IS SUBJECT TO THE TERMS, CONDITIONS AND LIMITATIONS OF THE POLICY(IES) IN |
| 09/01/2012 | 10/01/2012 | CURRENT USE BY THE COMPANY. |

🗹0003/0008

11/04/2014 12:54 FAX

| TIME 10:59 AM ET | ☑ 12:01 AM | THIS BINDER MAY BE CANCELLED BY THE INSURED BY SURRENDER OF THIS BINDER OR BY WRITTEN NOTICE TO THE COMPANY STATING WHEN CANCELLATION WILL BE EFFECTIVE. THIS |
|---|---|---|
| | ☐ NOON | BINDER MAY BE CANCELLED BY THE COMPANY BY NOTICE TO THE INSURED IN ACCORDANCE WITH THE POLICY CONDITIONS. THIS BINDER IS CANCELLED WHEN REPLACED BY A POLICY. IF THIS BINDER IS NOT REPLACED BY A POLICY, THE COMPANY IS ENTITLED TO CHARGE A |
| | ☐ COVERAGE IS NOT BOUND | PREMIUM FOR THE BINDER ACCORDING TO THE RULES AND RATES IN USE BY THE COMPANY. THE QUOTED PREMIUM IS SUBJECT TO VERIFICATION AND ADJUSTMENT, WHEN NECESSARY, BY THE COMPANY. |

## NOTICE OF INSURANCE INFORMATION PRACTICES

I UNDERSTAND THAT TO CALCULATE AN ACCURATE PRICE FOR MY INSURANCE, THE COMPANY MAY OBTAIN INFORMATION FROM THIRD PARTIES, SUCH AS CONSUMER REPORTING AGENCIES THAT PROVIDE DRIVING, CLAIMS AND CREDIT HISTORIES FOR YOU AND ALL OTHERS LISTED ON THIS APPLICATION. THE COMPANY MAY USE A CREDIT-BASED INSURANCE SCORE BASED ON THE INFORMATION CONTAINED IN THE CREDIT HISTORY. THE COMPANY OR ITS AFFILIATES MAY OBTAIN NEW OR UPDATED INFORMATION TO CALCULATE MY RENEWAL PREMIUM OR SERVICE MY INSURANCE. I MAY ACCESS INFORMATION ABOUT ME AND CORRECT IF INACCURATE. IN SOME CASES, THE LAW PERMITS THE COMPANY TO DISCLOSE THE INFORMATION IT COLLECTS WITHOUT AUTHORIZATION. HOWEVER, THE COMPANY WILL NOT SHARE PERSONAL INFORMATION WITH NONAFFILIATED COMPANIES FOR THEIR MARKETING PURPOSES WITHOUT CONSENT. YOU HAVE THE RIGHT TO REVIEW YOUR PERSONAL INFORMATION IN OUR FILES AND CAN REQUEST CORRECTION OF ANY INACCURACIES. A MORE DETAILED DESCRIPTION OF YOUR RIGHTS AND OUR PRACTICES REGARDING SUCH INFORMATION IS AVAILABLE UPON REQUEST. I UNDERSTAND THE DECISION TO REQUEST A CREDIT REPORT IS NOT BASED ON RACE, COLOR, CREED, MARITAL STATUS, SEX, OR NATIONAL ORIGIN. I UNDERSTAND I SHALL BE ADVISED HOW TO OBTAIN A COPY OF MY REPORT IF AN ADVERSE UNDERWRITING DECISION OCCURS.

## FEES

I ACKNOWLEDGE THAT THE ELECTRONIC FUNDS TRANSFER (EFT) PAYMENT PLAN INCLUDES A $5.00 SERVICE FEE PER PAYMENT. I ACKNOWLEDGE THAT ALL OTHER PAYMENT PLANS INCLUDE A $12.00 NON-STANDARD INSTALLMENT FEE PER PAYMENT. I UNDERSTAND AND AGREE TO PAY A CREDIT CARD FEE OF $3.00 FOR ANY PAYMENT MADE TO THE COMPANY WITH A CREDIT CARD OR DEBIT CARD. I ALSO AGREE TO PAY A $12.00 LATE PAYMENT FEE DURING THE POLICY TERM AND EACH RENEWAL POLICY TERM WHEN A PAYMENT IS RECEIVED BY THE COMPANY AFTER THE PREMIUM DUE DATE. I UNDERSTAND AND AGREE TO PAY A REINSTATEMENT FEE OF $15.00 EACH TIME MY CANCELLED POLICY IS REINSTATED. REINSTATEMENT IS NOT A WAIVER OF RIGHTS BY THE COMPANY AND DOES NOT IMPOSE FURTHER DUTIES ON THE COMPANY AS TO FUTURE CANCELLATIONS. REINSTATEMENT WILL NOT TAKE AFFECT IF THE CHECK OR CREDIT CARD I SUBMIT FOR REINSTATEMENT IS NOT HONORED BY THE FINANCIAL INSTITUTION DRAWN ON. I UNDERSTAND AND AGREE TO PAY A FINAL CANCELLATION FEE OF $50.00 IF THE COMPANY CANCELS THIS POLICY DUE TO MY FAILURE TO PAY ANY PREMIUM WHEN DUE. I UNDERSTAND AND AGREE TO PAY A $30.00 FEE FOR EVERY PAYMENT RETURNED TO THE COMPANY FOR NON-SUFFICIENT FUNDS (NSF). I AGREE TO PAY A $15.00 POLICY FEE TO BE COLLECTED IN THE INITIAL PAYMENT FOR EACH POLICY TERM. I UNDERSTAND THAT MY POLICY WILL BE CANCELLED IF I AM UNWILLING TO PAY ANY OF THESE FEES.

### IN NO EVENT SHALL COVERAGE BE EFFECTIVE PRIOR TO THE DATE AND HOUR OF COMPLETION OF THIS APPLICATION

**APPLICANT'S STATEMENT**
I hereby declare that the information provided to the Company when purchasing my Personal Auto Policy is true. I HEREBY AGREE THAT SUCH POLICY SHALL BE NULL AND VOID IF SUCH INFORMATION IS FALSE, OR MISLEADING, OR WOULD MATERIALLY AFFECT ACCEPTANCE OF THE RISK BY THE COMPANY. I also agree to pay any surcharges applicable under Company rules that are necessitated by inaccurate or incomplete statements. I understand that my policy will be cancelled if I am willing to pay the additional premium.
Note: In connection with your request for a premium quotation: (1) we may obtain consumer reports or personal or privileged information from third parties; (2) in certain circumstances, such information, as well as other personal or privileged information subsequently collected by us, may be disclosed to third parties without your authorization, but it is not our practice to do so; (3) you have the right to access and correct all personal information collected; and (4) at your request we will: (a) confirm whether a consumer report was requested and, if so, provide the name and address of the consumer reporting agency that furnished it; and (b) provide you more detailed information regarding our collection, use, and disclosure of personal information, and your rights to access and correct such information. I also acknowledge that the Company may obtain consumer report in the future for an update, renewal or extension of this insurance.

I agree that if I pay my initial premium by check, the coverage afforded by this policy is conditional on the check being honored by the bank when presented for payment. If the check in not honored, Omni shall be deemed not to have accepted the check and this policy shall be void from inception.

Insurance coverage is conditional upon the payment of premium and payment by electronic funds transfer, check, draft, debit card, credit card or other remittance is not considered payment until it is presented to and paid by the drawee financial institution. IF THE TRANSFER, CHECK, DEBIT CARD OR CREDIT CARD OR OTHER REMITTANCE I SUBMIT WITH THIS APPLICATION IS NOT HONORED BY THE FINANCIAL INSTITUTION DRAWN ON, COVERAGE WILL NOT TAKE EFFECT; The Company shall be deemed not to have accepted the payment and this policy shall be void.

I certify that:
• I have listed on this application all persons age 15 or older, licensed or not, who reside with me and all other drivers who may operate my auto(s) on a REGULAR or OCCASIONAL basis. This includes children away from home or away at school. I understand it is my obligation to report to the Company any change in driving status for any person currently listed, added or who operates my auto(s).
• Each vehicle listed in this application is garaged at the zip code provided in this application for my principle residence for ten (10) or more months each year and the garaging address of all listed auto(s) is the Pennsylvania address listed on this application.
• I have reported any driver that commutes out of state for work or school one or more times per week to the Company and agree to notify the Company prior to any such future commuting.
• I have reported any business or commercial use of my auto(s) to the Company and agree to notify the Company prior to any future business use. I understand that the Company does not cover losses if my vehicle is being used for business or commercial purposes and these purposes are not disclosed prior to the loss.
• If I have requested coverage for damages to my auto(s), I have reported to the Company all unrepaired damage or glass breakage.
• The Custom or Additional Equipment I want covered has been declared and is listed on this application.

