IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DUNCAN | : |
| | : No.16-1489-HB |
| v. | : |
| | : |
| OMNI INSURANCE COMPANY | : |

**ANSWER OF PLAINTIFF TO MOTION FOR**
**SUMMARY JUDGMENT OF DEFENDANT**

The plaintiff, Richard Duncan, by his counsel, Haggerty, Goldberg, Schleifer & Kupersmith, P.C., and Kelly and Herron, P.C., hereby responds to the Motion for Summary Judgment of the defendant, Omni Insurance Company ("Omni"), and avers as follows:

1. Admitted. By way of further answer, it is averred that any statements contained in the application are not relevant to the coverage dispute in the instant action. Omni is not seeking to avoid coverage on the basis of any statements contained in the application. In fact, under Pennsylvania law, it may not do so. Nonetheless, Omni apparently references statements in the application in an attempt to somehow make Shameka Renee Lamar look "bad" in the eyes of the Court, while seeking to unlawfully enforce its invalid exclusion.

2. Admitted. By way of further answer, it is averred that any statements contained in the application are not relevant to the coverage dispute in the instant action. Omni is not seeking to avoid coverage on the basis of any statements contained in the application. In fact, under Pennsylvania law, it may not do so. Nonetheless, Omni apparently references statements in the application in an attempt to somehow make Shameka Renee Lamar look "bad" in the eyes of the Court, while seeking to unlawfully enforce its invalid exclusion.

3. There is no Paragraph 3 in the Motion for Summary Judgment.

  4.  There is no Paragraph 4 in the Motion for Summary Judgment.

  5.  There is no Paragraph 5 in the Motion for Summary Judgment.

  6.  There is no Paragraph 6 in the Motion for Summary Judgment.

  7.  There is no Paragraph 7 in the Motion for Summary Judgment.

  8.  Admitted.  By way of further answer, it is averred that any statements contained in the application are not relevant to the coverage dispute in the instant action.  Omni is not seeking to avoid coverage on the basis of any statements contained in the application.  In fact, under Pennsylvania law, it may not do so.  Nonetheless, Omni apparently references statements in the application in an attempt to somehow make Shameka Renee Lamar look "bad" in the eyes of the Court, while seeking to unlawfully enforce its invalid exclusion.

  9.  Admitted.  By way of further answer, it is averred that any statements contained in the application are not relevant to the coverage dispute in the instant action.  Omni is not seeking to avoid coverage on the basis of any statements contained in the application.  In fact, under Pennsylvania law, it may not do so.  Nonetheless, Omni apparently references statements in the application in an attempt to somehow make Shameka Renee Lamar look "bad" in the eyes of the Court, while seeking to unlawfully enforce its invalid exclusion.

  10.  Admitted.  By way of further answer, it is averred that any statements contained in the application are not relevant to the coverage dispute in the instant action.  Omni is not seeking to avoid coverage on the basis of any statements contained in the application.  In fact, under Pennsylvania law, it may not do so.  Nonetheless, Omni apparently references statements in the application in an attempt to somehow make Shameka Renee Lamar look "bad" in the eyes of the Court, while seeking to unlawfully enforce its invalid exclusion.

11.     Admitted. By way of further answer, it is averred that any statements contained in the application are not relevant to the coverage dispute in the instant action. Omni is not seeking to avoid coverage on the basis of any statements contained in the application. In fact, under Pennsylvania law, it may not do so. Nonetheless, Omni apparently references statements in the application in an attempt to somehow make Shameka Renee Lamar look "bad" in the eyes of the Court, while seeking to unlawfully enforce its invalid exclusion.

12.     Admitted. By way of further answer, it is averred that any statements contained in the application are not relevant to the coverage dispute in the instant action. Omni is not seeking to avoid coverage on the basis of any statements contained in the application. In fact, under Pennsylvania law, it may not do so. Nonetheless, Omni apparently references statements in the application in an attempt to somehow make Shameka Renee Lamar look "bad" in the eyes of the Court, while seeking to unlawfully enforce its invalid exclusion.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted. By way of further answer, the defendant, Omni, may not seek to avoid coverage for the actions of the *owner*, rather than the operator pursuant to the unlicensed operator exclusion under Pennsylvania law.

17. (Improperly labeled as 18).   Admitted.

18. (Improperly labeled as 17).   Admitted.

19. (Improperly labeled as 18).   Denied.

20. (Improperly labeled as 19).   Admitted in part; denied in part. It is admitted that the Omni policy defines an insured as, *inter alia*, a permissive user of a covered auto provided that

the permissive user holds a valid driver's license at the time of the loss. It is further admitted that Chris Aaron a/k/a Chris Porter did not have a valid driver's license at the time of the loss. It is denied, however, however, that this is a policy exclusion. On the contrary, the language is a definitional term within the Insuring Agreement.

21. (Improperly labeled as 20). Denied. It is denied that the definition of insured referenced by the defendant, Omni, in the Insuring Agreement is an exclusion. It is further denied that the language referenced by the defendant, Omni, precludes any liability coverage for the owner, Shameka Renee Lamar.

