IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

RICHARD DUNCAN        :
                      :  No.16-1489-HB
                      :
        v.            :
                      :
OMNI INSURANCE COMPANY :
                      :

## MEMO OF LAW IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY OF PLAINTIFF, RICHARD DUNCAN

### FACTS

**(a)  Generally**

The present action involves claims: (1) seeking payment of the $28,000.00 judgment entered in the underlying tort action; and (2) common law and statutory bad faith damages, in connection with the denial and disclaimer of liability coverage pursuant to an unlicensed operator exclusion under a personal auto policy issued by the defendant, Omni Insurance Company ("Omni"), pursuant to an unlicensed operator exclusion. The defendant, Omni, is seeking to avoid the obligation of coverage on basis of the unlicensed operator exclusion. Omni seeks to apply that exclusion, however, not to the unlicensed operator, but to the insured owner. The validity and enforceability of that exclusion, as well as the propriety of Omni's actions in relying upon that exclusion, are at issue in this case

**(b)  Policy of Insurance**

At the time of the accident there existed a policy of insurance issued by the defendant, Omni, to Shameka Renee Lamar. See Exhibit "A", Stipulation ¶ 1. The policy of insurance provides:

8

### PART A – LIABILITY COVERAGE

**INSURING AGREEMENT**

A. We will pay compensatory damages for **bodily injury** or **property damage** for which any insured becomes legally responsible because of an **auto accident.**

\*         \*         \*

B. **Insured** as used in this Part means:

2. **You**, an **insured** resident, **or any family member** for the ownership, maintenance or use of your covered auto.

3. A person using your covered auto with the owner's express or implied permission and within the scope of the permission granted. The person must hold a valid driver's license at the time of the loss and must not be a regular operator of your covered auto.

\*         \*         \*

**EXCLUSIONS**

A. We do not provide Liability Coverage for any insured.

16. For bodily injury or property damage resulting from the ownership, maintenance or use of any vehicle when driven by an individual who:

    c. Does not have a valid driver's license; or

    d. Has a suspended or rescinded driver's license.

See Exhibit "A", Stipulation ¶ 1, pp. 24-26. In this case, Omni is seeking to use this exclusion to deny coverage to the vehicle owner, not just the unlicensed operator.

9

(c)     **Statutory Provisions**

The policy of insurance in question was issued in Pennsylvania to a Pennsylvania citizen and provided coverage in accordance with Pennsylvania law. The resolution of the legal coverage issue is governed by Pennsylvania law. Section 1574 of the Pennsylvania Motor Vehicle Code provides:

> (a)     **General Rule.** – No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this Chapter or who is not licensed for the type or class of vehicle to be driven.
>
> (b)     **Penalty.** – Any person violating the provisions subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle.

75 Pa.C.S.A. § 1574. These statutory provisions impose liability on the owner, independent of the liability of the unlicensed operator. Omni may not use the unlicensed operator exclusion to deny coverage to the owner in light of the statutory mandate.

**ARGUMENT**

(a)     **Generally**

In the present case, Omni seeks summary judgment. Omni contends that the disclaimer of coverage is valid. In an effort to justify its position, Omni attempts to use legal sleight of hand, albeit somewhat clumsily, to focus attention on the exclusion in a vacuum, rather than in its application in the case at bar. The issue in this case is *not* the validity of the unlicensed operator exclusion in the abstract. At the same time, the issue is not the validity of the unlicensed operator exclusion to the unlicensed operator. Instead, the issue is the validity and enforceability of this exclusion with respect to the duty to defend and indemnify the owner of the

vehicle in light of the statutory mandate and the clear public policy of the Commonwealth. In this case, Omni is attempting to focus the attention of the Court away from the real issue, namely the validity of the exclusion when applied to the vehicle owner, not the unlicensed operator. At issue is whether Omni can seek to enforce an exclusion which, when applied in this case, is violative of Pennsylvania law and the public policy of the Commonwealth. The plaintiff, Richard Duncan, requests that the Court enter Partial Summary Judgment in his favor on this issue.

    **(b)**     <u>**Standard of Review**</u>

Summary judgment should be granted when the pleadings and evidence "show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56 (a)).). In evaluating a summary judgment motion, the court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. <u>Hugh v. Butler Cty. Family YMCA</u>, 418 F.3d 265, 267 (3d Cir. 2005). If, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine issue of material fact, summary judgment is appropriate. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) and <u>Wisniewski v. Johns—Manville Corp.</u>, 812 F.2d 81, 83 (3d Cir.1987). The unlicensed operator exclusion is in direct contravention of the requirements of: (1) the Pennsylvania Motor Vehicle Code; (2) the Pennsylvania Motor Vehicle Financial Responsibility Law; and (3) Pennsylvania public policy. Accordingly, Summary Judgment in favor of Omni is not warranted.

