IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD DUNCAN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2016-cv- 1489 |
| | : | |
| OMNI INSURANCE COMPANY | : | |
| | : | |
| | : | |
| Defendant | : | |

**OMNI INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

The parties, Plaintiff Richard Duncan ("Plaintiff") and Defendant Omni Insurance Company ("Defendant" or "Omni") have filed cross-motions for summary judgment. Plaintiff filed his brief in support of his motion, and filed a second brief captioned "Reply Memorandum in Support of [Plaintiff's] Motion for Partial Summary Judgment." Omni now files its own second brief to reply to three aspects of Plaintiff's second brief. In all other respects, Omni rests upon its principal brief.

**I.     REPLY ARGUMENT**

**(1)     Plaintiff's Section 1574 argument fails: Section 1574 does not mandate insurance, and shifting Section 1574 liability from owners to insurers would violate the purpose of Section 1574**

Plaintiff's first response argument is that his Complaint must be read as stating a claim under Section 1574. Plaintiff bases this argument on the fact that the Complaint alleges negligent entrustment, *i.e.*, that owner Shameka Renee Lamar negligently entrusted her vehicle to driver Chris Aaron a/k/a Chris Porter, knowing that he was unlicensed. *See* Plaintiff's response brief at 2, quoting the Stipulation and paragraph 5 of the Complaint. Plaintiff then argues that because

Section 1574 imposes <u>liability</u> on owners, that section must also be interpreted as mandating <u>insurance coverage</u> for owners. Plaintiff's argument that "negligent entrustment = Section 1574 liability = insurance" fails.

First, common law negligent entrustment is <u>not</u> the same as a statutory claim under Section 1574. Plaintiff's complaint specifically alleges negligent entrustment, *i.e.,* that "the named insured, Shameka Renee Lamar, was negligent and careless in granting permission to Chris Aaron a/k/a Chris Porter to operate her vehicle when she knew that Chris Aaron a/k/a Chris Porter was an unlicensed driver." *See* Plaintiff's second brief at 2. That is a negligent entrustment claim. *See, e.g., Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Super. 1998) ("Under a theory of negligent entrustment, liability is imposed upon a defendant because of his or her own actions in relation to the instrumentality or activity under his or her control. The entrustor's liability is not dependent on, derivative of, or imputed from the entrustee's actual liability for damages.").

This distinction is important, because liability under section 1574 does not require negligence—or even knowledge—on the part of the owner. Thus, liability under section 1574 is potentially much broader than common law liability for negligently entrusting a vehicle to an unlicensed driver.[1]

If Plaintiff's argument were accepted (*i.e.*, that the Legislature intended that insurance must go hand-in-hand with vicarious liability under Section 1574), it would create inconsistency between Section 1574 and the financial responsibility requirements of the MVFRL. It would

---

[1] At common law, "[e]ven entrusting a vehicle to an unlicensed driver is not itself negligent entrustment. In the case of *Chamberlain v. Riddle*, 155 Pa. Super. 507, 38 A.2d 521 (1944), our Superior Court held that mere proof that a vehicle is given to an unlicensed driver does not establish negligent entrustment. Additional circumstances indicating that the driver is incompetent to drive are necessary in order to submit the issue to the jury." *Maxwell v. Enterprise Leasing Company*, 4 Pa. D. & C. 4th 497, 504, n.4 (C.P. Delaware 1989).

mean that the Legislature somehow mandated more and broader liability insurance coverage under Section 1574 than what the Legislature <u>actually requires</u> in defining "financial responsibility" under the Section 1786(a) ("Required financial responsibility") and Section 1702 ("Definitions").

Plaintiff's argument is contrary to principles of statutory construction.  First, the words of the statute do not mention insurance. *See* 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Second, Plaintiff's argument is would create inconsistency regarding required financial responsibility. *See id.* § 1921 (a) (the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly, and "Every statute shall be construed, if possible, to give effect to all its provisions."); *id.* §§ 1922 (1) ("[T]he General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."); (2) ("[T]he General Assembly intends the entire statute to be effective and certain").  Third, if there were any inconsistency between Section 1574 and the MVFRL (which Omni denies), the MVFRL—as the later-enacted statute—would control.  *See id.* § 1936 ("Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail."). Finally, Plaintiff's argument is contrary to the legislative intent as determined from the language of the statute: to discourage owners from allowing unlicensed operators to drive by punishing the owners with vicarious liability for the unlicensed operators' actions.  If the owners could simply shift that penalty to insurance carriers, the statutory punishment would become non-existent.

In his second brief, Plaintiff asks this Court to disregard *Terwilliger v. Kitchen*, 781 A.2d 1201 (Pa. Super. 2001), which Plaintiff dismisses as "misguided" and as "mere dicta." *See* Plaintiff's Reply brief at p. 3. The *Terwilliger* case, which explains that Section 1574 liability is

vicarious, was decided fifteen (15) years ago. The Legislature has taken no action in those fifteen years to alter or amend the language of Section 1574.[2] Moreover, other Pennsylvania courts have expressly relied on *Terwilliger* in specifically holding that Section 1574 liability on owners is <u>vicarious</u>, even where that completely bars the claimant from recovery. *See, e.g.*, *Price v. Liebfried*, 34 A.3d 1279 (Pa. Super. 2011), *appeal denied*, 49 A.3d 444 (Pa. 2012). In *Price*, the Superior Court held that an owner/passenger was barred from recovering damages from unlicensed driver, because owner/passenger was vicariously liable for unlicensed driver's negligence:

> [A]s a matter of law, [owner] violated section 1574(a) of the Vehicle Code, and, therefore, she is vicariously liable for [driver's] negligence. *See Terwilliger v. Kitchen, supra*. As one vicariously liable for [driver's] actions, she cannot recover damages from him. The trial court properly granted summary judgment in [driver's] favor.

