IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

RICHARD DUNCAN  :
: No.16-1489-HB
:
v. :
:
OMNI INSURANCE COMPANY :
:

## MOTION FOR RECONSIDERATION

1. The present action seeks recovery of contractual and extra-contractual damages in connection with claims arising from an October 8, 2012 motor vehicle accident.

2. In the present matter, the Court has granted summary judgment in favor of the defendant, Omni Insurance Company ("Omni").

3. The plaintiff, Richard Duncan, respectfully seeks reconsideration of the decision of the Court.

4. The Memorandum Opinion of the Court fails to fully consider the actual issue in the case, namely, the validity of the disclaimer of coverage to the licensed *owner* of the vehicle rather than the validity of the disclaimer to the unlicensed *operator* of the vehicle.

5. Initially, the Court misperceives certain of the basic facts.

6. Specifically, in the Memorandum Opinion the Court states:

Following the entry of Judgment on the Arbitration Award, Lamar and Aaron assigned all claims and rights to Duncan against Omni. In satisfaction of the assignment, Duncan agreed not to collect or execute against Lamar and Aaron, and he agreed to mark the judgment against Lamar and Aaron satisfied upon the conclusion of proceedings against Omni.

Memorandum Opinion, p. 2.

7. In this case, the plaintiff, Richard Duncan, did not receive any assignment of the Judgment in the tort action against the unlicensed *operator*, Aaron.

1

8. In this case, the plaintiff, Richard Duncan, did not agree to collect or execute the Judgment in the tort action against the unlicensed *operator*, Aaron.

9. In addition, it is believed that the Court misperceived the legal issue in dispute.

10. In its decision, the Court focuses upon the validity of the disclaimer of coverage to the unlicensed *operator* of the vehicle rather than the licensed *owner* of the vehicle.

11. In focusing upon the validity of the disclaimer of coverage to the unlicensed *operator* of the vehicle rather than to the licensed *owner*, the Court stated:

> Duncan avers that the exclusion contradicts the public policy of deterring unlicensed drivers from operating vehicles. We do not understand how insuring unlicensed drivers will keep them off the road. If anything, the contrary seems more likely.

Memorandum Opinion, p. 11.

12. Further, the Court in its Memorandum Opinion goes on to state:

> We acknowledge a public policy of extending insurance coverage to all licensed drivers. However, it does not extend to unlicensed drivers. The MVFRL mandates certain benefits that must be excluded from coverage under § 1718, as well as certain benefits that cannot be excluded from coverage under § 1724. This public policy, as expressed by the General Assembly, does not require automobile insurance coverage for personal injuries in all situations. The MVFRL is silent with respect to insurance coverage for unlicensed drivers.

Memorandum Opinion, p. 11 (footnote omitted).

13. The issue in the case at bar is not the validity of the disclaimer of coverage to the unlicensed *operator*; rather, the issue in the present case is the validity of the disclaimer of coverage to the licensed *owner* of the vehicle for allowing an unlicensed *operator* to use her car in direct contravention of Pennsylvania law.

14. The Court, in its Memorandum Opinion, focuses upon the validity of the disclaimer of coverage to unlicensed *operators*, rather than the actual issue, namely, the validity of the disclaimer of coverage to the named insured licensed *owner* who permitted an unlicensed *operator* to use her car in direct violation of Pennsylvania law.

15. The Court wrongly entered Summary Judgment in favor of the defendant, Omni, thereby finding the disclaimer of coverage to the licensed *operator* to be valid.[1]

16. The plaintiff, Richard Duncan, respectfully requests that the September 28, 2016 Order and Judgment be vacated and that the Decision be reconsidered so that the actual issues in the case can be addressed and properly analyzed by the Court.

WHEREFORE, the plaintiff, Richard Duncan, respectfully requests that reconsideration be granted and, pending that reconsideration, the September 28, 2016 Order and Judgment be vacated.

Respectfully Submitted,

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY:     _JCH4113_____
JAMES C. HAGGERTY, ESQUIRE
SUZANNE TIGHE, ESQUIRE
PA Attorney I.D. # 30003; 80179
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197

KELLY & HERRON, P.C.

BY:  _/s/ Kevin P. Kelly_____
KEVIN P. KELLY, Esquire
PA Attorney I.D. # 28306
1500 Market Street
Centre Square – West Tower
Suite W-3110
Philadelphia, PA  19102

Attorneys for Plaintiff

---

[1] Interestingly, under the Court's rationale, the Legislature has specifically created a remedy which the Insurance Department has effectively rendered a nullity by approving an exclusion making the remedy meaningless.