IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

RICHARD DUCAN                         :
                                                             : No.16-1489-HB

v.                                    :

OMNI INSURANCE COMPANY                :

## MEMORANDUM OF LAW

The present action seeks contractual and extra-contractual damages from the defendant, Omni, in connection with claims arising from an October 8, 2012 motor vehicle accident. At issue is the validity of the disclaimer of coverage by the defendant, Omni, to the licensed *owner* of the motor vehicle involved in the collision. At the time of the accident, the licensed *owner*, Shameka Renee Lamar, had allowed an unlicensed *operator*, Chris Aaron a/k/a Chris Porter, to driver her car. The Pennsylvania Legislature has imposed direct liability upon vehicle owners for such actions. See 75 Pa.C.S.A. § 1574. The plaintiff, Richard Duncan, obtained Judgment against the licensed *owner* of the vehicle under that statute. The defendant, Omni, refused to satisfy that Judgment. A question exists as to the validity of the disclaimer of coverage to the licensed *owner*, particularly where the Legislature has specifically created a cause of action in this situation.[2]

In this case, the Court, in its Memorandum Opinion, focuses upon the provision of coverage to the unlicensed *operator*. The plaintiff, Richard Duncan, contrary to the statements of the Court, is not seeking to enforce any Judgment against the unlicensed *operator*. No

---

[2] See note 1, supra.

4

assignment was obtained from the unlicensed *operator*. No agreement was reached with the unlicensed *operator* not to execute on the Judgment. Instead, the plaintiff, Richard Duncan, is seeking to pursue claims against the licensed *owner* for the liability imposed by Pennsylvania law. The Court focused its analysis on the wrong issue.

In its Opinion, the Court focuses upon the validity of the disclaimer of coverage to the unlicensed *operator*. In so doing, the Court appears to miss the point. The issue is not whether any insurer may disclaim coverage for the negligence of an unlicensed *operator*. The issue in this case is whether a carrier may disclaim coverage to a licensed *owner* for the liability specifically imposed by Pennsylvania law where the licensed owner allows an unlicensed *operator* to drive his or her insured vehicle. This is a material difference. In its Opinion, the Court does not focus upon this issue.[3]

In the Memorandum Opinion, the Court cogently addresses the reasons why coverage need not be extended to an unlicensed *operator* under Pennsylvania law. The plaintiff, Richard Duncan, does not challenge these conclusions. The Court properly concludes that an insurer may disclaim coverage to an unlicensed *operator*; however, the decision of the Court does not address how this rationale supports the disclaimer of coverage to the licensed *owner*.

In this matter, the plaintiff, Richard Duncan, respectfully requests that the Court grant reconsideration of its decision. In this regard, it is respectfully requested that the Order and Judgment be vacated pending this reconsideration. The plaintiff, Richard Duncan, respectfully suggests that the true issue in this case, namely, the validity of the disclaimer of coverage to a licensed *owner* has not been addressed. While the Court has properly concluded that an insurer

---

[3] The Courts' ruling envisions a system where the Insurance Department, by approving the exclusion, effectively eliminates the remedy which the Legislature sought to create.

may disclaim coverage to an unlicensed *operator*, the same rationale does not support the disclaimer of coverage to a licensed *owner*, particularly where liability is directly imposed under Pennsylvania law. Accordingly, reconsideration of the Order and Judgment is respectfully requested.

        Respectfully Submitted,
        HAGGERTY, GOLDBERG, SCHLEIFER
        & KUPERSMITH, P.C.

BY:     JCH4113
        JAMES C. HAGGERTY, ESQUIRE
        SUZANNE TIGHE, ESQUIRE
        PA Attorney I.D. # 30003; 80179
        1835 Market Street, Suite 2700
        Philadelphia, PA 19103
        (267) 350-6600
        FAX (215) 665-8197


        KELLY & HERRON, P.C.


BY:   /s/ Kevin P. Kelly
        KEVIN P. KELLY, Esquire
        PA Attorney I.D. # 28306
        1500 Market Street
        Centre Square – West Tower
        Suite W-3110
        Philadelphia, PA 19102

Attorneys for Plaintiff