```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RICHARD DUNCAN | : | CIVIL ACTION |
| v. | : | |
| OMNI INSURANCE COMPANY | : | NO. 16-1489 |

ORDER

AND NOW, this 4th day of October, 2016, for the reasons set forth below, it is hereby ORDERED that the motion of plaintiff Richard Duncan for reconsideration (Doc. # 24) is DENIED.

_____

The plaintiff Richard Duncan seeks reconsideration of our Order dated September 28th, 2016 denying Duncan's motion for partial summary judgment, and granting Defendant Omni Insurance Company's motion for summary judgment.  Duncan does not cite any law on the standard for reconsideration in his brief accompanying his motion for reconsideration.[1]

_____

1. In Max's Seafood Cafe, our Court of Appeals has set forth the standard for reconsideration:

> A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening challenge in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

See Max's Seafood Cafe, 176 F.3d 667, 669 (3d Cir. 1999).

Duncan contends that the court improperly focused on the insurance policy exclusion's disclaimer of coverage for the vehicle operator.  He urges that the court should instead focus on the exclusion's disclaimer of coverage for the vehicle owner, and thus find the exclusion invalid.  He is incorrect and misses the point.  The court held the exclusion to be valid.  Thus neither the owner of the vehicle, nor the driver, nor the injured party can claim the benefit of insurance coverage where, as here, the driver is unlicensed.

The exclusion in the policy is valid and does not violate the public policy of Pennsylvania.[2]  Accordingly, the motion of Duncan for reconsideration is being denied.

BY THE COURT:

/s/ Harvey Bartle III
                     J.

---

2. Duncan notes that the court incorrectly stated that following the entry of Judgment on the Arbitration Award, both Shameka Renee Lamar, the owner of the vehicle, and Chris Aaron, the unlicensed driver, assigned all claims and rights to Duncan.  Lamar did so, but Aaron did not.  This fact, however, is immaterial to the validity of the exclusion or the court's analysis.