The premium for the coverages itemized on this application are based upon rates in excess of standard rates in the Commonwealth of Pennsylvania Automobile Insurance Plan. I understand that discounts are available for drivers who meet the requirements for restraint systems, anti-theft devices, and driver improvement courses.

11/04/2014 12:55 FAX                                                                          @0004/0008

Regardless of the limits of liability shown on the Declarations page, the limits of liability afforded by this policy to anyone you give permission to drive the insured auto, who is not listed on the Declarations page prior to the loss, will not exceed the minimum statutory coverage required under Pennsylvania law.

**FRAUD**
The insurance policy is issued by Omni Insurance Company in reliance on the information provided in this insurance application, including, but not limited to information regarding license and driving history of the undersigned, "family members" and all persons of driving age in the undersigned's household; the description of the vehicles insured; the location of the principle place of garaging; and the undersigned's place of residence.

Omni Insurance Company may deny coverage for an accident if the undersigned or and "insured" have concealed or misrepresented any material or circumstance, or engaged in fraudulent conduct in connection with the presentation or settlement of a claim.

To the extent that we make payments to you under this policy and our subsequent investigation reveals your involvement in fraud or misrepresentation in the presentation of a claim, you must indemnify the Company for all payments made for that claim.

Any person who knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such a person to criminal and civil penalties.

APPLICANT'S SIGNATURE (applies to the sections listed below)
• Fees
• Applicant's Statement
• Fraud

I have read the above application and I declare that to the best of my knowledge and belief all of the foregoing statements are true. I understand that the coverage selection and limit choices indicated here or in any state supplement and I further declare that I will notify Omni Indemnity Company by phone, e-mail or in writing if any information on this application changes while the policy, or any renewal thereof, is in force. By signing below, I agree that this application becomes a part of my policy, is a legal document, and acknowledge that I have read the warnings and statements listed on this application.

**Signature of Applicant POLICY #: 4140872**                                            Date

### AGENT'S SIGNATURE

I certify that to the best of my knowledge, all information contained herein is correct; the statements made herein are those of the applicant and all questions have been answered by the applicant. I have explained all coverages and options to the applicant; and the applicant and I are retaining a duplicate signed copy hereof. I am legally qualified to submit this application on behalf of the applicant.

1000053279

**Signature of Agent**                                            Agent        Date
                                                                  Number

OMNI PA APP (04/11)

11/04/2014 12:55 FAX                                                         0005/0008

## IMPORTANT NOTICE

**Benefits and Limits Notice**

Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you, your spouse or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle:

(1) Medical benefits, up to at least $100,000.

(1.1) Extraordinary medical benefits, from $100,000 to $1,100,000 which may be offered in increments of $100,000.

(2) Income loss benefits, up to at least $2,500 per month up to a maximum benefit of at least $50,000.

(3) Accidental death benefits, up to at least $25,000.

(4) Funeral benefits, $2,500.

(5) As an alternative to paragraphs (1), (2), (3) and (4), a combination benefit, up to at least $177,500 of benefits in the aggregate or benefits payable up to three years from the date of the accident, whichever occurs first, subject to a limit on accidental death benefit of up to $25,000 and a limit on funeral benefit of $2,500, provided that nothing contained in this subsection shall be construed to limit, reduce, modify or change the provisions of 75 Pa. C.S.A. Section 1715(d) (relating to availability of adequate limits).

(6) Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages, except for policies issued under the Assigned Risk Plan. Also at least $5,000 for damage to property of others in any one accident.

Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

Your signature on this notice or your payment of any renewal premium evidences your actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected.

You may be eligible for discounts mandated by Act 6 of 1990: (1) on first party benefits coverage if your car is equipped with a passive restraint system; (2) on comprehensive coverage if your car is equipped with a passive antitheft device; or (3) if named insured is 55 or older and has successfully completed a motor vehicle driver improvement course approved by PennDOT. See your agent for details.

If you have any questions or you do not understand all of the various options available to you, contact your agent or company.

If you do not understand any of the provisions contained in this notice, contact your agent or company before you sign.

APPLICANT'S SIGNATURE POLICY #: 4140872:                    DATE:

_Shameka Lamar_                                             9/1/2012

SHAMEKA RENEE LAMAR
OMNI PA BENNOT (08/08)

11/04/2014 12:56 FAX                                                                    @0006/0008

## TORT OPTION SELECTION NOTICE TO NAMED INSUREDS

The laws of the Commonwealth of Pennsylvania, as enacted by the General Assembly, only require that you purchase liability and first-party medical benefit coverages. Any additional coverage or coverages in excess of the limits required by law are provided only at your request as enhancements to basic coverages.

The minimum motor vehicle insurance coverage and limits mandated by the Commonwealth are: Bodily Injury Liability - $15,000 for one person in any one accident and $30,000 for two or more persons in any one accident; Property Damage Liability - $5,000 per accident; and Medical Benefits - $5,000. The annual premium for these basic coverages are presented below.

A. "Limited Tort" Option - The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy or unless one of several other exceptions noted in the policy applies.

The annual premium for basic coverage as required by law under this "Limited tort" option is $1,464.66.
Additional coverages under this option are available at additional cost.

B. "Full Tort" Option - The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers.

The annual premium for basic coverage as required by law under the "Full Tort" option is $2,190.23.
Additional coverage under this option is available at additional cost.

C. You may contact your insurance agent, broker or company to discuss the cost of other coverages.

D. If you wish to choose the "Limited tort" option described in paragraph A, you must sign this notice where indicated below and return it. If you do not sign and return this notice, you will be considered to have chosen the "Full Tort" coverage as described in paragraph B and you will be charged the "Full tort" premium.

I WISH TO CHOOSE THE "LIMITED TORT" OPTION DESCRIBED IN PARAGRAPH A.

APPLICANT'S SIGNATURE    POLICY #: 4140872:                                 DATE:

_Shameka Lamar_                                                             9/1/2012

SHAMEKA RENEE LAMAR

E. If you wish to choose the "Full Tort" option described in paragraph B, you may sign this notice where indicated below and return it. However, if you do not sign and return this notice, you will be considered to have chosen the "Full Tort" coverage as described in paragraph B and you will be charged the "Full Tort" premium.

I wish to choose the "Full Tort" option described in paragraph B:

APPLICANT'S SIGNATURE    POLICY #: 4140872:                                 DATE:

SHAMEKA RENEE LAMAR

OMNI PA TORTOPT (08/08)

11/04/2014 12:57 FAX                                                   ☒ 0007/0008

## UNINSURED MOTORIST COVERAGE
## REJECTION OF UNINSURED MOTORIST PROTECTION

Uninsured Motorist protection is an insurance coverage you carry on your own policy that protects only you and your family if you or they are injured by a negligent driver who fails to have any insurance coverage.

Uninsured Motorist Coverage is an optional coverage. However, we are required to include it in your policy unless you take steps to reject it.

If you do not want uninsured motorist coverage, the first named insured must sign the appropriate line below.

This rejection applies to all future renewals, continuations, and changes unless I notify you in writing.

### REJECTION OF UNINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

SIGNATURE OF FIRST NAMED INSURED POLICY #: 4140872:                DATE:

SHAMEKA RENEE LAMAR
OMNI PA UMREJ (08/08)

11/04/2014 12:58 FAX                                                                ☑0008/0008

---

## UNDERINSURED MOTORIST COVERAGE
## REJECTION OF UNDERINSURED MOTORIST PROTECTION

Underinsured Motorist protection is an insurance coverage you carry on your own policy that protects only you and your family if you or they are injured by a negligent driver who does not have enough bodily injury liability insurance to cover your claims and whose policy limits are less than your underinsured motorists coverage limits.

Underinsured Motorist Coverage is an optional coverage. However, we are required to include it in your policy unless you take steps to reject it.

If you do not want underinsured motorist coverage, the first named insured must sign the appropriate line below.

This rejection applies to all future renewals, continuations, and changes unless I notify you in writing.

### REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

SIGNATURE OF FIRST NAMED INSURED POLICY #: <u>4140872</u>:                    DATE:

SHAMEKA RENEE LAMAR
OMNI PA UIMREJ (08/08)

---

9/1/2012 11:13:53 AM                                                          Page 10 of 13

EXHIBIT "2"

11/04/2014 12:52 FAX                                                    ☑0001/0008



# OMNI INSURANCE COMPANY
## 2018 POWERS FERRY ROAD
### SUITE 400
### ATLANTA, GA 30339

## APPLICATION FOR PRIVATE PASSENGER AUTO INSURANCE

| APPLICANT NAME AND ADDRESS | PRODUCER |
|---|---|
| SHAMEKA RENEE LAMAR<br>2545 W SILVER ST<br>PHILADELPHIA, PA 19132<br>Home: 215-667-4949 | OREGON INSTANT AUTO (1000053279)<br>2653 S 8TH ST<br>PHILADELPHIA, PA 19148<br>215-755-8045<br>Producer Name: ROBERT L PALUMBO 357175 |

| PREVIOUS ADDRESS (If less than 5 Years) | POLICY #: 4140872<br>POLICY EFFECTIVE:<br>September 1, 2012 to September 1, 2013 |
|---|---|

### APPLICANT INFORMATION

| First | Middle | Last | Suffix | Birth Date | Marital Status | Sex | SSN |
|---|---|---|---|---|---|---|---|
| SHAMEKA | RENEE | LAMAR | | 08/17/1980 | Sngl w/ cust of kids | Female | 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 |

List all persons over 14 years of age who are residents of the same household, LICENSED OR NOT.

| Name | Relationship | Excluded | License State | License Number | Date Licensed |
|---|---|---|---|---|---|
| SHAMEKA RENEE LAMAR | Self | No | PA | 25387713 | 08/01/2000 |

### EMPLOYMENT INFORMATION

| Applicant | Employer | |
|---|---|---|
| SHAMEKA RENEE LAMAR | | |
| | Occupation | UNEMPLOYED |
| Work Phone: | Years in Current Occupation | |
| | Years with Current Employer | |
| | Years with Previous Employer | |

### VEHICLES   [ NO ] - NAMED NON-OWNER POLICY? (If "Yes", complete Named Non-Owner Automobile Endorsement)

| VEH | VIN | Year | Make and Model | Body Style | Symbol | Odometer |
|---|---|---|---|---|---|---|
| 1 | 3GNEC13T13G139408 | 2003 | Chevrolet AVALANCHE 1500 BASE/Z66/Z71 | Utility Vehicle - Two Wheel Drive 4 Door | 13 | |

### VEHICLES (Cont.)

| VEH | Vehicle Use | Damaged | Anti-Theft | Restraint System |
|---|---|---|---|---|
| 1 | Pleasure | No | Antitheft Device Installed | Double Airbag |

### VEHICLE RATING

| VEH | Garaging Address (If different) | State Registered | Territory | Rate Class | Points |
|---|---|---|---|---|---|
| 1 | | | 1 | SF32 | 3 |

### ACCIDENT / CONVICTION POINTS - PAST 35 MONTHS

| Name | Date | Location Description | Points |
|---|---|---|---|
| 1. SHAMEKA RENEE LAMAR | 11/03/2009 | At-Fault Accident Over Threshold LOADED FROM CLUE<br>• PD Paid $1,798.00 | 3 |

### COVERAGES

The applicant elects the following tort option **Limited Tort.**
Appropriate Tort Option selection notice must be signed by the applicant and attached to this application.

| | |
|---|---|
| Bodily Injury Liability | 15,000 per person / 30,000 per occurrence |
| Property Damage Liability | 5,000 per occurrence |
| Medical Payments | 5,000 per person |
| Income Loss Protection | Rejected |
| Funeral Benefits | Rejected |
| Accidental Death | Rejected |

9/1/2012 11:13:53 AM                                                    Page 1 of 13

| | |
|---|---|
| Extraordinary Medical Expenses | Rejected |
| Uninsured Motorist BI | Rejected |
|   Stack benefits | NO |
| Underinsured Motorist BI | Rejected |
|   Stack benefits | NO |
| | Veh 1 |
| Collision Deductible | Rejected |
| Comprehensive Deductible | Rejected |
| Rental Reimbursement | Rejected |
| Towing and Labor | Rejected |
| Additional Custom Parts and Equipment | Rejected |

## DISCOUNTS AND SURCHARGES

| | |
|---|---|
| Vehicle 1 | Double Airbag |

## PREMIUMS

| Coverage | Veh 1 |
|---|---|
| Bodily Injury Liability Premium | $696.24 |
| Property Damage Liability Premium | $376.30 |
| Medical Payments Premium | $392.12 |
| Total ($1,464.66) | $1,464.66 |
| Deposit | $150.00 |
| Pay Plan 43 | 12 Month Extended |
| Rating Tier | K |
| Policy Tier | K |
| | |
| Deposit Fee | $12.00 |
| Policy Fee | $15.00 |

## PRIOR COVERAGE - 6 months continuous prior coverage with no more than 30 days lapse

| Name of Latest Carrier | Policy Number | Termination Date | Plan Coverage | Years | Policy Written Through Your Agency |
|---|---|---|---|---|---|
| | | | No | | No |

## HOMEOWNER · Proof will be required to receive the discount.

| | |
|---|---|
| Residency Status | Rent |
| Residency Type | Other |
| Acceptable proof of home ownership includes mortgage coupon/statement, property tax records, or deed. | |

## GENERAL INFORMATION — During the past three years, has the applicant, any household member, or any driver:

| | | | | |
|---|---|---|---|---|
| Date agent last inspected vehicle | | If yes, explain | | |
| Any other auto insurance in household? (Include any provided by an employer) | NO | Has any person in the household had a license suspension or revocation in the last 35 months? | NO | |
| If yes, explain | | If yes, explain | | |
| Had a Comprehensive claim of $1,450 or more in last 35 months? | NO | Any residents of your household, 14 years old and older, that have NOT been disclosed on this application (licensed or not)? | NO | |
| If yes, how many | | Do all drivers reside in the named insured's household? | YES | |
| Any coverage declined, cancelled, or non-renewed during the last 3 years? | NO | If no, explain | | |
| If yes, explain | | Are all vehicles garaged in Pennsylvania for at least 10 months per year? | YES | |
| Have health problems or physical, mental or emotional handicap or disability that would impair driving ability? | NO | If no, explain | | |
| If yes, explain | | Are there any occasional operators not rated as previously described? | NO | |
| Has vehicle ever been salvaged? | NO | If yes, explain | | |
| If yes, explain | | Are there any other cars in the household or available for regular use not previously described? | NO | |
| Any vehicle "Gray Market" (i.e. not manufactured for original sale in the U.S.)? | NO | If yes, explain | | |
| If yes, explain | | Does any listed vehicle have unrepaired damage? | NO | |
| Is vehicle titled in any name other than the named insured? | NO | If yes, describe | | |
| If yes, who & why? | | Has any operator been licensed in the U.S. or Canada for less than 3 years (except ages 16-19)? | NO | |
| Any vehicles listed on this application used for hire (taxi, limo, etc.), commercial or business purposes, delivery (pizza, newspaper, etc.), or used in the course or scope of your employment? | NO | If yes, explain | | |

## BINDER/SIGNATURE

| INSURANCE BINDER | | IF THE "BINDER" BOX TO THE LEFT IS COMPLETED, THE FOLLOWING CONDITIONS APPLY: THIS COMPANY BINDS THE KIND(S) OF INSURANCE STIPULATED ON THIS APPLICATION. THIS INSURANCE IS SUBJECT TO THE TERMS, CONDITIONS AND LIMITATIONS OF THE POLICY(IES) IN CURRENT USE BY THE COMPANY. |
|---|---|---|
| EFFECTIVE DATE | EXPIRATION DATE | |
| 09/01/2012 | 10/01/2012 | |

11/04/2014 12:54 FAX                                                                                              ☑0003/0008

| TIME 10:59 AM ET | ☑ 12:01 AM | THIS BINDER MAY BE CANCELLED BY THE INSURED BY SURRENDER OF THIS BINDER OR BY WRITTEN NOTICE TO THE COMPANY STATING WHEN CANCELLATION WILL BE EFFECTIVE. THIS BINDER MAY BE CANCELLED BY THE COMPANY BY NOTICE TO THE INSURED IN ACCORDANCE WITH THE POLICY CONDITIONS. THIS BINDER IS CANCELLED WHEN REPLACED BY A POLICY. IF THIS BINDER IS NOT REPLACED BY A POLICY, THE COMPANY IS ENTITLED TO CHARGE A PREMIUM FOR THE BINDER ACCORDING TO THE RULES AND RATES IN USE BY THE COMPANY. THE QUOTED PREMIUM IS SUBJECT TO VERIFICATION AND ADJUSTMENT, WHEN NECESSARY, BY THE COMPANY. |
|---|---|---|
|  | ☐ NOON |  |
| ☐ COVERAGE IS NOT BOUND |  |  |