22. (Improperly labeled as 21). Admitted in part; denied in part. It is admitted that the Omni policy defines insured as, *inter alia*, a permissive operator of the vehicle who holds a valid driver's license at the time of the loss. It is denied as a conclusion of law that this policy language is valid and enforceable. It is further denied that this policy language is applicable to the duty to provide coverage to the owner, Shameka Renee Lamar.

23. (Improperly labeled as 22). Denied. The language referenced by the defendant, Omni, is not a coverage exclusion. Instead, the language references a definitional term within the Insuring Agreement. It is further denied as a conclusion of law that this policy language is valid and enforceable. It is further denied that this policy language is applicable to the duty to provide coverage to the owner, Shameka Renee Lamar.

24. (Improperly labeled as 23). Denied. It is denied that the defendant, Omni, has no obligation to provide defense or indemnity to Shameka Renee Lamar under the policy in question. In this regard, it is noted that the defendant, Omni, is apparently relying upon Exclusion 16 in its coverage defense. The defendant, Omni, however, does not reference Exclusion 16 in its Motion for Summary Judgment but, instead, references the definitional terms

of the Insuring Agreement. Again, the defendant, Omni, seeks to divert attention from the actual issues, namely the application of the uninsured operator exclusion to the vehicle owner.

25. (Improperly labeled as 24). Denied. It is denied that the defendant, Omni, has no obligation to satisfy the Judgment entered in the underlying tort action. On the contrary, the defendant, Omni, has illegally, wantonly and willfully denied coverage to Shameka Renee Lamar in direct contravention of Pennsylvania law and public policy. As such, coverage is to be afforded; compensatory and punitive damages are to be awarded.

26. (Improperly labeled as 25). Admitted in part; denied in part. It is admitted that the defendant, Omni, denied coverage to Shameka Renee Lamar on the basis of its policy language. It is denied that the policy language is valid and enforceable when applied to the owner of the motor vehicle. It is further denied that the actions of Omni in relying upon such invalid and unenforceable policy language can be considered good faith claims handling. Somehow, Omni asserts that its attempts to enforce policy provisions cannot be considered bad faith since it is merely seeking to enforce policy provisions. Such a position is patently absurd. The defendant, Omni, wantonly, willfully and in reckless disregard of the rights of Shameka Renee Lamar refused to provide defense and indemnity in the underlying tort action.

27. (Improperly labeled as 26). Admitted in part; denied in part. It is admitted that Omni has denied coverage to Shameka Renee Lamar on the basis of its wanton, reckless and willful enforcement of an invalid policy exclusion. It is denied that the defendant, Omni, acted in good faith. On the contrary, it is denied that the actions of Omni in relying upon such invalid and unenforceable policy language can be considered good faith claims handling. Somehow, Omni asserts that its attempts to enforce policy provisions cannot be considered bad faith since it is merely seeking to enforce policy provisions. Such a position is patently absurd. The

defendant, Omni, wantonly, willfully and in reckless disregard of the rights of Shameka Renee Lamar refused to provide defense and indemnity in the underlying tort action.

28. (Improperly labeled as 27). Denied.  It is denied that the disclaimer of coverage for Shameka Renee Lamar was not frivolous or unfounded.  It is further denied that there was no dishonest purpose, breach of known duty or motive of self-interest or ill will.  On the contrary, a review of the actions of the defendant, Omni, reveal that it has acted in bad faith and is responsible for payment of compensatory and punitive damages.  By way of further answer, the existence of factual questions with respect to the motives and purpose of the defendant, Omni, in seeking to enforce the exclusion in direct contravention of Pennsylvania law and public policy may exist.  Therefore, discovery may be needed on the issue of bad faith.  Nonetheless, the plaintiff, Richard Duncan, asks that Partial Summary Judgment be entered in favor of the plaintiff, Richard Duncan, on the liability of Omni to pay the balance of the Arbitration Award as well as extra-contractual bad faith damages, i.e. interest, counsel fees, costs and punitive damages to be assessed at a later hearing.

29. (Improperly labeled as 28). Denied. It is denied that the defendant, Omni, is entitled to judgment in its favor. On the contrary, the plaintiff, Richard Duncan, respectfully requests that the Court enter Partial Summary Judgment in his favor.

Respectfully Submitted,

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY: \_\_\_\_\_JCH4113_____
JAMES C. HAGGERTY, ESQUIRE
SUZANNE TIGHE, ESQUIRE
PA Attorney I.D. # 30003; 80179
1835 Market Street, Suite 2700
Philadelphia, PA 19103
(267) 350-6600
FAX (215) 665-8197


KELLY & HERRON, P.C.

BY: /s/ Kevin P. Kelly
KEVIN P. KELLY, Esquire
PA Attorney I.D. # 28306
1500 Market Street
Centre Square – West Tower
Suite W-3110
Philadelphia, PA 19102

Attorneys for Plaintiff