### (c) Methodology

In this case, Omni relies upon an exclusion to avoid coverage. In Pennsylvania, policy exclusions must be viewed in light of the goal of remediation for motor vehicle accident victims. Similarly, exclusions are to be narrowly construed. In Swarmer v. Mutual Benefit, 72 A.3d 641 (Pa. Super. 2013), the Superior Court specifically recognized this approach to policy exclusions:

> Where, as here, a defense is based on an exception or exclusion in a policy, the burden is on the insurer to establish its application. Donegal Mut. Ins. Co. v. Baumhammers, 595 Pa. 147, 938 A.2d 286, 290 (Pa. 2007); Prudential Prop. & Cas. Ins. Co. v. Sartno, 588 Pa. 205, 903 A.2d 1170 (Pa. 2006). Exclusionary clauses generally are strictly construed against the insurer and in favor of the insured. See Kropa v. Gateway Ford, 2009 PA Super 91, 974 A.2d 502 (Pa.Super. 2009) (citing Pecorara v. Erie Ins. Co., 408 Pa. Super. 153, 596 A.2d 237 (Pa.Super. 1991); Baumhammers, supra (strictly construing intentional act exclusion).

Id., 72 A.2d at 645. Further, exclusions can no longer be justified on the basis of cost control. See Williams v. GEICO, 32 A.2d 1195 (Pa. 2011). Remediation and compensation to accident victims is now of paramount importance. The unlicensed operator exclusion must be scrutinized using this methodology.

### (d) Unlicensed Operator Exclusion is Unenforceable as to Vehicle Owners

#### (1) Generally

The unlicensed operator exclusion is invalid and unenforceable as to vehicles owners. Initially, it is violative of the Motor Vehicle Code. Secondly, it is directly contrary to the dictates of the Financial Responsibility Law. Finally, the exclusion is void as against public policy. Therefore, Summary Judgment in favor of Omni is not proper. It should be denied.

  **(2)**  <u>**Motor Vehicle Code Mandate**</u>

    **(i)**  <u>**Generally**</u>

Section 1574 of the Motor Vehicle Code imposes *joint and several* liability upon a person who authorizes an unlicensed driver to operate his or her vehicle. 75 Pa.C.S.A. § 1574. Omni contends that it need not defend or indemnify the owner of the vehicle, Shameka Renee Lamar, for the individual liability imposed by statute for the damages caused by the negligence of the unlicensed operator. Omni asserts that it may ignore the mandate of the Pennsylvania Legislature and issue and enforce a policy which excludes coverage for an obligation imposed upon vehicle owners by law. Omni posits several rationales for this position; none of those reasons are legitimate.

    **(ii)**  <u>**Allegations of Complaint**</u>

Initially, Omni contends that the Complaint in the underlying tort action did not assert a claim under § 1574. This assertion is curious, at best. Section 1574(a) states that no person shall permit an unlicensed driver to operate his or her motor vehicle. Section 1574(b) provides that a person doing so shall be *jointly and severally* liable with the driver for any damages caused by unlicensed driver's negligence. The Complaint specifically states that the named insured, Shameka Renee Lamar, was negligent and careless in granting permission to Chris Aaron a/k/a Chris Porter to operate her vehicle when she knew that Chris Aaron a/k/a Chris Porter was an unlicensed driver. See Exhibit "A", Stipulation, ¶ 5. The Complaint specifically asserts a claim against the named insured, Shameka Renee Lamar, for her actions in granting permission to an unlicensed driver to operate her vehicle. Omni contends that this is not a claim under § 1574

13

since § 1574 imposes vicarious liability, alone. These contentions are without basis in law or in fact.

In this matter, Omni contends that § 1574 imposes liability on a vicarious basis, alone. In support of this position, Omni relies upon the decision of the Superior Court in Terwilliger v. Kitchen, 781 A.2d 1201 (Pa. Super. 2001). The statements in Terwilliger are mere dicta. Further, the panel of the Superior Court ignores the specific language of the statute. The statute specifically states that an owner of a vehicle who permits an unlicensed operator to use it is ***jointly and severally*** liable with the operator for damages arising from the negligent operation of the vehicle. Certainly, the liability imposed by § 1574 is premised upon the actions of the unlicensed operator. However, the liability imposed by § 1574 is not just vicarious. Liability is joint and several. The Statutory Construction Act provides that the words of a statute may not be ignored. 1 Pa.C.S.A. § 1925. The statute imposes ***joint and several*** liability. The Complaint seeks recovery of damages for actions of the owner which directly violate § 1574. Nonetheless, Omni is attempting to argue that § 1574 is not implicated. The position of Omni makes no sense legally.[1]