*Price v. Liebfried*, 34 A.3d at 1280. *See also O'Loughlin v. Hunger*, 2009 U.S. Dist. LEXIS 33711 (E.D. Pa. 2009) (cited in Omni's principal brief).

**(2)     This Court may, and should, look to the relevant decisions of the Pennsylvania Superior Court**

Omni cited the Superior Court's recent decision in *Byoung Suk An v. Victoria Fire and Cas. Co.*, 113 A.2d 1283 (Pa. Super. 2015), in which the Superior Court upheld a "named driver only" policy, which provided liability coverage <u>only</u> when a specific named insured was driving the vehicle. Omni pointed out that the limitation upheld in the *An v. Victoria* case was much more restrictive than the one at issue here. In response, Plaintiff argues that *An v. Victoria* is "misguided," and that as a decision of the Superior Court, it is not binding. *See* Plaintiff's Reply brief at p. 6 and fn. 1.

---

[2] The *Terwilliger* case was the second intermediate appellate court to reach that result. The Commonwealth Court reached the same result in *Commonwealth of Pa., Dept. of Public Welfare v. Hickey*, 582 A.2d 734, 737 (Pa. Cmwlth. 1990), cited in Omni's principal brief at 9.

In applying state law in a diversity case, a federal court's task is to predict how the highest court of the state would apply the law. *Paolella v. Browning-Ferris, Inc.*, 158 F.3d 183, 189 (3d Cir. 1998) ("When the state's highest court has not addressed the precise question presented, a federal court must predict how the state's highest court would resolve the issue."). "Absent a definitive statement of the applicable law by the state's highest court, a district court may also consider the decisions of state intermediate appellate courts in order to facilitate its prediction." *Paolella*, 158 F.3d at 189. In making that prediction, "we must consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004). Importantly, "the decision of an <u>intermediate state court is . . . not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise</u>." *Id*. (emphasis supplied).

There is no basis here to disregard the Superior Court's decision in *An v. Victoria* (or *Terwilliger*, or the Commonwealth Court's decision in *Commonwealth v. Hickey,* both discussed above). Those cases may, and should, inform this Court's decision. Omni's unambiguous policy language is not contrary to any "clearly expressed public policy," and the policy language should be enforced.

### (3)  Plaintiff's "bad faith" argument actually undercuts his position

Plaintiff's reply brief fails to cite a single case in support of his "bad faith" claim. Plaintiff merely repeats (almost verbatim) his earlier arguments, including his "red light" argument (that if

6

carriers cannot exclude coverage for running a red light, they should not be allowed to exclude unlicensed drivers). *See* Plaintiff's second brief, pp. 8-10.[3]

Curiously, Plaintiff then reverses position, conceding that the exclusion <u>is</u> enforceable against unlicensed drivers: "If Omni sought only to apply the exclusion to the actions of the unlicensed operator, then arguably its actions would be valid and enforceable." *Id*. at 9. In other words, Plaintiff argues that Omni should have applied the same exclusion language differently to different parties seeking coverage, even though the policy language applies to both. Plaintiff's argument is the one that sounds like "bad faith."

The fact that Plaintiff himself is inconsistent on enforcing the exclusion further illustrates that there is no "bad faith" here. Omni's policy language is clear, and Omni's position has always been explicitly stated and directed related to that language. Plaintiff is attempting to manufacture a distinction that does not exist in the policy.

Omni's actual enforcement of its policy exactly as written was certainly a reasonable basis for Omni's decision (especially where Pennsylvania courts uphold significantly broader exclusions such as that in *Victoria*, *supra*). "A reasonable basis is all that is required to defeat a claim of bad faith." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004), *citing Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 307 (3d Cir. 1995); *Post v. St. Paul Travelers Ins. Co*., 691 F.3d 500 (3d Cir. 2012) (exclusion provided reasonable basis to deny coverage).

---

[3] Omni answered this argument in Omni's principal brief at pp. 10-11, explaining that carriers may not purport to provide insurance for injuries, but then exclude coverage for injury-producing conduct. Carriers may, however, exclude certain drivers from coverage.

7

## II.    CONCLUSION

For the reasons set forth herein, and in Omni's principal brief, Plaintiff Duncan's motion for partial summary judgment should be denied, and Omni's motion for summary judgment should be granted.

                          Respectfully submitted:

                          **MARSHALL DENNEHEY WARNER**
                          **COLEMAN & GOGGIN**

                          BY:     */s/ Teresa F. Sachs*
                                  R. BRUCE MORRISON, ESQUIRE
                                  TERESA FICKEN SACHS, ESQUIRE
                                  PA Attorney I.D. Nos. 34797/41136
                                  2000 Market Street, Suite 2300
                                  Philadelphia, PA 19103
                                  215-575-2600/ 215-575-0856 (F)
                                  rbmorrison@mdwcg.com
                                  tfsachs@mdwcg.com
                                  *Attorneys for Defendant*

Dated:  August 11, 2016

## CERTIFICATE OF SERVICE

I, R. Bruce Morrison, Esquire, attorney for Defendant, hereby certify that a true and correct copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion for Summary Judgment, was served upon the following parties via electronic court filing system, on the below date:

Kevin P. Kelly, Esquire
KELLY & HERRON, P.C.
1500 Market Street
Centre Square – West Tower
Suite W-3110
Philadelphia, PA 19102
*Attorney for Plaintiff*

James C. Haggerty, Esquire
HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
1835 Market Street, Suite 2700
Philadelphia, PA 19103
*Attorney for Plaintiff*

/s/ Teresa F. Sachs

Dated: August 11, 2016