## NOTICE OF INSURANCE INFORMATION PRACTICES

I UNDERSTAND THAT TO CALCULATE AN ACCURATE PRICE FOR MY INSURANCE, THE COMPANY MAY OBTAIN INFORMATION FROM THIRD PARTIES, SUCH AS CONSUMER REPORTING AGENCIES THAT PROVIDE DRIVING, CLAIMS AND CREDIT HISTORIES FOR YOU AND ALL OTHERS LISTED ON THIS APPLICATION. THE COMPANY MAY USE A CREDIT-BASED INSURANCE SCORE BASED ON THE INFORMATION CONTAINED IN THE CREDIT HISTORY. THE COMPANY OR ITS AFFILIATES MAY OBTAIN NEW OR UPDATED INFORMATION TO CALCULATE MY RENEWAL PREMIUM OR SERVICE MY INSURANCE. I MAY ACCESS INFORMATION ABOUT ME AND CORRECT IF INACCURATE. IN SOME CASES, THE LAW PERMITS THE COMPANY TO DISCLOSE THE INFORMATION IT COLLECTS WITHOUT AUTHORIZATION. HOWEVER, THE COMPANY WILL NOT SHARE PERSONAL INFORMATION WITH NONAFFILIATED COMPANIES FOR THEIR MARKETING PURPOSES WITHOUT CONSENT. YOU HAVE THE RIGHT TO REVIEW YOUR PERSONAL INFORMATION IN OUR FILES AND CAN REQUEST CORRECTION OF ANY INACCURACIES. A MORE DETAILED DESCRIPTION OF YOUR RIGHTS AND OUR PRACTICES REGARDING SUCH INFORMATION IS AVAILABLE UPON REQUEST. I UNDERSTAND THE DECISION TO REQUEST A CREDIT REPORT IS NOT BASED ON RACE, COLOR, CREED, MARITAL STATUS, SEX, OR NATIONAL ORIGIN. I UNDERSTAND I SHALL BE ADVISED HOW TO OBTAIN A COPY OF MY REPORT IF AN ADVERSE UNDERWRITING DECISION OCCURS.

### FEES

I ACKNOWLEDGE THAT THE ELECTRONIC FUNDS TRANSFER (EFT) PAYMENT PLAN INCLUDES A $5.00 SERVICE FEE PER PAYMENT. I ACKNOWLEDGE THAT ALL OTHER PAYMENT PLANS INCLUDE A $12.00 NON-STANDARD INSTALLMENT FEE PER PAYMENT. I UNDERSTAND AND AGREE TO PAY A CREDIT CARD FEE OF $3.00 FOR ANY PAYMENT MADE TO THE COMPANY WITH A CREDIT CARD OR DEBIT CARD. I ALSO AGREE TO PAY A $12.00 LATE PAYMENT FEE DURING THE POLICY TERM AND EACH RENEWAL POLICY TERM WHEN A PAYMENT IS RECEIVED BY THE COMPANY AFTER THE PREMIUM DUE DATE. I UNDERSTAND AND AGREE TO PAY A REINSTATEMENT FEE OF $15.00 EACH TIME MY CANCELLED POLICY IS REINSTATED. REINSTATEMENT IS NOT A WAIVER OF RIGHTS BY THE COMPANY AND DOES NOT IMPOSE FURTHER DUTIES ON THE COMPANY AS TO FUTURE CANCELLATIONS. REINSTATEMENT WILL NOT TAKE AFFECT IF THE CHECK OR CREDIT CARD I SUBMIT FOR REINSTATEMENT IS NOT HONORED BY THE FINANCIAL INSTITUTION DRAWN ON. I UNDERSTAND AND AGREE TO PAY A FINAL CANCELLATION FEE OF $50.00 IF THE COMPANY CANCELS THIS POLICY DUE TO MY FAILURE TO PAY ANY PREMIUM WHEN DUE. I UNDERSTAND AND AGREE TO PAY A $30.00 FEE FOR EVERY PAYMENT RETURNED TO THE COMPANY FOR NON-SUFFICIENT FUNDS (NSF). I AGREE TO PAY A $15.00 POLICY FEE TO BE COLLECTED IN THE INITIAL PAYMENT FOR EACH POLICY TERM. I UNDERSTAND THAT MY POLICY WILL BE CANCELLED IF I AM UNWILLING TO PAY ANY OF THESE FEES.

## IN NO EVENT SHALL COVERAGE BE EFFECTIVE PRIOR TO THE DATE AND HOUR OF COMPLETION OF THIS APPLICATION

### APPLICANT'S STATEMENT

I hereby declare that the information provided to the Company when purchasing my Personal Auto Policy is true. I HEREBY AGREE THAT SUCH POLICY SHALL BE NULL AND VOID IF SUCH INFORMATION IS FALSE, OR MISLEADING, OR WOULD MATERIALLY AFFECT ACCEPTANCE OF THE RISK BY THE COMPANY. I also agree to pay any surcharges applicable under Company rules that are necessitated by inaccurate or incomplete statements. I understand that my policy will be cancelled if I am willing to pay the additional premium.
Note: In connection with your request for a premium quotation: (1) we may obtain consumer reports or personal or privileged information from third parties; (2) in certain circumstances, such information, as well as other personal or privileged information subsequently collected by us, may be disclosed to third parties without your authorization, but it is not our practice to do so; (3) you have the right to access and correct all personal information collected; and (4) at your request we will: (a) confirm whether a consumer report was requested and, if so, provide the name and address of the consumer reporting agency that furnished it; and (b) provide you more detailed information regarding our collection, use, and disclosure of personal information, and your rights to access and correct such information. I also acknowledge that the Company may obtain consumer report in the future for an update, renewal or extension of this insurance.

I agree that if I pay my initial premium by check, the coverage afforded by this policy is conditional on the check being honored by the bank when presented for payment. If the check is not honored, Omni shall be deemed not to have accepted the check and this policy shall have no effect from inception.

Insurance coverage is conditional upon the payment of premium and payment by electronic funds transfer, check, draft, debit card, credit card or other remittance is not considered payment until it is presented to and paid by the drawee financial institution. IF THE TRANSFER, CHECK, DEBIT CARD OR CREDIT CARD OR OTHER REMITTANCE I SUBMIT WITH THIS APPLICATION IS NOT HONORED BY THE FINANCIAL INSTITUTION DRAWN ON, COVERAGE WILL NOT TAKE EFFECT; The Company shall be deemed not to have accepted the payment and this policy shall be void.

I certify that:
• I have listed on this application all persons age 15 or older, licensed or not, who reside with me and all other drivers who may operate my auto(s) on a REGULAR or OCCASIONAL basis. This includes children away from home or away at school. I understand it is my obligation to report to the Company any change in driving status for any person currently listed, added on my policy, residing in my household, or who operates my auto(s).
• Each vehicle listed in this application is garaged at the zip code provided in this application for my principle residence for ten (10) or more months each year and the garaging address of all listed auto(s) is the Pennsylvania address listed on this application.
• I have reported any driver that commutes out of state for work or school one or more times per week to the Company and agree to notify the Company prior to any such future commuting.
• I have reported any business or commercial use of my auto(s) to the Company and agree to notify the Company prior to any future business use. I understand that the Company does not cover losses if my vehicle is being used for business or commercial purposes and these purposes are not disclosed prior to the loss.
• If I have requested coverage for damages to my auto(s), I have reported to the Company all unrepaired damage or glass breakage.
• The Custom or Additional Equipment I want covered has been declared and is listed on this application.

The premium for the coverages itemized on this application are based upon rates in excess of standard rates in the Commonwealth of Pennsylvania Automobile Insurance Plan. I understand that discounts are available for drivers who meet the requirements for restraint systems, anti-theft devices, and driver improvement courses.

Regardless of the limits of liability shown on the Declarations page, the limits of liability afforded by this policy to anyone you give permission to drive the insured auto, who is not listed on the Declarations page prior to the loss, will not exceed the minimum statutory coverage required under Pennsylvania law.

**FRAUD**
The insurance policy is issued by Omni Insurance Company in reliance on the information provided in this insurance application, including, but not limited to information regarding license and driving history of the undersigned, "family members" and all persons of driving age in the undersigned's household; the description of the vehicles insured; the location of the principle place of garaging; and the undersigned's place of residence.

Omni Insurance Company may deny coverage for an accident if the undersigned or and "insured" have concealed or misrepresented any material or circumstance, or engaged in fraudulent conduct in connection with the presentation or settlement of a claim.

To the extent that we make payments to you under this policy and our subsequent investigation reveals your involvement in fraud or misrepresentation in the presentation of a claim, you must indemnify the Company for all payments made for that claim.

Any person who knowingly and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such a person to criminal and civil penalties.

APPLICANT'S SIGNATURE (applies to the sections listed below)
• Fees
• Applicant's Statement
• Fraud

I have read the above application and I declare that to the best of my knowledge and belief all of the foregoing statements are true. I understand that the coverage selection and limit choices indicated here or in any state supplement and I further declare that I will notify Omni Indemnity Company by phone, e-mail or in writing if any information on this application changes while the policy, or any renewal thereof, is in force. By signing below, I agree that this application becomes a part of my policy, is a legal document, and acknowledge that I have read the warnings and statements listed on this application.