Omni contends that since the Complaint in the tort action does not assert a § 1574 claim, then there can be no legal impediment to excluding coverage for the actions of the operator. This reasoning is flawed. Under Omni's rationale, § 1574 does not apply to the actions of the owner. Therefore, according to Omni's twisted logic, there is no statutory mandate, nor any public policy, which the exclusion violates. Thus, it must be enforceable. Such an argument deserves

---

[1] In addition, Omni cites the decision of Judge Buckwalter in Estate of O'Loughlin v. Hunger, 2009 U.S. Dist. LEXIS 33711 (E.D. Pa. 2009) in further support of its position. While it is acknowledged that Judge Buckwalter, in a footnote, does favorably cite the misguided holding of Terwillinger, the approval is mere dicta and has nothing to do with the outcome of the case.

14

little consideration. It defies common sense. Omni's clumsy attempts to justify its bad faith actions should be dismissed.

### (iii) Liability Under § 1574

Omni also contends that even if the language of the Complaint implicates the statutory mandate, the unlicensed driver exclusion does not violate § 1574 of the Vehicle Code. In making this contention, Omni states that § 1574 "does not specify that an insurer must provide coverage when an insured vehicle is driven by an unlicensed driver." Certainly, this is true; however, but of what moment is such a pronouncement? The Pennsylvania Legislature has seen fit to impose direct *joint and several* liability upon an owner of a vehicle who allows an unlicensed operator to operate his or her vehicle which then negligently injures another. Obviously, the Legislature understood that an insurer could reasonably refuse to provide coverage for the unlicensed operator. Such a position by an insurer is not unreasonable. However, the Legislature recognized that insurance coverage could, and should, be available to the owner of the vehicle who allows the unlicensed operation.

Pennsylvania law requires owners of currently registered vehicles to provide financial responsibility, namely, insurance coverage. Therefore, in order to protect the public at large, the Legislature imposes liability upon the owner of a vehicle in this situation, on a *joint and several* basis. The goal of the Legislature is protection of the public and compensation of accident victims. It makes sense that the unlicensed driver may have no coverage. But the owner who allows the unlicensed operation, and who has coverage, becomes liable for the injuries. Imposing liability upon the owner of the vehicle without the implicit understanding that the owner has available insurance coverage renders the enactment of § 1574 by the Legislature a meaningless gesture. The Legislature enacted § 1574 in order to ensure that persons injured by

the negligence of an unlicensed driver still have access to redress where the unlicensed operator is using the vehicle with the knowing permission of the owner. Availability of insurance is a necessary prerequisite of this statutory scheme.

In this case, the plaintiff, Richard Duncan, is not challenging the disclaimer of coverage by Omni to the unlicensed operator. Instead, the plaintiff, Richard Duncan, is challenging the positon of Omni with respect to the disclaimer of coverage to the named insured owner. Omni did not understand, or chose to ignore, its coverage obligations to the owner of the vehicle when suit was filed; Omni does not appear to understand, or chose to ignore, its coverage obligations, now. Pennsylvania law imposes ***joint and several*** liability upon the owner, Shameka Renee Lamar, in this case. Omni is required to provide coverage to the owner, Shameka Renee Lamar, in this case. While Omni may disclaim coverage to the unlicensed operator, it may not do so for the owner. The exclusion may not be validly applied to the owner of the vehicle. The unlicensed operator exclusion is void as against public policy in this circumstance. Richard Duncan is entitled to compensatory and punitive relief.

          **(3)**    **Financial Responsibility Law Mandate**

The unlicensed operator exclusion, when applied to the vehicle owner, is further violative of the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 101 et seq. Section 1786(a) Motor Vehicle Financial Responsibility Law requires mandatory liability coverage. In this regard, 1786 (a) provides:

> **(a)**     **General rule.**—Every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility.

75 Pa. C.S.A. § 1786(a). Section 1786(f) of the Motor Vehicle Financial Responsibility Law requires the extension of mandatory liability coverage to permissive drivers. In this regard, § 1786(f) provides:

16

> **(f) Operation of motor vehicle without required financial responsibility.--** Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle **or** permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter.