_Shaneka Vtma_

**Signature of Applicant POLICY #:** 4140872                                         Date  9/1/2012

## AGENT'S SIGNATURE

I certify that to the best of my knowledge, all information contained herein is correct; the statements made herein are those of the applicant and all questions have been answered by the applicant. I have explained all coverages and options to the applicant; and the applicant and I are retaining a duplicate signed copy hereof. I am legally qualified to submit this application on behalf of the applicant.

                                                                1000053279          9/1/2012

**Signature of Agent**                                           Agent          Date
                                                                Number

OMNI PA APP (04/11)

# IMPORTANT NOTICE

Benefits and Limits Notice

Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you, your spouse or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle:

(1) Medical benefits, up to at least $100,000.

(1.1) Extraordinary medical benefits, from $100,000 to $1,100,000 which may be offered in increments of $100,000.

(2) Income loss benefits, up to at least $2,500 per month up to a maximum benefit of at least $50,000.

(3) Accidental death benefits, up to at least $25,000.

(4) Funeral benefits, $2,500.

(5) As an alternative to paragraphs (1), (2), (3) and (4), a combination benefit, up to at least $177,500 of benefits in the aggregate or benefits payable up to three years from the date of the accident, whichever occurs first, subject to a limit on accidental death benefit of up to $25,000 and a limit on funeral benefit of $2,500, provided that nothing contained in this subsection shall be construed to limit, reduce, modify or change the provisions of 75 Pa. C.S.A. Section 1715(d) (relating to availability of adequate limits).

(6) Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages, except for policies issued under the Assigned Risk Plan. Also at least $5,000 for damage to property of others in any one accident.

Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

Your signature on this notice or your payment of any renewal premium evidences your actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected.

You may be eligible for discounts mandated by Act 6 of 1990: (1) on first party benefits coverage if your car is equipped with a passive restraint system; (2) on comprehensive coverage if your car is equipped with a passive antitheft device; or (3) if named insured is 55 or older and has successfully completed a motor vehicle driver improvement course approved by PennDOT. See your agent for details.

If you have any questions or you do not understand all of the various options available to you, contact your agent or company.

If you do not understand any of the provisions contained in this notice, contact your agent or company before you sign.

APPLICANT'S SIGNATURE POLICY #: 4140872:                          DATE:

SHAMEKA RENEE LAMAR
OMNI PA BENNOT (08/08)

11/04/2014 12:56 FAX                                                                  @0006/0008

# TORT OPTION SELECTION NOTICE TO NAMED INSUREDS

The laws of the Commonwealth of Pennsylvania, as enacted by the General Assembly, only require that you purchase liability and first-party medical benefit coverages. Any additional coverage or coverages in excess of the limits required by law are provided only at your request as enhancements to basic coverages.

The minimum motor vehicle insurance coverage and limits mandated by the Commonwealth are: Bodily Injury Liability - $15,000 for one person in any one accident and $30,000 for two or more persons in any one accident; Property Damage Liability - $5,000 per accident; and Medical Benefits - $5,000. The annual premium for these basic coverages are presented below.

A. "Limited Tort" Option - The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy or unless one of several other exceptions noted in the policy applies.

The annual premium for basic coverage as required by law under this "Limited tort" option is $1,464.66.
Additional coverages under this option are available at additional cost.

B. "Full Tort" Option - The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers.

The annual premium for basic coverage as required by law under the "Full Tort" option is $2,190.23.
Additional coverage under this option is available at additional cost.

C. You may contact your insurance agent, broker or company to discuss the cost of other coverages.

D. If you wish to choose the "Limited tort" option described in paragraph A, you must sign this notice where indicated below and return it. If you do not sign and return this notice, you will be considered to have chosen the "Full Tort" coverage as described in paragraph B and you will be charged the "Full tort" premium.

I WISH TO CHOOSE THE "LIMITED TORT" OPTION DESCRIBED IN PARAGRAPH A.

APPLICANT'S SIGNATURE   POLICY #: 4140872:                              DATE:

_Shameka Lamar_                                                         9/1/2012

SHAMEKA RENEE LAMAR

E. If you wish to choose the "Full Tort" option described in paragraph B, you may sign this notice where indicated below and return it. However, if you do not sign and return this notice, you will be considered to have chosen the "Full Tort" coverage as described in paragraph B and you will be charged the "Full Tort" premium.

I wish to choose the "Full Tort" option described in paragraph B:

APPLICANT'S SIGNATURE   POLICY #: 4140872:                              DATE:



SHAMEKA RENEE LAMAR

OMNI PA TORTOPT (08/08)

11/04/2014 12:57 FAX                                                    0007/0008

## UNINSURED MOTORIST COVERAGE
## REJECTION OF UNINSURED MOTORIST PROTECTION

Uninsured Motorist protection is an insurance coverage you carry on your own policy that protects only you and your family if you or they are injured by a negligent driver who fails to have any insurance coverage.

Uninsured Motorist Coverage is an optional coverage. However, we are required to include it in your policy unless you take steps to reject it.

If you do not want uninsured motorist coverage, the first named insured must sign the appropriate line below.

This rejection applies to all future renewals, continuations, and changes unless I notify you in writing.

### REJECTION OF UNINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

SIGNATURE OF FIRST NAMED INSURED POLICY #: 4140872:            DATE:

_____              _____

SHAMEKA RENEE LAMAR
OMNI PA UMREJ (08/08)

9/1/2012 11:13:53 AM                                        Page 9 of 13

@0008/0008

## UNDERINSURED MOTORIST COVERAGE
## REJECTION OF UNDERINSURED MOTORIST PROTECTION

Underinsured Motorist protection is an insurance coverage you carry on your own policy that protects only you and your family if you or they are injured by a negligent driver who does not have enough bodily injury liability insurance to cover your claims and whose policy limits are less than your underinsured motorists coverage limits.

Underinsured Motorist Coverage is an optional coverage. However, we are required to include it in your policy unless you take steps to reject it.

If you do not want underinsured motorist coverage, the first named insured must sign the appropriate line below.

This rejection applies to all future renewals, continuations, and changes unless I notify you in writing.

### REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

SIGNATURE OF FIRST NAMED INSURED POLICY #: 4140872:                 DATE:

SHAMEKA RENEE LAMAR
OMNI PA UIMREJ (08/08)

EXHIBIT "3"

LAW OFFICES

# KELLY & HERRON, P.C.

KEVIN P. KELLY
kkelly@kellyherronlaw.com

PAUL L. HERRON
pherron@kellyherronlaw.com

1500 MARKET STREET
CENTRE SQUARE - WEST TOWER
SUITE W-3110
PHILADELPHIA, PENNSYLVANIA 19102-2100
(215) 972-1500
FAX (215) 972-8217

SUBURBAN OFFICE
845 KING OF PRUSSIA ROAD
RADNOR, PA 19087

July 1, 2014

Jill Schrader
Omni Insurance Company
PO Box 105019
Atlanta, GA 30348-5019

RE:   Our Client:      Richard A. Duncan, Jr.
      Your Insured:    Shameka Lamar
      Your Claim No.:  2012 84855
      Date of Accident: 10/8/2012

Dear Ms. Schrader:

As you are aware, this office represents Richard Duncan, Jr. in a claim for injuries and other damages he sustained in the motor vehicle accident of October 8, 2012.  My client was a passenger aboard the SEPTA Route "47" bus involved in the collision with the vehicle owned by your insured and operated by Chris Aaron at or near the intersection of 8th and Dickinson Streets in Philadelphia, PA.

Our investigation reveals liability clearly rests on your insured; the SEPTA bus was at a complete stop when your insured's driver struck the bus in the rear.  His careless and negligent acts and/or omissions resulted in the aforesaid collision and caused my client to sustain serious and disabling injuries.

Mr. Duncan sustained injuries including, but not limited to, cervical sprain and strain; lumbar sprain and strain; thoracic sprain and strain; and post-traumatic cephalgia.

In an effort to cure the aforesaid injuries, my clients sought medical treatment from the following providers and incurred medical expenses as itemized:

      1.   JEFFERSON UNIVERSITY HOSPITAL
           10/08/12                    $ will supply
           11/26/12                    $ 1,852.00

# KELLY & HERRON, P.C.

Omni
Page Two
July 1, 2014

|   |   |   |
|---|---|---|
| 2. | ART OF PAIN MANAGEMENT 10/10/12 - 2/27/13 | $16,345.00 |
| 3. | DELAWARE CO. OPEN MRI 12/04/12 | $ 1,100.00 |
| 4. | CITY OF PHILA EMS 10/08/12 | $  970.00 |

TOTAL MEDICAL SPECIALS:        $ 20,267.00

Mr. Duncan continues to suffer pain and restriction of movement in his back. He has incurred medical expenses as itemized above. He has incurred out of pocket expenses including excess medical bills in the amount of $20,267.00; as he was a passenger on a stationary SEPTA bus, he is not entitled to PIP benefits, and he does not personally own a vehicle, nor does he reside with a relative who owns a vehicle; I enclose a copy of his properly executed Affidavit of No Insurance. Accordingly, all of his medical bills remain unpaid. He has been deprived of life's pleasures. He has in the past and will continue in the future to suffer pain and inconvenience as a result of the negligence of your insured's driver.