75 Pa.C.S.A. § 1786(f)   The Pennsylvania Superior Court has held that §1786 implicitly directs that all permissive users be insured under the owner's policy, stating:

> Admittedly, the MVFRL continues not to include specific language directing that all permissive users of a vehicle be insured under the owner's insurance. ***However, we find the changes to § 1786 implicitly direct that such coverage be provided.***

Progressive N. Ins. Co. v. Universal Underwriters Ins. Co., 898 A.2d 1116, 1119 (Pa. Super. 2006), appeal denied, 909 A.2d 1290 (Pa. 2006) (Emphasis added).  Courts of this circuit have recognized and applied this required extension of mandatory liability coverage.  In Allstate v. Tokio Marine & Nichido Fire Ins. Co., 464 F. Supp. 2d 452 (E.D. Pa. 2006) this Court noted:

> . . . the MVFRL requires that all other vehicle owners maintain active financial responsibility on their vehicles at all times and that all permissive users of a vehicle be insured under the owner's insurance.

Id at 460-461, citing, Progressive N. Ins. Co. v. Universal Underwriters Ins. Co., 898 A.2d 1116 (Pa. Super. 2006).  The unlicensed operator exclusion cannot be applied to vehicle owners, thereby frustrating that mandate.

The Financial Responsibility Law requires that owners of vehicles provide financial responsibility.  The Law defines financial responsibility, in pertinent part, as follows:

> The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident . . .

17

75 Pa. C.S.A. § 1702. The unlicensed operator exclusion is, when applied to vehicle owners, violative of the explicit provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law. The unlicensed operator exclusion in that situation impermissibly eliminates coverage in violation of the Pennsylvania Motor Vehicle Financial Responsibility Law §§ 1786(a), 1786(f) and 1702. The unlicensed operator exclusion, when applied to vehicle owners, is in conflict with and repugnant to explicit statutory provisions of the Financial Responsibility Law. As such, it is avoid and unenforceable in this case.

### (4) Public Policy

The unlicensed operator exclusion, when applied to vehicle owners, is also violative of public policy. The public policy in Pennsylvania favors the deterrence of uninsured drivers and compensation of motor vehicle accident victims. It is in the interest of the public good to have insurance coverage available to persons injured in accidents in Pennsylvania. In Allen v. Erie, 534 A.2d 839 (Pa. Super. 1987) the Court stated:

> In passing the [MVFRL], the Legislature was primarily concerned with the rising consumer cost of automobile insurance, created in part by the substantial number of uninsured motorists who contributed nothing to the pool of insurance funds from which claims were paid. The [MVFRL] has the effect of requiring all owners of registered vehicles to share in the burden of insurance before they can obtain the benefits. By denying benefits to a certain class of people -- those not insuring their registered vehicles -- the [MVFRL] encourages the purchase of insurance by all owners who register vehicles which can be legally operated on the highways.

Allen v. Erie, 534 A.2d at 840-41. See also Windrim v. Nationwide, 641 A.2d 1154 (Pa. 1994).[2] The enactments of the Legislature are the embodiment of public policy. Erie v. Baker, 972 A.2d

---

[2] As noted herein, the goal of cost containment as the overriding purpose of the Law has since been abandoned by the Court. Remediation is of paramount importance.

507, 511 fn. 7. The unlicensed operator exclusion when applied to vehicles owners, violates public policy and cannot be enforced. Omni cannot use the exclusion to illegally restrict coverage. To do so is bad faith.

### (e) Omni Acted in Bad Faith

In the case at bar, Omni also contends that it has not acted in bad faith. Essentially, Omni asserts that since it was merely attempting to enforce an exclusion in its policy, it cannot be held to have acted in bad faith. Under Omni's rationale, any attempt to enforce a written exclusion, however outrageous, is a good faith effort. Under Omni's rationale, an insurer could never be found to be in bad faith regardless of the extreme nature of its exclusions. In this case, Omni's wanton and reckless disregard of the rights of its insured, in denying coverage, warrant the imposition of bad faith damages.

It cannot reasonably be asserted that the use of the unlicensed operator exclusion to deny coverage to a licensed owner is good faith. Omni contends that since the exclusion is in its policy, any effort to enforce it is good faith. Consider the following analogy. At one time, various rental car companies included a "violation of law" exclusion in their rental agreements. Ignoring the rules of the road is a violation of law. There is no question that it is against public policy for a rental company or an insurer to exclude coverage for violations of the Motor Vehicle Code. An insurance policy or rental agreement containing such an exclusion would necessarily be violative of public policy. The Motor Vehicle Law requires that all operators of vehicles obey traffic signals and stop signs. A person who ignores a red traffic signal or stop sign violate Pennsylvania law. If a policy of insurance excluded coverage for persons who violated Pennsylvania law then, according to Omni, no coverage would exist for the person running the red light and causing an accident. Further, according to Omni, any such denial of coverage

19

would be in good faith. According to Omni, the mere inclusion of exclusionary language in the policy, no matter how outrageous, renders the attempted enforcement of the exclusion a good faith effort. Such bizarre reasoning should not be entertained. The application of the exclusion to the vehicle owner, Shameka Renee Lamar, is bad faith.