In view of the manner in which this accident happened, the medical expenses/economic damages suffered by my client, and the continuing residual affects he is experiencing, my demand for settlement purposes is Fifty Two Thousand Five Hundred ($52,500.00) Dollars.

Kindly contact the undersigned upon completion of your settlement evaluation with a view toward an amicable resolution of this claim.

# KELLY & HERRON, P.C.

Omni
Page Three
July 1, 2014

Thank you for your attention to this matter.

                              Very truly yours,


                              KEVIN P. KELLY, Esquire

KPK/lml
enclosures

EXHIBIT "4"



OMNI INSURANCE COMPANY
P.O. BOX 3000
PLYMOUTH MEETING, PA 19462
PHONE: 800-954-2442 / FAX: 610-832-2138

KEVIN P. KELLY
KELLY & HERRON
1700 MARKET ST., STE. 3112
PHILADELPHIA, PA 19103

July 08, 2014

Re:
Insured: Shameka Lamar
Driver: Chris Porter, aka Chris Aaron
Our Claim Number: 2012-84855
Loss Date:  10/08/2012
Your Client: Richard Duncan, Jr.

Dear Mr. Kelly:

Omni Insurance Company has completed its investigation into the above captioned loss. We have determined there is no coverage, as the insured vehicle was being operated by an unlicensed driver.

The policy reads in Part A-Liability Coverage, that an "Insured as used in this Part means: 3. A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at the time of loss and must not be a regular operator of your covered auto." Additionally, Exclusion 16 reads in pertinent part: "We do not provide Liability Coverage for any insured: 16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who: c. Does not have a valid driver's license; or d. Has a suspended or revoked driver's license." Our investigation has revealed that the vehicle operator did not have a valid license.

Due to the insured vehicle being operated by an unlicensed driver, Omni Insurance Company will be unable to provide liability coverage, or make any payments relative to damages that may have resulted in the accident.

If you wish to discuss this matter, I can be reached Monday-Friday, 8:00 am –4:00 pm, at 800-954-2442, ext. 8765.

Sincerely,

Andrew Funk
Bodily Injury Supervisor

EXHIBIT "5"

KELLY & HERRON, P.C.
BY: KEVIN P. KELLY, ESQUIRE
ATTORNEY I.D. No: 28306
1500 Market Street, Suite W3110
Philadelphia, PA 19102
(215) 972-1500

Attorney for Plaintiffs

RICHARD DUNCAN

vs.

CHRIS AARON
and
SHAMEKA RENEE LAMAR

: PHILADELPHIA COUNTY
: COURT OF COMMON PLEAS
:
: SEPTEMBER TERM, 2014
:
: NO. 0479
:

## COMPLAINT IN CIVIL ACTION
## 2V — MOTOR VEHICLE ACCIDENT

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomaga medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABAGADO O SINO TIENE ELDINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

7.22.15 @ 6:26 pm
7.23.15 @ 5:45 pm
7.24.15 @ 10:20 Am
7.24.15 @ 3:25 pm    267 973 7146
7.28.15 @ 7:55 pm
7.29.15 @ 6:40 pm

## COMPLAINT IN CIVIL ACTION

1.    Plaintiff, Richard Duncan, is an adult individual residing at 319 Whites Road, Apartment D4, Lansdale, PA, 19446.

2.    Defendant, Chris Aaron, is an adult individual residing at 428 Mifflin Street, Philadelphia, PA, 19148.

3.    Defendant, Shameka Renee Lamar is an adult individual residing at 2545 W. Silver Street, Philadelphia, PA  19132.

4.    On or about October 8, 2012, and at all times relevant herein, defendant, Chris Aaron, with permissive use, possessed, controlled and operated a vehicle believed to be a 2003 Chevrolet Avalanche, PA registration ZCV-5288, which vehicle was owned by defendant, Shameka Renee Lamar, and involved in the accident hereinafter described.

5.    On or about October 8, 2012, and at all times relevant herein, plaintiff was a passenger aboard the SEPTA Route "47" bus which was at a complete stop at a posted stop sign southbound on 8th Street at its intersection with Dickenson Street in the City of Philadelphia, PA when it was suddenly and unexpectedly struck in the rear by the vehicle owned by defendant, Shameka Renee Lamar, and operated by defendant, Chris Aaron, which was then and there traveling in a southbound direction on 8th Street in a careless and negligent manner.

COUNT ONE
RICHARD DUNCAN v. CHRIS AARON
NEGLIGENCE

6.   Plaintiff incorporates by reference paragraphs one through five of this Complaint as though same were fully set forth at length.

7.   The automobile collision described in the preceding paragraphs of this Complaint was caused by the carelessness and negligence of the Defendant, Chris Aaron, both generally and in the following particular respects:

(a)   Failing to observe the stopped SEPTA bus;

(b)   Failing to maintain a proper lookout;

(c)   Failing to maintain adequate control of the operation of said motor vehicle;

(d)   Operating said motor vehicle at a speed which was excessive under the circumstances;

(e)   Failing to stop said motor vehicle within the assured clear distance ahead;

(f)   Operating said motor vehicle without due regard for the point and position of the opposing motor vehicle; and

(g)   Failing to operate said motor vehicle with due care and regard for the health and safety of Plaintiff.

8.   As a result of the Defendant's negligence and the accident caused thereby, Plaintiff sustained severe bodily injuries including, but not limited to, cervical sprain and strain; lumbar sprain and strain; thoracic sprain and strain; and post-traumatic cephalgia; multiple bruises, lacerations and abrasions, together

with a severe shock to his nervous system, some or all of which may be permanent in nature and, as a result, the Plaintiff has suffered and continues to suffer pain and inconvenience as a result of these injuries.

9. As a further result of the foregoing, the Plaintiff has been obliged to receive and under medical attention and care and to incur various expenses for same and he may be obliged to continue to undergo such medical care and to incur such expenses for an indefinite time in the future.

10. As a further result of the foregoing, the Plaintiff has suffered, and will continue to suffer, a severe loss of his earnings and/or impairment of earning capacity or power, which loss and/or impairment has or may exceed the sum recoverable under the limitations in the Pennsylvania Financial Responsibility Law.

11. As a further result of the foregoing, the Plaintiff has suffered in the past, and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of his usual duties, pursuits and pleasures.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly and severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars.

COUNT TWO
RICHARD DUNCAN v. SHAMEKA RENEE LAMAR
NEGLIGENT ENTRUSTMENT

12. Plaintiff incorporates by reference paragraphs one through eleven of this Complaint as though same were fully set

forth at length.

13.   The aforesaid collision, which caused plaintiff's injuries and losses was a direct and proximate result of the negligent and careless conduct of the defendant owner, Shameka Renee Lamar, which consisted of the following:

   a)   failing to exercise due care for the rights, safety and position of the plaintiff at the location aforesaid;

   b)   failing to maintain the vehicle in proper working order;

   c)   negligently and carelessly granting permission to the defendant driver for the use of the vehicle owned by the defendant owner, when the latter defendant knew or should have known that the former defendant was unlicensed and/or incapable or unwilling to properly and safely operate said vehicle.

14.   The defendant owner, Shameka Renee Lamar, is liable to the plaintiff for the damages suffered as more fully set forth hereinbefore by virtue of the failure to investigate the qualifications and capabilities of the defendant driver to operate the motor vehicle which the defendant driver was operating at the time of the incident.

15.   The defendant owner, Shameka Renee Lamar, is further liable to the plaintiff in that she provided permissive use of her vehicle to the defendant, Chris Aaron, when she knew, or should have known, that defendant Aaron did not possess a valid operator's license on the date of the accident herein.

16.   Defendant, Shameka Renee Lamar, knew, or should have known, that her automobile insurance policy contained an exclusion stating the policy did not afford liability coverage in the event

the driver of her vehicle did not possess a valid operators license when involved in an motor vehicle accident.

17.   As a result of the Defendant's negligence and the accident caused thereby, Plaintiff sustained severe bodily injuries including, but not limited to, cervical sprain and strain; lumbar sprain and strain; thoracic sprain and strain; and post-traumatic cephalgia; multiple bruises, lacerations and abrasions, together with a severe shock to his nervous system, some or all of which may be permanent in nature and, as a result, the Plaintiff has suffered and continues to suffer pain and inconvenience as a result of these injuries.