Section 1574 of the Motor Vehicle Code is well established. The mandate of public policy is clear. Despite the specific language of Pennsylvania law, Omni specifically wrote and seeks to enforce a policy which excludes coverage where Pennsylvania law specifically imposes liability. The actions of Omni are no different than seeking to enforce a "violation of law" exclusion. Omni is recklessly disclaiming coverage, in direct violation of Pennsylvania law, to the detriment of its insured. Omni is wantonly overreaching. If Omni sought only to apply the exclusion to the actions of the unlicensed operator, then arguably its actions would be valid and enforceable. However, that is not the case here. Omni is seeking to apply the exclusion to the actions of the owner. It is the public policy of Pennsylvania to have only licensed operators on its highways. For this reason, the Legislature imposes *joint and several* liability upon owners who allow unlicensed drivers who negligently operate their vehicles. The Pennsylvania Legislature directed that owners who permit unlicensed drivers to operate vehicles are *jointly and severally* liable for the damages caused by the negligent unlicensed operation of those vehicles. The mandate of the Pennsylvania Legislature is clear. Omni is grossly overreaching an attempt to expand the unlicensed driver exclusion to situations where the exclusion has no legitimate application. The application of the unlicensed operator exclusion to the owner, rather than the operator, of the vehicle is bad faith. As such, the plaintiff, Richard Duncan, is entitled to Partial Summary Judgment on the bad faith issues.[3]

---

[3] At a minimum, questions of fact exist with respect to bad faith. If this is the situation, then discovery is needed with respect to the reasons and purpose of Omni in expanding the exclusion beyond its normal and expected

20

## CONCLUSION

In the present case, the defendant, Omni, has disclaimed coverage in a blatant attempt to improve its own profitability while recklessly disregarding the rights of its own named insured and motor vehicle accident victims. In so doing, Omni is attempting to divert attention away from the real issue in this case, namely the provision of insurance coverage to the owner, not the unlicensed operator of the vehicle. In the present matter, Omni is seeking to expand the application of the unlicensed operator exclusion to a degree never contemplated by the Legislature. The Pennsylvania Legislature enacted § 1575 which specifically imposes *joint and several* liability for the negligence of an unlicensed operator where the owner of a vehicle allows an unlicensed driver to operate his or her vehicle. The intent of the statutory enactment is clear. The Legislature and public policy favor the operation of vehicles on the highways in the Commonwealth by licensed operators. These same considerations favor remediation and compensation to persons who suffer damage as a result of the actions of a negligent, unlicensed operator. By imposing joint and several liability on the owners of such vehicles, which are required to be insured, the Legislature has implicitly recognized that the owner's exposure is to be insured. Allowing insurers, such as Omni, to disclaim coverage to the vehicle owner undermines the purpose and intent of § 1574 as well as the public policy of the Commonwealth. The application of the exclusion to the vehicle owner wantonly and recklessly disregards the owner's rights. Omni is required to provide coverage to the vehicle owner, Shameka Renee Lamar. The entire Arbitration Award should be paid. Further, Omni is responsible for payment

---

application. Discovery may very well reveal that Omni is attempting to enforce the exclusion merely to enhance its own profitability, at the expense of its insureds.

21

of extra-contractual bad faith damages for its wanton, willful and reckless disregard of Pennsylvania law and the rights of its insured.[4]   Therefore, Partial Summary Judgment is respectfully requested.

                Respectfully Submitted,

                HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.

BY:       JCH4113
      JAMES C. HAGGERTY, ESQUIRE
      SUZANNE TIGHE, ESQUIRE
      PA Attorney I.D. # 30003; 80179
      1835 Market Street, Suite 2700
      Philadelphia, PA  19103
      (267) 350-6600
      FAX (215) 665-8197


      KELLY & HERRON, P.C.

BY:  /s/ Kevin P. Kelly
      KEVIN P. KELLY, Esquire
      PA Attorney I.D. # 28306
      1500 Market Street
      Centre Square – West Tower
      Suite W-3110
      Philadelphia, PA  19102

      Attorneys for Plaintiff

---

[4] See note 2, supra.