18.   As a further result of the foregoing, the Plaintiff has been obliged to receive and under medical attention and care and to incur various expenses for same and he may be obliged to continue to undergo such medical care and to incur such expenses for an indefinite time in the future.

19.   As a further result of the foregoing, the Plaintiff has suffered, and will continue to suffer, a severe loss of his earnings and/or impairment of earning capacity or power, which loss and/or impairment has or may exceed the sum recoverable under the limitations in the Pennsylvania Financial Responsibility Law.

20.   As a further result of the foregoing, the Plaintiff has suffered in the past, and will continue to suffer in the future, excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of his usual duties, pursuits and pleasures.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly and severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars.

KELLY & HERRON, P.C.

By:_____ /s/ _____
        KEVIN P, KELLY, ESQUIRE
        Attorney for Plaintiff

EXHIBIT "6"



OMNI INSURANCE COMPANY
P.O. BOX 3000
PLYMOUTH MEETING, PA 19462
PHONE: 800-954-2442 / FAX: 610-832-2138

SHAMEKA RENEE LAMAR
2545 W SILVER ST
PHILADELPHIA, PA 19132

September 16, 2014

Policy Number: 4140872
Our Claim Number: 2012-84855
Loss Date: 10/08/2012

Dear SHAMEKA RENEE LAMAR,

Omni Insurance Company has completed its investigation into the above captioned loss. We have determined there is no coverage, as the insured vehicle was being operated by an unlicensed driver.

The policy reads in Part A-Liability Coverage, that an "Insured as used in this Part means: 3. A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at the time of loss and must not be a regular operator of your covered auto." Additionally, Exclusion 16 reads in pertinent part: "We do not provide Liability Coverage for any insured: 16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who: c. Does not have a valid driver's license; or d. Has a suspended or revoked driver's license." Our investigation has revealed that the vehicle operator did not have a valid license.

Due to the insured vehicle being operated by an unlicensed driver, Omni Insurance Company will be unable to provide liability coverage, or make any payments relative to damages that may have resulted in the accident.

You are being sued. I enclose herewith a copy of the suit. You will need to retain your own attorney, at your own expense, as Omni will not be providing an attorney for you based on the above coverage denial.

If you wish to discuss this matter, please feel free to contact Karen Giorno at 800-954-2442, ext. 8358.

Sincerely,

Scott Mascioli
Litigation Manager

AIICO 0267

EXHIBIT "7"



OMNI INSURANCE COMPANY
P.O. BOX 3000
PLYMOUTH MEETING, PA 19462
PHONE: 800-954-2442 / FAX: 610-832-2136

CHRIS PORTER
428 MIFFLIN STREET
PHILADELPHIA, PA 19148

September 16, 2014

Policy Number: 4140872
Our Claim Number: 2012-84855
Loss Date: 10/08/2012

Dear Chris Porter,

Omni Insurance Company has completed its investigation into the above captioned loss. We have determined there is no coverage, as the insured vehicle was being operated by an unlicensed driver.

The policy reads in Part A-Liability Coverage, that an "Insured as used in this Part means: 3. A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at the time of loss and must not be a regular operator of your covered auto." Additionally, Exclusion 16 reads in pertinent part: "We do not provide Liability Coverage for any insured: 16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who: c. Does not have a valid driver's license; or d. Has a suspended or revoked driver's license." Our investigation has revealed that the vehicle operator did not have a valid license.

Due to the insured vehicle being operated by an unlicensed driver, Omni Insurance Company will be unable to provide liability coverage, or make any payments relative to damages that may have resulted in the accident.

You are being sued. I enclose herewith a copy of the suit. You will need to retain your own attorney, at your own expense, as Omni will not be providing one for you based on the above coverage denial.

If you wish to discuss this matter, please feel free to contact Karen Giorno at 800-954-2442, ext. 8358.

Sincerely,

Scott Mascioli
Litigation Manager

AIICO 0266

EXHIBIT "8"

First Judicial District of Pennsylvania
Philadelphia Court of Common Pleas

Richard Duncas, Plaintiff
118 Girard Ave., Apt. C
Glenside, PA 19038

September Term, 2014 .00479
(Month)      (Year)    (No.)

Arbitration
(Please indicate type of action)
☑ Motor Vehicle

Defendants,                    Versus

Chris Aaron        Shamelia Renee Lamar
428 McMullin St.  2545 W. Silver St.
Philadelphia, PA  Philadelphia, PA
19148             19132

(Date of Accident) 11-8-12

☐ Delay Damages (Prime Rate +1)
Duncan Vs Aaron Etal-AWFFP

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖  ≐ 6%)
14090047900021

☐ Other_____

## Report and Award of Arbitrators

And Now, this 3 day of June , Year 2015, we the undersigned arbitrators having been duly appointed and sworn, make the following award:

Judgement for Plaintiff and against
Defendants Chris Aaron and Shamelia Renee Lamar
in the amount of $28,000⁰⁰ ($13,000⁰⁰ for medicals
and $15,000⁰⁰ for pain and suffering).

Please name the parties if there are more than one plaintiff and/or defendant. Please address all counterclaims and cross-claims. Please complete percentage of negligence on reverse side if applicable.

_____
Chairperson

_____
Arbitrator

_____
Arbitrator

Alston B. Mendoza, 1525 Spruce St. 4th Fl., Phila, PA 7/0:
Please Print Name, Address and I.D. No.    #56962
Ruth Yearson - 3001 S. Sydenham St. Phila, PA 19145-
Please Print Name, Address and I.D. No.
33 S. 15th St. 6th Fl.
Michael S. Miller Jr. PPA 19102   #F310431
Please Print Name, Address and I.D. No.

List Attorneys of Record and Unrepresented Parties Who:
Appeared at the hearing:

Kevin P. Kelly for Plaintiff

Did Not Appear at the Hearing:
Def. Chris Aaron
Def. Shamelia Renee Lamar

30-210 (Rev. 2/09)

Case ID: 14090047

## Questions to be Answered by the Arbitrators in Negligence Cases

**Instructions:**

Taking the combined negligence that was a substantial factor in bringing about any or all of the plaintiff's injuries, damage or losses as 100%, answer the following questions and state in percentages the causal negligence attributed to each party you have found causally negligent.

Do you find that any defendant or additional defendant was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

| | |
|---|---|
| _____ | _____ % |
| _____ | _____ % |
| _____ | _____ % |
| _____ | _____ % |

Do you find that any plaintiff was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

| | |
|---|---|
| _____ | _____ % |
| _____ | _____ % |
| _____ | _____ % |
| _____ | _____ % |
| | **Total**   100 % |

## Notice of Entry of Award

And Now, this _____ day of _____ Year _____ at _____, _____ m., the above award was entered upon the docket and notice thereof given by mail to the parties or their attorneys.

DOCKETED
ARBITRATION

JUN - 3 2015

S. PRESSLEY                    *Prothonotary*

(Arbitration compensation to be
paid on appeal $225.00)

By: _____

Separate Appeals must be filed with the Prothonotary pursuant to P.A. R. Civ. P. No. 1308, and the requisite fees paid, if two or more cases are consolidated for Trial and/or Discovery purposes. Only those cases which are appealed will be scheduled for a *de novo* hearing. Awards in cases not appealed will become final upon expiration of the appeal time.

Case I.D. 14090047

EXHIBIT "9"

KELLY & HERRON, P.C.
BY: KEVIN P. KELLY, ESQUIRE
ATTORNEY I.D. No: 28306
1500 Market Street, Suite W3110
Philadelphia, PA 19102
(215) 972-1500

Attorney for Plaintiff

RICHARD DUNCAN

        vs.

CHRIS AARON
and
SHAMEKA RENEE LAMAR

: PHILADELPHIA COUNTY
: COURT OF COMMON PLEAS
:
: SEPTEMBER TERM, 2014
:
: NO.  0479
:
:

## PRAECIPE TO ENTER JUDGMENT

TO THE PROTHONOTARY:

    Kindly enter judgment in favor of the plaintiff, Richard Duncan, and against defendants, Chris Aaron and Shameka Renee Lamar, in the amount of $28,000.00 pursuant to the Arbitration Award dated June 3, 2015 upon payment of your costs only.

    Attached hereto, made a part hereof, and marked Exhibit "A" is a copy of the Award of the Board of Arbitrators dated June, 2015.

                         KELLY & HERRON, P.C.

                         BY:____/s/_____
                         KEVIN P. KELLY, Esquire
                         Attorneys for Plaintiff

dated:  July 7, 2015



EXHIBIT "A"

Case ID: 14090047

First Judicial District of Pennsylvania
Philadelphia Court of Common Pleas

Richard Duncan, Plaintiff
118 Girard Ave., Apt. C
Glenside, PA 19038

September Term, 2014 00479
(Month) (Year) (No.)

Arbitration
(Please indicate type of action)
☑ Motor Vehicle

(Date of Accident) 11-8-12

Defendants,                    Versus

Chris Aaron | Shamcka Renee Lamar
428 Mifflin St. | 2545 W. Silver St.
Philadelphia, PA | Philadelphia, PA
19148 | 19132

☐ Delay Damages (Prime Rate +1)
Duncan Vs. Aaron Etal-AWFFP

(= 6%)
14090047900021

☐ Other

## Report and Award of Arbitrators

And Now, this 3 day of June Year 2015 we the undersigned arbitrators having been duly appointed and sworn, make the following award:

Judgement for Plaintiff and against
Defendants Chris Aaron and Shamcka Renee Lamar
in the amount of $28,000.00 ($13,000.00 for medicals
and $15,000.00 for pain and suffering).

Please name the parties if there are more than one plaintiff and/or defendant. Please address all counterclaims and cross-claims. Please complete percentage of negligence on reverse side if applicable.

_____
Chairperson

_____
Arbitrator

_____
Arbitrator

Alton B. Menders Jr., 1328 Somerset, 4th Fl., Phila, PA 710
Please Print Name, Address and I.D. No.

Ruth Pearson - 3001 S. Sydenham St. Phila PA 19145 - 256962
Please Print Name, Address and I.D. No.

Michael S. Miller Jr. PPA 19102  #310431
30 S. 15th St. 6th FL
Please Print Name, Address and I.D. No.

List Attorneys of Record and Unrepresented Parties Who:
Appeared at the hearing:

Kevin P. Kelly for Plaintiff

Did Not Appear at the Hearing:

Deft. Chris Aaron

Deft. Shamcka Renee Lamar

30-210 (Rev. 2/09)

Case ID: 14090047

# Questions to be Answered by the Arbitrators in Negligence Cases

## Instructions:

Taking the combined negligence that was a substantial factor in bringing about any or all of the plaintiff's injuries, damage or losses as 100%, answer the following questions and state in percentages the causal negligence attributed to each party you have found causally negligent.

Do you find that any defendant or additional defendant was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

_____   _____%

_____   _____%

_____   _____%

_____   _____%

Do you find that any plaintiff was negligent?
If so, state the name of the party and percentage of negligence attributable to that party.

_____   _____%

_____   _____%

_____   _____%

_____   _____%

                                        Total        100%

---

## Notice of Entry of Award

And Now, this _____ day of _____ Year _____, at _____ m., the above award was entered upon the docket and notice thereof given by mail to the parties or their attorneys.

DOCKETED
ARBITRATION

JUN - 3 2015

S. PRESSLEY                              _____
                                              Prothonotary

(Arbitration compensation to be
paid on appeal $225.00)

By: _____

_____

Separate Appeals must be filed with the Prothonotary pursuant to P.A. R. Civ.P. No. 1308, and the requisite fees paid, if two or more cases are consolidated for Trial and/or Discovery purposes. Only those cases which are appealed will be scheduled for a *de novo* hearing. Awards in cases not appealed will become final upon expiration of the appeal time.

Case ID: 140900047

EXHIBIT "10"

RICHARD DUNCAN         :     COURT OF COMMON PLEAS

    VS.               :     PHILADELPHIA COUNTY

                       :     SEPTEMBER TERM, 2014

CHRIS AARON            :
    AND              :     NO.: 0479
SHAMEKA RENEE LAMAR    :

## ASSIGNMENT

**WHEREAS**, the Plaintiff, Richard Duncan, sustained personal injuries in an October 8, 2012 motor vehicle accident,

**WHEREAS**, the motor vehicle occupied by Plaintiff, Richard Duncan was rear-ended by a vehicle operated by Defendant, Chris Aaron and owned by Defendant, Shameka Renee Lamar,

**WHEREAS**, the motor vehicle Chris Aaron was operating at the time of the accident was insured by Omni Insurance Company,

**WHEREAS**, Defendant, Shameka Renee Lamar was the named insured under a personal automobile policy issued by Omni Insurance Company,

**WHEREAS**, Plaintiff, Richard Duncan instituted suit against Defendants, Chris Aaron and Shameka Renee Lamar in connection with the injuries sustained in the October 8, 2012 motor vehicle accident,

**WHEREAS**, the tender of defense and indemnity of the lawsuit was made to Omni Insurance Company,

**WHEREAS**, Omni Insurance Company disclaimed coverage to Defendants, Chris Aaron and Shameka Renee Lamar for any claims arising out of the October 8, 2012 motor vehicle accident,

WHEREAS, Omni Insurance Company refused to provide a defense or indemnity to Defendants, Chris Aaron and Shameka Renee Lamar in the present action instituted by Plaintiff, Richard Duncan,

WHEREAS, on or about March 23, 2015 a default judgment was entered against Defendants, Chris Aaron and Shameka Renee Lamar,

WHEREAS, on June 3, 2015 an Arbitration Hearing for an Assessment of Damages was held awarding damages against Defendants, Chris Aaron and Shameka Renee Lamar in the amount of Twenty Eight Thousand ($28,000.00) Dollars,

WHEREAS, on or about July 7, 2015, judgment was entered against Defendants, Chris Aaron and Shameka Renee Lamar in the amount of $28,000.00,

WHEREAS, Defendant, Shameka Renee Lamar desires to assign her rights against Omni Insurance Company to Plaintiff, Richard Duncan in connection with the judgment entered against her in this action for good and valuable consideration as set forth more fully below, and,

WHEREAS, Plaintiff, Richard Duncan agrees to satisfy any judgment entered against Defendants, Shameka Renee Lamar and Chris Aaron after the conclusion of all claims against Omni Insurance Company.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Plaintiff, Richard Duncan and Defendant, Shameka Renee Lamar as follows:

1. <u>Assignment</u>.   The Defendant, Shameka Renee Lamar

for good and valuable consideration, as set forth more fully below, hereby assigns to the Plaintiff, Richard Duncan any and all rights, interest, claims and/or potential causes of action including, but not limited to, all contractual and extra-contractual claims, actions for common law and statutory bad faith under 42 Pa.C.S.A. §8371, a beach of fiduciary duty, breach of duty of good faith and fair dealings, punitive damages, unfair trade practice and consumer protection law, 73 P.S.§201-1 et seq., negligence, breach of contract, misrepresentation, and any other claims or causes of action of any nature whatsoever, in law or in equity, which she now has and/or may have against Omni Insurance Company, its parent company(ies) affiliates, associates, subsidiaries, agents, adjusters, employees and attorneys with respect to the disclaimer of coverage to me in the above captioned matter and any award, verdict or judgment entered against me in this lawsuit which has resulted or may hereafter result in personal liability by me to satisfy the award, verdict or judgment on the claims of the Plaintiff, Richard Duncan which could have been resolved by Omni Insurance Company if timely and appropriately responded to the demands of the Plaintiff, Richard Duncan, to resolve the matter within the available limits of liability coverage in connection with the claims for damages arising from the injuries sustained in the October 8, 2012 motor vehicle accident.

    2.   **Consideration**.  In consideration of this assignment,

the Plaintiff, Richard Duncan agrees and covenants not to initiate any collection or execution proceedings against the Defendants, Shameka Renee Lamar and Chris Aaron, as a consequence of the award and judgment entered against the Defendants.

3.   <u>Satisfaction of Judgment</u>.   In further consideration of this assignment, the Plaintiff, Richard Duncan, agrees to mark satisfied any judgment entered against the Defendants, Shameka Renee Lamar and Chris Aaron, after the conclusion of all proceedings against Omni Insurance Company, regardless of the ultimate outcome.   Any judgment shall remain in full force and effect until all proceedings against Omni Insurance Company have been resolved by final judgment or settlement.

4.   <u>Full Agreement</u>.   The terms and conditions contained in this Assignment supersede all prior oral and written understandings between the Plaintiff, Richard Duncan and the Defendant, Shameka Renee Lamar and constitutes the entire agreement among the parties relating to the payment pursuant to the agreements set forth in this Assignment as noted more fully herein.   This Assignment shall not be modified or amended except by a writing signed by all parties.   Further, this Assignment

shall be binding upon the executors, administrators, personal

representatives, heirs, successors and assigns of each.

IN THE PRESENCE OF:

Name *June Link*

Address *1800 Market St. Phila PA*

SHAMEKA RENEE LAMAR

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JUNE LINK, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 4, 2019

IN THE PRESENCE OF:

Name *June Link*

Address *800 Market St. Phila PA*

RICHARD DUNCAN (SEAL)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JUNE LINK, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 4, 2019